**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **S.J., as Parent, Conservator, and Next Friend of N.J.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **PERRYTON INDEPENDENT SCHOOL DISTRICT, and** | § § § | **CASE NO. 2:24-cv-00168-Z** |
| **COLE UNDERWOOD, Individually and in his official capacity as Athletic Director of Perryton ISD,** | § § § § § | |
| **Defendants.** | § § | |

---

**DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT'S
BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
Fred A. Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
**UNDERWOOD LAW FIRM P.C.**
P.O. Box 9158
Amarillo, TX 79105
Tel: (806) 376-5613
Fax: (806) 379-0316

Janet Sobey Bubert
State Bar No. 24036281
janet.bubert@uwlaw.com
**UNDERWOOD LAW FIRM, P.C.**
600 Bailey Avenue, Suite 200
Fort Worth, TX  76107
Tel: (817) 885-7529
Fax: (817) 439-9922

**ATTORNEYS FOR DEFENDANT
PERRYTON INDEPENDENT SCHOOL DISTRICT**

**TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................................1

II.     ARGUMENT & AUTHORITIES.................................................................................2

        A.  Standard of Review for Motion to Dismiss ............................................................2

        B.  Plaintiff fails to plead sufficient facts to state a Section 1983
            claim against Perryton ISD.................................................................................3

        C.  Plaintiff fails to plead sufficient facts to support violations of
            the Fifth Amendment or Fourteenth Amendment by Perryton ISD................................6

        D.  Plaintiff fails to plead sufficient facts to support a private action
            under Title IX....................................................................................8

            1.  Plaintiff fails to plead an appropriate Perryton ISD official
                had actual knowledge of sexual harassment .......................................................8

            2.  Plaintiff fails to plead Perryton ISD acted with deliberate
                indifference ...................................................................................... 11

III.    PRAYER ......................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................ 2

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................... 2, 3

*Bennett v. City of Slidell,*
  735 F.2d 861 (5th Cir. 1984) .......................................................................... 5

*Board of Comm'rs of Bryan Cty. v. Brown,*
  520 U.S. 397 (1997) ........................................................................................11

*Carabello v. N.Y. City Dep't of Educ.,*
  928 F.Supp.2d 627 (E.D.N.Y. 2013) ............................................................ 10

*City of Cleburne v. Cleburne Living Ctr.,*
  473 U.S. 432 (1985) ........................................................................................ 7

*Davis v. Monroe Cty. Bd. of Educ.,*
  526 U.S. 629 (1999) ..................................................................................10, 11

*Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,*
  220 F.3d 380 (5th Cir. 2000) ....................................................................... 9, 12

*Doe through Next Friend Roe v. Snap, Inc.,*
  No. H-22-00590, 2022 WL 2528615 (S.D. Tex. July 7, 2022) ...................... 4

*Doe v. Claiborne County Bd. of Edu.,*
  103 F.3d 495 (5th Cir. 1998) ................................................................ 3, 4, 5, 6

*Doe v. Edgewood Indep. Sch. Dist.,*
  964 F.3d 351 (5th Cir. 2020) .......................................................................... 8

*Doe v. Raines County Ind. Sch. Dist.,*
  66 F.3d 1402 (5th Cir. 1995) .......................................................................... 3

*Farmer v. Brennan,*
  511 U.S. 825 (1994) ...................................................................................... 10

*Fennell v. Marion Indep. Sch. Dist.,*
  804 F.3d 398 (5th Cir. 2015) .......................................................................... 4

*Gebser v. Lago Vista Indep. Sch. Dist.*,
    524 U.S. 274 (1998) ................................................................................... 8, 9, 10

*Gonzalez v. Ysleta Indep. Sch. Dist.*,
    996 F.2d 745 (5th Cir. 1993) ................................................................... 5

*Griffith v. Johnston*,
    899 F.2d 1427 (5th Cir. 1990) ................................................................. 7

*Guidry v. Bank of LaPlace*,
    954 F.2d 278 (5th Cir. 1992) ................................................................... 2

*Jones v. City of Jackson*,
    203 F.3d 875 (5th Cir. 2000) ................................................................... 6

*Jett v. Dallas Indep. Sch. Dist.*,
    798 F.2d 748 (5th Cir. 1986) ................................................................... 4, 5

*J.T. v. Uplift Education*,
    679 F.Supp.3d 540, 552 (N.D. Tex. 2023) .................................................11

*King v. Conroe Independent School Dist.*,
    289 Fed. Appx. 1 (5th Cir. 2007)............................................................. 12

*King v. S. Methodist Univ.*,
    No. 3:14-CV-3391, 2015 WL 12723026 (N.D. Tex. Apr. 27, 2015)...........................11

*M.E. v. Alvin Indep. Sch. Dist.*,
    840 Fed. Appx. 773 (5th Cir. 2020) ........................................................ 9

*Monell v. Dep't of Soc. Servs. of City of New York*,
    436 U.S. 658 (1978) ................................................................................ 3

*Monroe v. Aldine Indep. Sch. Dist.*,
    No. 4:24-CV-00139, 2024 WL 3627777 (S.D. Tex. July 31, 2024)........................... 4

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ................................................................... 3, 4

*Roe v. Cypress-Fairbanks Indep. Sch. Dist.*,
    53 F.4th 334 (5th Cir. 2022) ................................................................... 9, 10

*Rosa H. v. San Elizario Indep. Sch. Dist.*,
    106 F.3d 648 (5th Cir. 1997) ................................................................... 8, 9

*Salazar v. S. San Antonio Indep. Sch. Dist.*,
   953 F.3d 273 (5th Cir. 2017) ...................................................................................................11

*Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*,
   647 F.3d 156 (5th Cir. 2011) ...................................................................................................11

*Scott v. Clay County, Tenn.*,
   205 F.3d 867 (5th Cir. 2000) ................................................................................................... 6

*Williams v. Bramer*,
   180 F.3d 699 (5th Cir. 1999) ................................................................................................... 7

*Williams-Grant v. Arlington Indep. Sch. Dist.*,
   No. 4:12-CV-709-A 2012 WL 5871595 (N.D. Tex. Nov. 19, 2012) ........................................... 8

## U.S. CONSTITUTION

U.S. Constitution, amend. V ........................................................................................... passim
U.S. Constitution, amend. XIV ......................................................................................... passim

## STATUTES

20 U.S.C. § 1681(a) ("Title IX").......................................................................................... passim
42 U.S.C. § 1983............................................................................................................... passim

## RULES

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 2, 13

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| S.J., as Parent, Conservator, and Next Friend of N.J., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| PERRYTON INDEPENDENT SCHOOL DISTRICT, and | § § § | CASE NO. 2:24-cv-00168-Z |
| COLE UNDERWOOD, Individually and in his official capacity as Athletic Director of Perryton ISD, | § § § § § § | |
| Defendants. | § § | |

---

**DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT'S**
**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT ("Perryton ISD" or "District"), by and through counsel, and files this Brief in Support of its Motion to Dismiss Plaintiff's Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of its Motion, Perryton ISD would show as follows:

## I.   INTRODUCTION

Plaintiff filed this lawsuit on August 9, 2024, against Perryton ISD and Cole Underwood ("Underwood"), the former Athletic Director of Perryton ISD. Plaintiff alleges that Underwood, while employed by the District, engaged in unlawful sexual misconduct which resulted in acts of

sexual abuse and sexual harassment against Plaintiff's daughter. Plaintiff alleges through conclusory allegations that the District had knowledge of Underwood's unlawful conduct but (1) responded with deliberate indifference and (2) failed to take action to prevent the alleged abuse.

Through this lawsuit, Plaintiff seeks to recover damages from Perryton ISD and Underwood. Plaintiff asserts claims against the District (1) under Title 42 U.S.C. Section 1983 for violations of Plaintiff's constitutional rights under the Due Process Clause of the Fifth Amendment and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as (2) claims for discrimination on the basis of sex as prohibited by Title IX of the Education Amendments of 1972. Plaintiff's bare and conclusory allegations against Defendant Perryton ISD are insufficient to support a claim for which relief can be granted and, therefore, such claims should be dismissed.

## II.  ARGUMENT & AUTHORITIES

### A.    Standard of Review for Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a plaintiff's complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a plaintiff must plead facts showing the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a plaintiff's complaint as true; however, "conclusory allegations and unwarranted deductions of fact are not admitted as true." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). A plaintiff's reliance on conclusory allegations, unwarranted factual

inferences, legal conclusions, and formulaic recitations of a cause of action "will not do." *Ashcroft,* 556 U.S. at 678. Furthermore, the facts pleaded must suggest liability; allegations that are merely consistent with wrongful conduct are insufficient. *Twombly*, 550 U.S. at 566-569.

**B.    Plaintiff fails to plead sufficient facts to state a Section 1983 claim against Perryton ISD.**

Title 42 U.S.C. Section 1983 provides a vehicle for recovery for a plaintiff who (1) has been deprived of a right or interest secured by the Constitution and laws of the United States, (2) by a person who is acting under color of state law.[1] See *Doe v. Raines County Ind. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Asserting a Section 1983 action against an independent school district is demanding. A school district is subject to liability under Section 1983 only where the district, through the act(s) of its board of trustees, is responsible for the constitutional violation. *Doe v. Claiborne County Bd. of Edu.*, 103 F.3d 495, 506 (5th Cir. 1998) (Under Section 1983, a local "independent school district may be held liable only for acts for which it is actually responsible.")

In particular, *respondeat superior* liability is strictly prohibited. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Consequently, a local government entity "cannot be held liable solely because it employs a tortfeasor" – the unlawful acts of its employees are insufficient to also hold the local government entity liable. *Id*. at 691. Therefore, an independent school district cannot be held liable merely because one of its employees allegedly violates an individual's constitutional rights. See *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Liability exists for a local government entity, such as an independent school district, only

---

[1] Specifically, Section 1983 states that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . causes to be subject, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or proper procedure for redress."

3

to the extent the entity itself – acting through its Board of Trustees – engaged in unlawful conduct. *See id.* Because a school district has no vicarious liability under Section 1983 for the acts of its employees, Plaintiff must allege sufficient facts to show that, through its official policy, the Perryton ISD Board of Trustees is, itself, the wrongdoer. *See Clairborne County*, 103 F.3d at 507.

The Complaint's only reference to action by the Board of Trustees is the acknowledgement that the District has adopted several policies to protect students from sexual harassment and harm and to prohibit inappropriate relationships between a teacher and student. *See* Complaint at ¶¶ 24-27. Such assertions by Plaintiff do not demonstrate that the District's Board of Trustees acquiesced to an unconstitutional custom—in fact, they suggest the opposite. *Monroe v. Aldine Indep. Sch. Dist.,* No. 4:24-CV-00139, 2024 WL 3627777, *5 (S.D. Tex. July 31, 2024). *See also Doe through Next Friend Roe v. Snap, Inc.*, No. H-22-00590, 2022 WL 2528615, at *3 (S.D. Tex. July 7, 2022) (noting that plaintiff's complaint did not mention Board of Trustees, and that allegations were therefore insufficient to allege that Board of Trustees was responsible for unconstitutional policy or custom); *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 413 (5th Cir. 2015) (finding that policies "prohibiting racial discrimination, bullying, and harassment" negated any inference that Board of Trustees was deliberately indifferent to student-on-student racial harassment).

Here, Plaintiff does not allege that an official policy adopted by the Perryton ISD Board of Trustees violated his daughter's constitutional rights. *See* Complaint ¶¶ 55-86.  Instead, the Complaint generally suggests that the constitutional violation was caused by a custom or practice of District employees failing to implement District policies and/or failing to sufficiently investigate sexual misconduct. *Id*. To amount to a custom, a practice must be so "persistent" and "widespread" that it is "so common and well settled as to constitute a custom that fairly represents [its] policy." *Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 759 (5th Cir. 1986) (quoting *Bennett v. City of*

*Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)). Further, the final policymaker—here, the Board of Trustees—must have actual or constructive knowledge of the custom. *Id*. Where a policy or custom is facially constitutional, a plaintiff must also show that the final policymaker adopted or acquiesced to it with deliberate indifference to constitutional concerns. *Gonzalez v. Ysleta Indep. Sch. Dist*., 996 F.2d 745, 757 (5th Cir. 1993). No such allegations are included in Plaintiff's Complaint.

In the Fifth Circuit, a plaintiff attempting to bring a claim for relief under Section 1983 to create liability for sexual abuse on the basis of a school district's "inaction," must allege facts sufficient to show: (1) the existence of a clear and persistent pattern of sexual abuse by a school employee; (2) notice or constructive notice of such abuse on the part of the school board; (3) the school board's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the school board's custom was the "moving force" or direct causal link in the constitutional deprivation. *Clairborne County*, 103 F.3d at 508. Allegations of reckless oversight are insufficient; the law requires evidence showing an "obvious, deliberate indifference to sexual abuse." *Id*. Again, no such allegations involving the District's Board of Trustees are included in Plaintiff's Complaint.

Here, the Complaint instead alleges certain District employees – not School Board members – had knowledge about Underwood, although the alleged knowledge does not relate expressly to acts of sexual abuse by Underwood, but to other interactions with student(s) that Plaintiff alleges were observed by or known to such employees. *See* Complaint ¶¶55-86. The Complaint is void of any allegation that the Perryton ISD Board of Trustees had <u>any</u> knowledge about <u>any</u> of Underwood's interactions with students. Plaintiff's allegations are woefully insufficient to support a reasonable inference that (1) the District's Board of Trustees had

5

knowledge of or (2) that the Board tacitly approved of Underwood's alleged sexual abuse of Plaintiff's daughter.

The Complaint fails to include factual allegations to support the requisite, fundamental elements for Section 1983 liability for the District; instead, Plaintiff seeks to impose *respondeat superior* liability for the acts of a former school employee. The District is only liable for its own acts. *Clairborne County*, 103 F.3d at 507. Therefore, Defendant Perryton ISD respectfully requests the Court dismiss Plaintiff's Section 1983 claims in their entirety

**C.**     **Plaintiff fails to plead sufficient facts to support violations of the Fifth or Fourteenth Amendment by Perryton ISD.**

Plaintiff's claims under Section 1983 allege violations of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution. As a preliminary issue, Plaintiff cannot sustain an action for violation of the Fifth Amendment against Defendant Perryton ISD because the Fifth Amendment Due Process Clause applies only to actions of the federal government. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor). Plaintiff does not allege that Defendant Perryton ISD is a subdivision of the federal government. Otherwise, a Fifth Amendment due process claim is considered duplicative of a claim pursuant to the Fourteenth Amendment Due Process Clause. *Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 (6th Cir. 2000).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive a person of life, liberty or property without due process of law." U.S. Constitution, amend. XIV. To state a cause of action under Section 1983 for violation of the Due Process Clause, a plaintiff "must show that they have asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment, and that they were *intentionally or recklessly* deprived of that interest,

even temporarily, under color of state law." See *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990) (emphasis added), *cert. denied*, 498 U.S. 1040 (1991). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state a claim under the Equal Protection Clause, a [Section] 1983 plaintiff must allege that a state actor *intentionally discriminated* against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (emphasis added).

A sufficient pleading must include factual allegations to support the liability standard applicable to the constitutional claim asserted. Here, the Complaint includes a recitation of conclusory allegations of constitutional violations related to insufficient hiring practices, inadequate training and supervision of employees, and improper investigation of complaints. *See generally,* Plaintiff's Complaint. Even accepting as true that Plaintiff has accurately described deficiencies in the District's personnel practices, investigations, and oversight of employees, the Complaint lacks any factual allegation that such deficiencies were intentional or even reckless. More importantly, the Complaint is void of any allegation that the Perryton ISD Board of Trustees was even aware of such deficiencies and there is certainly no reasonable inference to be made that the Board of Trustees intended to violate the rights of Plaintiff's daughter. Plaintiff's attempt to foster such unwarranted conclusions based on the allegations asserted in the Complaint cannot support a claim under Section 1983.

These conclusory allegations fail to provide sufficient support for a claim that the District violated Plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause and Due Process Clause. Because Plaintiff did not allege the facts necessary to support a violation of the

7

Fourteenth Amendment, the Complaint fails to state a claim upon which relief can be granted. *See Williams-Grant v. Arlington Indep. Sch. Dist.*, No. 4:12-CV-709-A 2012 WL 5871595 at \*4 (N.D. Tex. Nov. 19, 2012). Accordingly, Defendant Perryton ISD respectfully requests the Court dismiss Plaintiff's Section 1983 claims in their entirety.

**D.      Plaintiff fails to plead sufficient facts to support a private action under Title IX.**

Title IX provides that "[no] person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The primary purpose of Title IX is to prevent a recipient of federal funds from using those funds in a discriminatory manner. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998). Congress adopted Title IX in accordance with its authority under the Spending Clause, which necessarily limits the remedies that are available for violations. *Id.* at 287. The Supreme Court has noted a "central concern" to ensure a recipient of federal funds receives notice that it could be liable for a monetary award. *Id.* In *Gebser*, the Supreme Court first set the standard for sexual assault claims under Title IX and held that a school district could not be liable for damages for a teacher's sexual abuse of a high school student unless the district had actual knowledge of the teacher's wrongful acts and responded in a manner that constituted deliberate indifference. *Id.* at 291.

**1.      Plaintiff fails to plead an appropriate Perryton ISD official had actual knowledge of sexual harassment.**

Under Title IX, "schools are liable only for intentional sex discrimination." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020) (citing *Gebser*, 524 U.S. at 290). A recipient of federal funds may be held liable only for its "own misconduct." *Id.* at 359 (citing *Gebser,* 524 U.S. at 290; *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 660 (5th Cir.

1997)). A Title IX claim for damages is available where an "appropriate person" – an official authorized to institute corrective measures to end the discrimination – had actual knowledge of the discrimination and responded with deliberate indifference. *Gebser*, 524 U.S. at 290. The Supreme Court imposed this high standard to avoid the risk that a school "would be liable in damages not for its own official decision but instead for its employees' independent actions." *Id*. at 290-91. In other words, liability under Title IX is based on the district's "own failure to act" adequately in response to *known* misconduct and requires a showing of deliberate indifference. *See, e.g., Doe ex rel. Doe v. Dallas Indep. Sch. Dist*., 220 F.3d 380, 381–82, 384, 388 (5th Cir. 2000) (finding no Title IX liability on the part of the school district for third grade teacher's sexual molestation of numerous male students over a four-year period; explaining that under the Supreme Court's "high" standard for liability, a school district is liable for damages under Title IX only when a plaintiff can show the school district acted with deliberate indifference in response to its knowledge of the alleged abuse).

"[T]he school must have actual, not constructive, knowledge of sexual harassment" for a Title IX claim. *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022). Title IX's knowledge requirement "cannot be satisfied by showing that the school district *should have known* there was a substantial risk of abuse." *M.E. v. Alvin Indep. Sch. Dist*., 840 Fed. Appx. 773, 775 (5th Cir. 2020) (emphasis added). A plaintiff must plead facts to show an appropriate school official was "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and ... also draw the inference.'" *Id*. (quoting *Rosa H*., 106 F.3d at 659). Title IX liability may not be imposed where an appropriate official either "did not know of the underlying facts indicating a sufficiently substantial danger" or "'knew the underlying facts, but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or

9

nonexistent."' *Rosa H*., 106 F.3d at 659 (quoting *Farmer v. Brennan*, 511 U.S. 825, 843-44 (1994)). Additionally, "actual knowledge" requires that an appropriate school official have knowledge of specific sexual incidents by a specific offender. *See  Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 646-647 (1999). *See also Gebser*, 524 U.S. at 290; *Carabello v. N.Y. City Dep't of Educ*., 928 F. Supp. 2d 627, 639 (E.D.N.Y. 2013). "[A]ssorted incidents of sexual misconduct involving neither the Title IX victim nor the aggressor are generally insufficient to" show actual knowledge of harassment against the plaintiff. *Roe*, 53 F.4th at 342. Plaintiff's Complaint contains no allegation of the District's knowledge of any specific sexual conduct or incidents by Underwood.

Instead, the Complaint makes numerous allegations that Perryton ISD teachers, coaches, and even parents had knowledge of potential misconduct involving Underwood and Plaintiff's daughter. *See* Complaint ¶¶55-86. However, these allegations are insufficient to meet the pleading standard for a Title IX claim for damages as such individuals are not appropriate officials with authority to take corrective action. *See Gebser*, 524 U.S. at 290 ("an 'appropriate person' … is, at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination."). Further, the alleged knowledge generally relates to allegations about interactions between Underwood and Plaintiff's daughter that did not involve sexual contact – *i.e*. Underwood and Plaintiff's daughter were seen together in Underwood's office, Underwood sat with Plaintiff's daughter at sporting events, Underwood drove Plaintiff's daughter home from a school event, and Plaintiff's daughter posting pictures of Underwood on social media. *See* Complaint ¶¶55-86. The Complaint also alleges that campus principals and the superintendent had knowledge of certain non-sexual conduct. While a campus principal or superintendent may at times be an appropriate official, the knowledge alleged by Plaintiff for these individuals was the same as the examples identified above and did not relate to incidents of sexual contact. Such allegations are insufficient

to support an inference that an appropriate official had actual knowledge of unlawful sexual conduct by Underwood. *See Uplift Education*, 679 F.Supp.3d at 540 (finding that "red flags" that should have alerted the district of a substantial risk that a teacher was sexually assaulting a student were insufficient to create liability because the law requires the district actually knew of the risk).

Finally, lacking sufficient factual allegations to support a Title IX claim related to Underwood's conduct, Plaintiff attempts to bolster his case by including multiple references to other alleged incidents of sexual harassment – none of which are alleged to be related to Underwood and/or Plaintiff's daughter. *See* Complaint ¶¶ 35-38. Such allegations are insufficient to support Plaintiff's attempted Title IX claim. *See  Davis,* 526 U.S. at 646-647. Accordingly, Defendant Perryton ISD requests the Court dismiss Plaintiff's Title IX claims in their entirety.

### 2.    Plaintiff fails to plead Perryton ISD acted with deliberate indifference.

A Title IX plaintiff must also show that once obtaining actual knowledge of sexual harassment, the appropriate official responded with "deliberate indifference" – specifically, that the official acted in a manner that was "clearly unreasonable in light of the known circumstances." *Davis,* 526 U.S. at 648.   Deliberate indifference "is a decision not to act on a report of discrimination." *King v. S. Methodist Univ.*, No. 3:14-CV-3391, 2015 WL 12723026, at *3 (N.D. Tex. Apr. 27, 2015). There must be "an *official decision by the recipient* [of federal funds] not to remedy the violation." *Salazar v. S. San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 278 (5th Cir. 2017) (emphasis in original) (quoting *Davis,* 526 U.S. at 642). Neither negligence, nor mere unreasonableness is sufficient. *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 167 (5th Cir. 2011).

Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Comm'rs of Bryan Cty.*

11

*v. Brown*, 520 U.S. 397 (1997). When a school district takes some kind of action in response to allegations of sexual abuse, even if the response is imperfect, courts have held there is no deliberate indifference. *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380 (5th Cir. 2000).

Here, the Complaint includes allegations that campus and district administrators initially responded to information they received about Underwood by questioning him about his interactions with Plaintiff's daughter and providing him with verbal, then written directives regarding his interactions with students; however, the Complaint goes on to allege that this response was clearly unreasonable and constitutes deliberate indifference. *See generally,* Complaint ¶¶ 70-84. Notably, the Fifth Circuit has previously found a similar allegation to be insufficient to support liability against a school district. *King v. Conroe Indep. Sch. Dist.*, 289 Fed. Appx. 1, 3 (5th Cir. 2007) (high school principal did not act with deliberate indifference toward a female student claiming sexual abuse by a female soccer coach, where the principal met with the coach, questioned her about the alleged relationship, and upon receiving a denial, warned the coach to keep her relationship with students professional at all times). Therefore, such allegations by Plaintiff in this matter are insufficient to identify a "clearly unreasonable" response by the District. *Id.* The Complaint also acknowledges the District further responded by putting Underwood on administrative leave after receiving additional information. *See* Complaint ℙ 84. Plaintiff's factual allegations cannot support a reasonable inference that the District acted with deliberate indifference. *See King*, 289 Fed. Appx. At 3. Because the Complaint fails to allege sufficient facts necessary to support a private right of action under Title IX, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendant Perryton ISD respectfully requests the Court dismiss Plaintiff's Title IX claims in their entirety.

12

### III.   PRAYER

Based on the foregoing, Plaintiff's Complaint fails to sufficiently state a claim against Defendant Perryton ISD for which relief may be granted under both Section 1983 and Title IX. Accordingly, Defendant Perryton ISD prays that the Court grant its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismiss all claims raised in Plaintiff's Complaint against Perryton ISD in their entirety. Defendant prays for any such other and further relief to which it may show itself entitled.

Respectfully submitted,

/s/ *Slater C. Elza*

Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
Fred A. Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
**UNDERWOOD LAW FIRM P.C.**
P.O. Box 9158
Amarillo, TX 79105
Tel:  (806) 376-5613
Fax:  (806) 379-0316

Janet Sobey Bubert
State Bar No. 24036281
janet.bubert@uwlaw.com
**UNDERWOOD LAW FIRM, P.C.**
600 Bailey Avenue, Suite 200
Fort Worth, TX  76107
Tel: (817) 885-7529
Fax: (817) 439-9922

ATTORNEYS FOR DEFENDANT
PERRYTON INDEPENDENT SCHOOL DISTRICT

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 9th day of September 2024.

*/s/ Slater C. Elza*
Slater C. Elza

14