IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| S.J., as Parent, Conservator, and<br>Next Friend of N.J.,<br><br>    Plaintiff,<br><br>v.<br><br>PERRYTON INDEPENDENT SCHOOL<br>DISTRICT and COLE UNDERWOOD,<br>Individually and in his Official Capacity as<br>Athletic Director of Perryton ISD,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:24-CV-00168-Z |

**SUBJECT TO PERRYTON INDEPENDENT SCHOOL DISTRICT'S
MOTION TO DISMISS, DEFENDANT PISD'S ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Defendant Perryton Independent School District ("***Defendant PISD***") and, subject to its Motion to Dismiss, files this Original Answer to Plaintiff's Original Complaint and shows the Court as follows:

## I.    THE PARTIES

1.    Defendant PISD admits that Plaintiff, S.J. is the father of N.J.  Defendant PISD is without sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 1.

2.    Defendant PISD admits that N.J. was a fifteen-year-old female student athlete at Perryton ISD and was a member of the women's basketball team.  Defendant PISD is without sufficient knowledge to admit or deny the allegations contained in the second sentence of Paragraph 2.

3.    Defendant PISD admits the allegations in Paragraph 3.

4.      Defendant PISD admits the allegations in the first four sentences of Paragraph 4. Defendant PISD is without sufficient knowledge to admit or deny the allegations contained in the fifth sentence of Paragraph 4.

## II.   JURISDICTION AND VENUE

5.      Defendant PISD admits the court generally has jurisdiction of this matter as alleged in Paragraph 5 but reserves the right to challenge the Court's jurisdiction to consider Plaintiff's alleged claims if (1) such facts disputing the Court's jurisdiction are identified, or (2) as allowed by other defenses asserted herein.

6.      Defendant PISD admits that a court has jurisdiction of this matter, but denies that Plaintiff's recitation is a correct and/or complete recitation of the law.

7.      No state claims are alleged against Defendant PISD.

8.      Defendant PISD admits that venue is proper as stated in Paragraph 8.

9.      Defendant PISD denies the allegations in Paragraph 9.

## III.   FACTUAL BACKGROUND

## UNDERWOOD'S PRIOR EMPLOYMENT

10.      Defendant PISD admits the first sentence of Paragraph 6 and that Underwood served generally as an assistant football coach at Amarillo High School.  Defendant PISD is without sufficient knowledge to admit or deny that Underwood served generally as a soccer coach.

11.      Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 11.

12.      Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 12.

13. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 13.

14. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 14.

15. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 15.

16. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 16.

17. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 17.

18. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 18.

19. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 19.

20. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 20.

21. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 21.

22. Defendant PISD denies it knew of any inappropriate conduct by Underwood and understands Amarillo ISD denies there was any inappropriate conduct. Defendant PISD admits that Underwood was hired by Defendant PISD in 2022, but denies the allegations in the last sentence of Paragraph 22.

23.     Defendant PISD admits that its former Athletic Director was aware that Underwood had been placed on administrative leave for a short time and thereafter reinstated but is without sufficient knowledge to admit or deny the allegations in Paragraph 23.

### PERRYTON ISD POLICIES AND ACTIONS

24.     Defendant PISD admits the allegations in Paragraph 24.

25.     Defendant PISD admits the allegations in Paragraph 25.

26.     Defendant PISD admits the allegations in Paragraph 26.

27.     Defendant PISD generally admits the allegations in Paragraph 27, but denies the statement as written.

28.     Defendant PISD denies the allegations in Paragraph 28.

29.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 29 of what an unidentified person said or did not say, but denies that there is a failure to train, a lack of policies or a lack of implementation of such policies.

30.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 30 of what an unidentified person said or did not say, but also notes this paragraph is directly contradicted by other allegations in Plaintiff's Complaint.

31.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 31 of what an unidentified person said or did not say, but also notes this paragraph is directly contradicted by other allegations in Plaintiff's Complaint.

32.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 32 of what an unidentified person said or did not say.

33.     Defendant PISD denies the allegations in Paragraph 33.

34.    Defendant PISD admits that ParentSquare is an acceptable means of communication between staff and students and their parents.  Defendant PISD is without sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 34.

35.    Defendant PISD denies the allegations in Paragraph 35.

36.    Defendant PISD admits a claim was made but law enforcement concluded that there was no sexual assault nor any child pornography.  The matter was settled by the insurance company for nuisance value.

37.    Defendant PISD denies the allegations in Paragraph 37 and would note that law enforcement concluded that there was no sexual assault.

38.    Defendant PISD admits that the case was settled by the insurance company for nuisance value in April 2024.  Otherwise denied.

39.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 39.  Defendant PISD denies the allegations in the second sentence of Paragraph 39.

## THE SEXUAL ASSAULT OF VICTIM

40.    Defendant PISD denies the allegations in Paragraph 40.

41.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 41.

42.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 42.

43.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 43 of what an unidentified person said or did not say.

44.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 44.

45.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 45.

46.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 46.

47.    Defendant PISD admits that Underwood used the ParentSquare app to communicate with N.J., but is without sufficient knowledge to admit or deny the remaining allegations in the first sentence of Paragraph 47.    Defendant PISD denies the allegations in the second sentence of Paragraph 47.

48.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 48.

49.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 49.

50.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 50.

51.    Defendant PISD denies the allegations in Paragraph 51.

52.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 52.  Defendant denies the remainder of the allegations in Paragraph 52.

53.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 53.

54.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 54 of what an unidentified person said or did not say.

## PERRYTON ISD'S KNOWLEDGE OF THE SEXUAL ASSAULT OF VICTIM

55.    Defendant PISD denies that anyone ever expressed that Underwood and N.J. were having an inappropriate sexual relationship.

56.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 56.

57.    Defendant PISD admits the allegations in the first sentence of Paragraph 57. Defendant PISD is without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 57.

58.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 58 of what an unidentified person said or did not say.

59.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 59 of what an unidentified person said or did not say.

60.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 60 of what an unidentified person said or did not say.

61.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 61.

62.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 62 of what an unidentified person said or did not say.

63.    Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 63 of what an unidentified person said or did not say.

64.     Defendant PISD admits that N.J.'s father requested Underwood drive his daughter home.  Defendant PISD is without sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 64.

65.     Defendant PISD denies the allegations in Paragraph 65 as written.

66.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 66.

67.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 67.

68.     Defendant PISD denies the allegations in Paragraph 68 as written.

69.     Defendant PISD denies the allegations in Paragraph 69.

70.     Defendant PISD admits that administration questioned Underwood regarding his relationship with N.J. and/or her father.

71.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 71 of what an unidentified person said or did not say.

72.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 72.

73.      Defendant PISD denies the first sentence of Paragraph 73 as to the date given. Defendant PISD denies the allegations in the second sentence of Paragraph 73.

74.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 74.

75.     Defendant PISD denies the allegations in Paragraph 75.

76.     Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 76.

77. Defendant PISD is without sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 77. Additionally, Defendant PISD is without sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 77 of what an unidentified person said or did not say.

78. Defendant PISD denies the allegations in the first sentence of Paragraph 78. Defendant PISD is without sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 78.

79. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 79 of what an unidentified person said or did not say.

80. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 80.

81. Defendant PISD is without sufficient knowledge to admit or deny the allegations in the first three sentences of Paragraph 81. Defendant PISD denies the allegations in the fourth sentence of Paragraph 81.

82. Defendant PISD is without sufficient knowledge to admit or deny the allegations in Paragraph 82.

83. Defendant PISD admits that N.J.'s father received a call from Mr. Brown, but it was not the first contact from Defendant PISD with N.J.'s father regarding his daughter and Underwood. N.J.'s father repeatedly vouched for Underwood and asked that Underwood's contact with N.J. not be restricted.

84. Defendant PISD admits the allegations in Paragraph 84.

85. Defendant PISD denies the allegations in Paragraph 85 as written.

86.    Defendant PISD is without sufficient knowledge to admit or deny the allegation in Paragraph 86 of what an unidentified person said or did not say and would also note that the assertions therein are vague and unable to be further addressed as written.

## THE AFTERMATH

87.    Defendant PISD admits the allegations in Paragraph 87.

88.    Defendant PISD admits the allegations in Paragraph 88.

89.    Defendant PISD admits the allegations in Paragraph 89.

90.    Defendant PISD admits the allegations in Paragraph 90.

91.    Defendant PISD admits the allegations in the first sentence in Paragraph 91 and the quote by Mr. Brown.  Defendant PISD denies the remainder of the allegations in Paragraph 91 as written.  Multiple PISD employees reached out to N.J. and her father.

92.    Defendant PISD denies the allegations in Paragraph 92.

93.    Defendant PISD denies the allegations in Paragraph 93.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983**
**(Defendant Perryton Independent School District and Cole Underwood)**

94.    Defendant PISD reasserts and incorporates by reference all responses to the above-numbered paragraphs.

95.    Defendant PISD denies the allegations in Paragraph 95.

96.    Defendant PISD denies that Plaintiff's summary of the law is accurate and/or complete, and further denies that any response is required to Paragraph 96.

97.    Defendant PISD denies that Plaintiff's summary of the law is accurate and/or complete, and further denies that any response is required to Paragraph 97.

98. Defendant PISD denies that Plaintiff's summary of the law is accurate and/or complete, and further denies that any response is required to Paragraph 98.

99. Defendant PISD admits the allegations in Paragraph 99.

100. Defendant PISD admits the allegations in Paragraph 100.

101. Defendant PISD denies the allegations in Paragraph 101.

102. Defendant PISD denies the allegations in Paragraph 102 and all subparts of Paragraph 102.

103. Defendant PISD denies the allegations in Paragraph 102 and all subparts of Paragraph 103.

104. Defendant PISD denies the allegations in Paragraph 104.

105. Defendant PISD denies the allegations in Paragraph 105.

106. Defendant PISD denies the allegations in Paragraph 106 as written.

107. Defendant PISD denies the allegations in Paragraph 107 as written.

108. Defendant PISD denies the allegations in Paragraph 108.

109. Defendant PISD denies the allegations in Paragraph 109.

110. Defendant PISD denies the allegations in Paragraph 110.

111. Defendant PISD denies the allegations in Paragraph 111.

112. Defendant PISD denies the allegations in Paragraph 112.

113. Defendant PISD denies the allegations in Paragraph 113.

114. Defendant PISD denies the allegations in Paragraph 114.

115. Defendant PISD denies the allegations in Paragraph 115.

116. Defendant PISD denies the allegations in Paragraph 116.

117. Defendant PISD denies the allegations in Paragraph 117

**SECOND CAUSE OF ACTION**
**Violation of Title IX**
**(Defendant Perryton Independent School District)**

118.    Defendant PISD reasserts and incorporates by reference all responses to the above-numbered paragraphs.

119.    Defendant PISD denies that Plaintiff's summary of the law is accurate and/or complete, and further denies that any response is required to Paragraph 119.

120.    Defendant PISD admits the allegations in Paragraph 120.

121.    Defendant PISD denies that Plaintiff's summary of the law is accurate and/or complete, and further denies that any response is required to Paragraph 121.

122.    Defendant PISD denies the allegations in Paragraph 122 as written.  Defendant PISD would note that Plaintiff's own Complaint directly contradicts the allegations in this paragraph.

123.    Defendant PISD denies the allegations in Paragraph 123.

124.    Defendant PISD denies the allegations in Paragraph 124.

125.    Defendant PISD denies the allegations in Paragraph 125.

126.    Defendant PISD denies the allegations in Paragraph 126.

127.    Defendant PISD denies the allegations in Paragraph 127.

128.    Defendant PISD denies the allegations in Paragraph 128.

129.    Defendant PISD denies the allegations in Paragraph 129.

130.    Defendant PISD denies the allegations in Paragraph 130.

131.    Defendant PISD denies the allegations in Paragraph 131.

**THIRD CAUSE OF ACTION**
**Violation of 18 U.S.C. § 2251(A)**
**(Defendant Cole Underwood)**

132.   Defendant PISD reasserts and incorporates by reference all responses to the above-numbered paragraphs.

133.   Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

134.   Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

135.   Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

**FOURTH CAUSE OF ACTION**
**Gross Negligence**
**(Defendant Cole Underwood)**

136.   Defendant PISD reasserts and incorporates by reference all responses to the above-numbered paragraphs.

137.   Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

138.   Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

139.   Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

140.   Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

141.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

142.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

143.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Defendant Cole Underwood)

144.    Defendant PISD reasserts and incorporates by reference all responses to the above-numbered paragraphs.

145.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

146.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

147.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

148.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

149.    Defendant PISD would note that the allegation/accusation in this Paragraph applies only to Underwood, and therefore no response by Defendant PISD is necessary.  Otherwise denied.

## V.    TRIAL BY JURY

150.    No response is required from Defendant PISD

## PLAINTIFF'S PRAYER

Defendant PISD denies all subparts of Plaintiff's prayer.

## DEFENDANT PERRYTON ISD'S AFFIRMATIVE DEFENSES

151.    Defendant PISD asserts Plaintiff failed to exhaust administrative remedies available to Plaintiff.

152.    Defendant PISD acted as a reasonable governmental entity would have in the same or similar circumstances in light of clearly established constitutional law.

153.    Defendant PISD asserts Plaintiff cannot recover damages from Perryton ISD for emotional distress and related damages under Title IX in light of the U.S. Supreme Court's holding in *Cummings v. Premier Rehab Keller PLLC*, 142 S.Ct. 2853 (2022).

## PRAYER

WHEREFORE, premises considered Defendant Perryton Independent School District prays that it be discharged from any and all liability and that it be awarded any other relief to which it may be entitled, be it legal or equitable.

Respectfully submitted,

UNDERWOOD LAW FIRM, P.C.
Slater C. Elza
Texas Bar No. 24000747
slater.elza@uwlaw.com
Fred A. Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
P.O. Box 9158
Amarillo, Texas  79105
(806) 376-5613
Fax:  (806) 379-0316

Janet Sobey Bubert
State Bar No. 24036281
janet.bubert@uwlaw.com
**UNDERWOOD LAW FIRM, P.C.**
600 Bailey Avenue, Suite 200
Fort Worth, TX  76107
Tel: (817) 885-7529
Fax: (817) 439-9922

By:  */s/ Slater C. Elza*
Slater C. Elza

ATTORNEYS FOR DEFENDANT
PERRYTON INDEPENDENT SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September 2024, a true and correct copy of the above

document was served via the Court's ECF system on all counsel of record.

*/s/ Slater C. Elza*
Slater C. Elza