**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| 1)  **S.J., as parent, Conservator, and Next Friend of N.J.,** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § § | |
| 2)  **PERRYTON INDEPENDENT SCHOOL DISTRICT, and** | § § § | |
| 3)  **COLE UNDERWOOD, individually and in his official capacity as Athletic Director of Perryton ISD,** | § § § § | **Case No. 2:24-CV-00168-Z** |
| **Defendants.** | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT PERRYTON
INDEPENDENT SCHOOL DISTRICT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

"Child [abuse] tears at the very fabric of natural human order in ways that cannot be accounted for in a narrow calculus of immediate harms."

Adrian Vermeule, *Common Good Constitutionalism* at 171

Tyler L. Gentry, OBA No. 32400
Kyle Goodwin, OBA No. 17036 and
SBN 24117975
GOODWIN LEWIS, PLLC
420 NW 6th St., 2nd FL
Oklahoma City, OK 73102
P: (405) 900-5700
tgentry@goodwinlewis.com
kgoodwin@goodwinlewis.com
*Attorneys for Plaintiff*

MAYFIELD HEINRICH RAHLFS
WEABER & PARSONS, LLP
Brian P. Heinrich, SBN 09382320
320 S. Polk, Suite 1000
Amarillo, Texas 79101
(806) 242-0152 – Telephone
(806) 242-0159 – Fax
brian@mhrwp.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHROTIES ................................................................................................... ii

INTRODUCTION ................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................... 3

ARGUMENT & AUTHORITIES .......................................................................................... 4

      A.     Plaintiff pled sufficient facts to state claims against Defendant
           Perryton ISD for Section 1983 and Fourteenth Amendment violations ................. 4

           1.     Preliminary matters .................................................................................... 4

           2.     Plaintiff's various Section 1983 claims ..................................................... 5

                 i.     *Monell* liability ............................................................................. 5

                 ii.     Color of state law for the improper purpose
                       of Underwood's own sexual gratification ..................................... 7

                 iii.    Equal Protection ............................................................................. 8

                 iv.    Due Process .................................................................................. 10

                 v.     Additional Section 1983 claims ................................................... 10

                 vi.    Defendant's Section 1983 school board argument ....................... 12

      B.     Plaintiff pled sufficient facts to support a Title IX claim
           against Defendant Perryton ISD ........................................................................... 13

           1.     Plaintiff sufficiently pled that an appropriate official of Defendant
                 Perryton ISD had actual knowledge of sexual harassment ..................... 14

           2.     Plaintiff sufficiently pled that Defendant Perryton ISD acted with
                 deliberate indifference ............................................................................. 17

CONCLUSION ................................................................................................................... 20

PRAYER ............................................................................................................................ 20

CERTIFICATE OF SERVICE ........................................................................................... 22

## TABLE OF AUTHORITIES

**CASES**

*Alice L. v. Eanes Indep. Sch. Dist.*,
No. A-06-CA-944-SS, 2007 WL 9710282(W.D. Tex. Mar. 15, 2007),
*aff'd,* No. A-06-CA-944-SS, 2007 WL 9710310 (W.D. Tex. Nov. 28, 2007) ..........................14, 18

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)...................................................................3

*A.W. v. Humble Indep. Sch. Dist.*,
25 F. Supp. 3d 973 (S.D. Tex. 2014).................................................................................14, 15

*Baker v. Onalaska Indep. Sch. Dist.*,
No. 2:08CV406DF-CE, 2009 WL 3157406 (E.D. Tex. Sept. 28, 2009) ........................................18

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown.*,
520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed 2d 626 (1997) .................................................................10

*Connick v. Thompson*,
563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) ...............................................................11

*Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*,
526 U.S. 629, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999) ..............................................................3

*Doe v. Beaumont Indep. Sch. Dist.*,
615 F. Supp. 3d 471 (E.D. Tex. 2022).............................................3, 4, 6, 7, 8, 9, 10, 12

*Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*,
103 F.3d 495 (6th Cir. 1996)................................................................................................4

*Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*,
220 F.3d 380 (5th Cir. 2000)......................................................................................14, 18

*Doe v. Granbury I.S.D.*,
19 F. Supp. 2d 667 (N.D. Tex. 1998) ...............................................................................18

*Doe v. Hillsboro Indep. Sch. Dist.*,
113 F.3d 1412 (5th Cir. 1997) ..........................................................................................10

*Doe v. Katy Indep. Sch. Dist.*,
427 F. Supp. 3d 870, 878 (S.D. Tex. 2019)..........................................13, 14, 16, 17, 18

*Doe v. Rains County Indep. Sch. Dist.*,
66 F.3d 1402 (5th Cir.1995) ...............................................................................................6

*Doe v. Taylor Indep. School Dist.*,
975 F.2d 137, 149 (5th Cir. 1992)
cert. denied, 506 U.S. 1087, 113 S.Ct. 1066, 122 L.Ed.2d 371 (1993) ...........................................8

*Fennell v. Marion Indep. Sch. Dist.*,
804 F.3d 398 (5th Cir. 2015) ...........................................................................................................5

*Gebser v. Lago Vista Indep. Sch. Dist.*,
524 U.S. 274, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998) ............................................................14

*Gomez v. Harris Cnty.*,
2021 WL 3860731 (S.D. Tex. Aug. 30, 2021) .................................................................................7

*Harrington v. State Farm Fire & Cas. Co.*,
563 F.3d 141 (5th Cir. 2009) ...........................................................................................................3

*James v. Harris Cnty.*,
577 F.3d 612 (5th Cir. 2009) .......................................................................................................7, 17

*Jones v. Greninger*,
188 F.3d 322 (5th Cir. 1999) ...........................................................................................................3

*Kelley v. City of Wake Vill.*,
264 Fed. App'x 437 (5th Cir. 2008) ...............................................................................................7, 9

*King v. Conroe Indep. Sch. Dist.*,
289 F. App'x 1 (5th Cir. 2007).......................................................................................................14

*King-White v. Humble Indep. Sch. Dist.*,
803 F.3d 754 (5th Cir. 2015) .........................................................................................................15

*Lefebure v. D'Aquilla*,
15 F.4th 650 (5th Cir. 2021)...........................................................................................................8

*Lozano v. Donna Indep. Sch. Dist.*,
524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998).....................................................13

*Meador v. Apple, Inc.*
911 F.3d 260 (5th Cir. 2018) ...........................................................................................................3

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)...............................................................5, 6

*Ramos v. Webb Consol. Indep. Sch. Dist.*,
724 F. App'x 338 (5th Cir. 2018)................................................................................17

*Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*,
874 F. Supp. 2d 635 (S.D. Tex. 2012)...............................................................6, 10, 11

*Roe v. Cypress-Fairbanks Indep. Sch. Dist.*,
53 F.4th 334 (5th Cir. 2022)......................................................................................15

*Rosa H. v. San Elizario Indep. Sch. Dist.*,
106 F.3d 648 (5th Cir. 1997)..................................................................7, 9, 14, 15, 18

*Sneed v. Austin Indep. Sch. Dist.*,
487 F. Supp. 3d 584 (W.D. Tex. 2020).......................................................................12

*Summit Health, Ltd. v. Pinhas*,
500 U.S. 322, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991) ............................................3

*United States v. Ramos-Sanchez*,
483 F.3d 400,403 (5th Cir. 2007) ..............................................................................10

*Vander Zee v. Reno*,
73 F.3d 1365 (5th Cir.1996) .........................................................................................4

*Webb v. Town of Saint Joseph*,
925 F.3d 209 (5th Cir. 2019) ....................................................................................5, 6

## U.S. CONSTITUTION

U.S. Const. Amend. V.................................................................................................5

U.S. Const. Amend. XIV .............................................................................................?

## STATUTES

42 U.S.C. § 1983.........................................................................................................5

## RULES

FED. R. CIV. P. 12(b)(6).............................................................................................3

Plaintiff, S.J., as parent, Conservator, and Next Friend of N.J. ("Plaintiff" or "Victim"), and for its *Response and Objection* to Defendant Perryton Independent School District's *Motion to Dismiss Plaintiff's Complaint* (Defendant's *Motion*), alleges and states:

## INTRODUCTION

This case centers around the contemptible degeneracy of Defendant Cole Underwood ("Underwood") and involves allegations similar to those across the Fifth Circuit. At all relevant times, Victim was a fifteen-year-old female student athlete attending high school at Perryton Independent School District ("Perryton ISD").

Underwood was previously employed by Amarillo Independent School District ("Amarillo ISD") from 2017-2022. While at Amarillo ISD, Underwood was known for having inappropriate relationships and interactions with minor female students and was regularly admonished by Amarillo ISD administration for said conduct. He was regarded as the "perv" by athletic department staff and was placed on administrative leave by Amarillo ISD for inappropriate reported behavior. Underwood was also known for close association with a fellow Amarillo ISD coach that was arrested and charged in 2020 for having an inappropriate sexual relationship with a minor female student. Despite the documented history of red flags in his record, Underwood was hired by Perryton ISD for the 2022-2023 school year as an assistant football coach and was subsequently promoted to Athletic Director for the 2023-2024 school year. Astonishingly, Underwood was ultimately recruited and hired from Amarillo ISD by the then Athletic Director of Perryton ISD, who previously worked closely with Underwood at Amarillo ISD, and was aware of his record.

While at Perryton ISD, it was an open secret that Underwood continued to engage in inappropriate relationships and interactions with minor female students, especially female student

athletes. Underwood's predisposition eventually led him to cultivate a friendship with Victim and the two openly engaged in conduct that violated District policy. This relationship eventually evolved into a sexual relationship that lasted for months despite Underwood making little effort to conceal it. Underwood and Victim's inappropriate sexual conduct occurred on school grounds, in Underwood's office, and at school events, in the presence of students, teachers, coaches, and administrators from both Perryton ISD and surrounding districts.

In response to a plethora of complaints from students, teachers, coaches, and other members of the community, Perryton ISD apparently initiated a pitifully anemic investigation and issued a singular written directive to Underwood in early March 2024 to not be alone with Victim. Despite the directive, Underwood was continually afforded the ability to continue his sexual relationship with Victim without consequence. Further, Victim's parents were never apprised of the situation until it was months too late. In middle-late March 2024, Perryton ISD received a formal complaint from an administrator from another district regarding the inappropriate sexual relationship. In response, the administrator was advised that Perryton ISD had an ongoing investigation and was addressing the allegations. Again, the Victim's parents were never apprised of the formal complaint, and nothing was done by Perryton ISD to address the allegations. Instead, Underwood was continually afforded the ability to continue his sexual relationship with Victim without consequence.

When it became impossible for Perryton ISD to further ignore the problem, it apparently reached out to Victim's father in mid-late April 2024, *for the first time*, to inform him that Underwood was being placed on administrative leave regarding allegations of sexual conduct between Underwood and Victim. Contemporaneously, Perryton ISD then purportedly came into possession of video evidence from the school's video surveillance system confirming said conduct.

2

Surprisingly, this same video evidence, which would have been available for months, never surfaced until Underwood was place on leave.

<u>**STANDARD OF REVIEW**</u>

Plaintiff's *Complaint* must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted). In this case, Plaintiff has a "right to adjudicate [its] claim on the merits—*a right guarded jealously by the courts*." *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 486 (E.D. Tex. 2022) (emphasis added). As a result of this right, "motions to dismiss are *viewed with disfavor* and *rarely granted in the Fifth Circuit*." *Id*. (emphasis added) (internal quotations omitted) (citing *Harrington v. State Farm Fire & Cas. Co*., 563 F.3d 141, 147 (5th Cir. 2009).

In reviewing the legal sufficiency of Plaintiff's causes of action against Defendant Perryton ISD, the Court "must assume the truth of the material facts as alleged in the complaint." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ*., 526 U.S. 629, 633, 119 S. Ct. 1661, 1666, 143 L. Ed. 2d 839 (1999) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325, 111 S. Ct. 1842, 1845, 114 L. Ed. 2d 366 (1991). See also *Meador v. Apple, Inc*., 911 F.3d 260, 264 (5th Cir. 2018) (the Court must accept "all well-pleaded facts as true" and "view[] those facts in the light most favorable to Plaintiff"). In addition to this requirement, the Court is "tasked more specifically with an affirmative duty to ask whether it appears certain that a plaintiff cannot prove any set of facts that would entitle her to legal relief." *Doe v. Beaumont Indep. Sch. Dist*., 615 F. Supp. 3d 471, 486 (E.D. Tex. 2022) (internal quotations and citations omitted).

Simply, the "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.

1999). Thus, Plaintiff's *Complaint* should not be dismissed unless Plaintiff "would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id*. (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir.1996).

## ARGUMENT & AUTHORITIES

A.    **Plaintiff pled sufficient facts to state claims against Defendant Perryton ISD for Section 1983 and Fourteenth Amendment violations[1].**

    1.    **Preliminary matters**

At the outset, Defendant's *Motion* provides that a school district "is subject to liability under section 1983 only where the district, through the act(s) of its board of trustees, is responsible for the constitutional violation." In support, Defendant cites "*Doe v. Claiborne County Bd. of Edu*., 103 F.3d 495, 506 (5th Cir. [sic] 1996) (Defendant's *Motion* at p. 3). First, the *Claiborne* case is a **Sixth Circuit case** and its correct cite is *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ*., 103 F.3d 495 (6th Cir. 1996)[2]. Second, *Claiborne* dealt with a suit brought against the "County Board of Education" and its individual board members. Hence, the repeated references to the "board" therein and what is required for a "board member" or "board of trustees" to be liable. *Id*. Simply, this case is inapplicable and distinguishable.

---

[1] Defendant's *Motion* discussed these claims in separate sections as if they are separate and distinct. Rather, it is well established Fifth Circuit law that § 1983 suits based on violations of the Fourteenth Amendment's Due Process and Equal Protection Clauses are available to Plaintiff. See *Doe v. Beaumont Indep. Sch. Dist*., 615 F. Supp. 3d 471 (E.D. Tex. 2022). Thus, Plaintiff's response discusses them together as many of the enumerated elements of the analyses are reoccurring and work hand in hand.

[2] Defendant repeatedly relies on the legal authority and elements set forth therein as foundational piece of its argument in subsection "B" of Defendant's *Motion*, which is clearly erroneous and should be disregarded.

Additionally, Plaintiff's *Complaint*, in its first Cause of Action, references the "Fifth Amendment" twice, in numbered paragraphs 95 and 102. This is simply a scrivener's error and should only read "Fourteenth Amendment."

**2.      Plaintiff's various Section 1983 claims**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

42 U.S.C. § 1983. Municipal entities such as Defendant Perryton ISD qualify as "persons" under section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**i.      *Monell* liability**

One form of Section 1983 liability is commonly referred to as "*Monell* liability." *Monell* liability under Section 1983 requires proof of three (3) elements: 1) an official policy promulgated by 2) a policymaker 3) that was the moving force behind the violation of a constitutional right. *Monell*, 436 U.S. at 694. First, the official policy "element" may be satisfied by the following:

> First, a plaintiff can show written policy statements, ordinances, or regulations. Second, a plaintiff can show a widespread practice that is so common and well-settled as to constitute custom that fairly represents municipal policy. Third, even a single decision may constitute municipal policy ... when the official or entity possessing final policymaking authority for an action performs the specific act that forms the basis of the § 1983 claim.

*Webb v. Town of Saint Joseph*, 925 F.3d 209, 215 (5th Cir. 2019). See also *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 413 (5th Cir. 2015). Here, Plaintiff has identified several written policies, as well as what it believes to be widespread practice and unwritten policies on the part of Defendant

5

Perryton ISD. (Plaintiff's *Complaint* at ¶¶ 24-39). See also *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 496 (E.D. Tex. 2022) (Court found that plaintiffs colloquial referral to a non-written policy as a policy satisfied the "widespread practice" type *Monell* claim.).

Second, Plaintiff must sufficiently allege the existence of a *Monnell* policymaker, which it has done. Plaintiff has alleged Perryton ISD as a policy maker and Defendant Underwood as an individual delegated with policy making authority. (Plaintiff's *Complaint* at ¶¶ 24-39, 94-117). See also *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 496 (E.D. Tex. 2022) (Court found that plaintiffs sufficiently alleged a policymaker under *Monnell*, which was Beaumont ISD).

Third, "A policy may be shown to be the 'moving force' behind a constitutional injury by providing evidence that: (i) the 'policy itself was unconstitutional'; or (ii) it was adopted with 'deliberate indifference to the known or obvious fact that such constitutional violations would result.'" See *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 496 (E.D. Tex. 2022) (quoting *Webb v. Town of Saint Joseph*, 925 F.3d 209, 219 (5th Cir. 2019). Here, Plaintiff has alleged that those at issue policy(ies) are unconstitutional and discriminate against Plaintiff. (Plaintiff's *Complaint* at ¶¶ 94-117). See also *Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 644 (S.D. Tex. 2012) ("the Fifth Circuit has recognized that an assault of an egregious nature, whether physical or sexual, can rise to the level of a substantive due process violation…") and *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406–07 (5th Cir.1995) (repeated sexual exploitation and statutory rape of a girl by teacher constituted "an actionable deprivation of her liberty interest in freedom from sexual abuse by persons wielding state authority"). In *Beaumont*, the Court acknowledged that "***[t]he Fifth Circuit has consistently instructed district courts to leave it to juries to decide*** whether a statutorily authorized policymaker ha[s] promulgated an unconstitutional policy." *Id*. (emphasis added) (internal quotations omitted).

6

Note, "[a] plaintiff must show that [a policy] was adopted with deliberate indifference" only when "the official policy itself is not facially unconstitutional." *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009). Here, it Is Plaintiff's position that the at issue policy(ies), or lack thereof, are per se unconstitutional, but will address deliberate indifference, nonetheless. Deliberate indifference "goes 'beyond mere negligence or even gross negligence' and to prevail, a plaintiff must demonstrate a degree of indifference that 'amount[s] to an intentional choice, not merely an unintentionally negligent oversight.'" *Beaumont*, 615 F. Supp. 3d at 497 (quoting *James*, 577 F.3d at 617). Plaintiff has pled that Defendants Perryton ISD and Underwood demonstrated degrees of indifference that amounted to "intentional choice" in their policy making. *Id*. (Plaintiff's *Complaint* at ¶¶ 24-39, 94-117).

### ii.    Color of state law for the improper purpose of Underwood's own sexual gratification

Additionally, Section 1983 claims may take other forms. For example, Plaintiff is permitted to state a Section 1983 claim where Defendant Underwood acted under color of state law for the improper purpose of his own sexual gratification. *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 492 (E.D. Tex. 2022). The Fifth Circuit has provided that "'[t]o prevail on such a cause of action, a plaintiff does not have to allege membership in a protected class or group,'" and instead merely needs "'to present evidence that the defendant deliberately sought to deprive [her] of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position.'" *Id*. (quoting *Kelley v. City of Wake Vill.*, 264 Fed. App'x 437, 444 (5th Cir. 2008). As set forth in *Beaumont*, this theory of recovery has "found acceptance within the Second Circuit, Third Circuit, Sixth Circuit, Seventh Circuit, Eighth Circuit, Ninth Circuit, Tenth Circuit, Eleventh Circuit, and D.C. Circuit." *Id*. See also *Gomez v. Harris Cty.*, 2021 WL 3860731, at *1 (S.D. Tex. Aug. 30, 2021) (Hoyt, J.) (§ 1983 equal protection claims could proceed based upon

theories that a state actor acted "under color of law for no reason other than their own sexual gratification."); *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648 (5th Cir. 1997) ("[w]e recognize the effort to end discrimination in education and have acknowledged the importance of applying equal protection law in schools as well as in the workplace to protect students from sexual predators") (emphasis added) (citing *Doe v. Taylor Indep. School Dist.*, 975 F.2d 137, 149 (5th Cir. 1992) ("[s]exual harassment is a form of sexual discrimination proscribed by the equal protection clause.") (emphasis added), cert. denied, 506 U.S. 1087, 113 S.Ct. 1066, 122 L.Ed.2d 371 (1993)); *Kelley*, 264 Fed. App'x at 444 (acknowledging the validity of "class of one"-type equal protection claims).

### iii.    Equal Protection

As an additional example, "[i]t is well established that § 1983 suits based on the Equal Protection Clause are available to plaintiffs alleging unconstitutional gender discrimination in schools." *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 491 (E.D. Tex. 2022) (internal quotations and citations omitted). Here, for Defendant Perryton ISD's policy, practice, or custom to constitute a deprivation of the right to equal protection toward female victims of sexual harassment and abuse, Plaintiff must allege:

> (i) the existence of a "policy, practice, or custom" within the school district of failing to respond to claims of sexual abuse and harassment that created a "breeding ground" for harassment and abuse to occur; (ii) that discrimination against female students was a "motivating factor"; and (iii) that the plaintiff was injured as a result of the policy, custom, or practice.

*Id*. (quoting *Lefebure v. D'Aquilla*, 15 F.4th 650, 665 (5th Cir. 2021).

As to (i), the Fifth Circuit has clarified that "***[a]t the 12(b)(6) stage, a plaintiff's burden*** to allege an unconstitutional policy, practice or custom ***is not onerous***." *Id*. (emphasis added) (citing *Kelley v. City of Wake Vill.*, 264 Fed. App'x 437, 443 (5th Cir. 2008). In *Kelley*, the Court

acknowledged a police department's failure to generate offence reports, to report family violence to DPS, and to follow procedural protocols to support Plaintiff's contention that there was an unwritten policy of minimizing domestic violence allegations. *Kelley*, 264 Fed. App'x at 443. In *Beaumont*, the Court determined that plaintiffs provided factual allegations that were "more than enough to clear *Kelley's* threshold." *Beaumont*, 615 F. Supp 3d at 491 (noting "that BISD has failed to conduct background checks or ignored the criminal records of prospective employees; failed to train staff to observe and report—or otherwise ignored signs of—grooming and child abuse on school premises; failed to report and mischaracterized complaints of sexual misconduct; and transferred predators credibly accused of sexual abuse to other campuses within the school district rather than terminating them."). Here, Plaintiff has pled the existence of polices, and or the lack thereof. Plaintiff also pled what Perryton ISD failed to do and acknowledge, all as part of its claim that discrimination against Victim was a motivating factor and that unwritten policies of minimization and non-enforcement exist within Perryton ISD. See Plaintiff's *Complaint* at ¶¶ 24-39, 94-117).

As to (ii), "[t]o sufficiently allege a 'discriminatory purpose,' a plaintiff must claim 'more than intent as volition or intent as aware[ness] of consequences.'" *Beaumont*, 615 F. Supp 3d at 491 (quoting *Kelley*, 264 Fed. App'x at 443). The Fifth Circuit has further clarified that "'school boards that adopt a head-in-the-sand policy would be foolish indeed, morality aside, because they would encounter other problems, such as the threat of liability under [Section] 1983.'" *Id*. (quoting *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 658 (5th Cir. 1997). And thus, the Fifth Circuit "recognizes that a policy of willful blindness cannot affect 'the importance of applying equal protection in schools ... to protect students from sexual predators.'" *Id*. (quoting *Rosa*, 106 F.3d at 658). In *Beaumont*, the Court found that the "pass the trash policy" identified by Plaintiffs

uniquely affected minor female students. Here, Plaintiff has pled an appropriate discriminatory purpose and identified Defendant Perryton ISD's willful pattern of blindness. See Plaintiff's *Complaint* at ¶¶ 24-39, 94-117).

As to (iii), if (i) and (ii) have been established at the 12(b)(6) stage, it is undisputed that Plaintiff suffered irreparable injuries as a result. See *Beaumont*, 615 F. Supp 3d at 492.

### iv.   Due Process

In addition to those Section 1983 Equal Protection claims identified above, Plaintiff's *Complaint* also asserts a Section 1983 Due Process claim. (Plaintiff's *Complaint* at ¶¶ 94-117). The Fifth Circuit had made it clear that Plaintiff may maintain a substantive due process claim against Perryton ISD for the deprivation of the right to bodily integrity. *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 486 (E.D. Tex. 2022). This is especially certain where the level of sexual assault was as egregious for months on end as it was in this case and where Perryton ISD has acknowledged said assault. *Id*. at 487-488. See also *United States v. Ramos-Sanchez*, 483 F.3d 400,403 (5th Cir. 2007) (regarding any defenses for lack of vulnerability or lack of abusiveness). Here, there is no dispute that Plaintiff has appropriately pled a claim for deprivation of her substantive due process right to bodily integrity. (Plaintiff's *Complaint* at ¶¶ 94-117).

### v.   Additional Section 1983 claims

As further examples, Defendant Perryton ISD can also be liable under Section 1983 if a "hiring decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1416 (5th Cir. 1997) (internal quotations omitted) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 411, 117 S. Ct. 1382, 1392, 137 L. Ed. 2d 626 (1997). Defendant Perryton ISD can also be liable under Section 1983 for "inadequate training." *Rodriguez*

*v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 647 (S.D. Tex. 2012); see also *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1358, 179 L. Ed. 2d 417 (2011).

Plaintiff has alleged sufficient facts to establish Section 1983 claims on the premises of "hiring decision" and "inadequate training." For example, Plaintiff pled considerable facts regarding Defendant Underwood's background and Defendant Perryton ISD's decision to hire him, as well as Defendant Underwood's issues with another female student at Perryton ISD during the previous school year. Also, Plaintiff pled considerable facts regarding Defendant Perryton ISD's widespread acquiescence of its employees, such as Defendant Underwood, not following policy directives. Also, Plaintiff pled considerable facts regarding Defendant Perryton ISD's failure to train its employees, such as Defendant Underwood, on its policies. Also, Plaintiff pled considerable facts regarding Defendant Perryton ISD's failure to implement appropriate reporting policies and procedure, Defendant Perryton ISD's mischaracterizing sexual misconduct, and Defendant Perryton ISD's failure to notify Plaintiff's parents of any reported wrongdoing. Finally, Plaintiff pled considerable facts regarding Defendant Perryton ISD's history of reported sexual misconduct cases. (Plaintiff's *Complaint* at ¶¶ 10-86, 94-117).

In summary, Plaintiff's *Complaint*, in its first Cause of Action, asserts claims against Defendant Perryton ISD and Defendant Underwood under Section 1983 for violations of her rights to Due Process and Equal Protection of the Law pursuant to the Fourteenth Amendment of the United States Constitution, all of which are permitted. (Plaintiff's *Complaint* at ¶¶ 94-117). Plaintiff asserts that Defendant Perryton ISD violated her rights in eleven (11) different ways, as set forth in ¶¶ 102(a-k) and 103(a-e) of Plaintiff's *Complaint*. These violations include, *inter alia*, negligent hiring, failure to supervise, failure to train, failure to investigate, failure to enact adequate policy(ies), and unconstitutional policy(ies). These violations are recognized by the Fifth Circuit

11

as available to Plaintiff as violations of her rights under the Due Proceed and Equal Protection clauses of the Fourteenth Amendment. *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 486 (E.D. Tex. 2022) (Fifth Circuit recognizes § 1983 claims for violations of Due Process and Equal Protection clauses of the Fourteenth Amendment); See also *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 594 (W.D. Tex. 2020) (wherein the Court details many of the applicable analyses).

### vi.    Defendant's Section 1983 school board argument

In essence, Perryton ISD seeks to dismiss Plaintiff's §1983 claim based upon the specious claim that the law requires the members of the actual school board of trustees to violate the Plaintiff's constitutional rights. In support of this claim, Perryton ISD cites to a Sixth Circuit case as precedent, as briefed above. Most importantly, Perryton ISD's attempt to create an illusory wall between the school district and the board of trustees is factually and legally incorrect. Under the facts as alleged by the Plaintiff, Perryton ISD's attempt to isolate the purported "knowledge" held by board of trustees from almost everyone else in the Texas panhandle is ludicrous, to wit:

- Underwood's former employer, Amarillo ISD, knew that Underwood acted inappropriately with minors and was nicknamed the "Perv" by his former co-workers. (Plaintiff's *Complaint* at ¶¶ 10-23).

- Perryton ISD knew that it was important to protect minors from sexual activity with its employees. (Plaintiff's *Complaint* at ¶¶ 24-26).

- Despite knowledge that it was important to protect minors from having sexual activity with school employees, Perryton ISD failed to train or provide in-service training to its employees on the subject. (Plaintiff's *Complaint* at ¶¶ 28-34).

- Perryton ISD has been the subject to multiple complaints of permitting sexual assault of its students prior to these incidents. (Plaintiff's *Complaint* at ¶¶ 35-37).

- Perryton ISD received complaints from students concerning Underwood's behavior months before the incidents in question (Plaintiff's *Complaint* at ¶¶55-56).

- Perryton ISD received complaints from teachers and coaches, all of who observed multiple instances of Underwood's inappropriate conduct with Victim as well as other female students. (Plaintiff's *Complaint* at ¶¶57-67).

- Perryton ISD received a complaint from a local minister concerning Underwood's relationship with the Plaintiff prior to the incidents. (Plaintiff's *Complaint* at ¶68).

- Perryton ISD received a complaint made to two (2) principals from an administrator at Gruver ISD about Underwood's actions toward the victim prior to the incidents in question. (Plaintiff's *Complaint* at ¶¶ 78-81).

- Perryton ISD students confided to the Gruver administrator out of fear of retribution by the Perryton ISD administration, which they had already been subjected to. (Plaintiff's *Complaint* at Complaint ¶ 79).

- Perryton ISD had sufficient knowledge to issue a written directive to Underwood to refrain from further actions toward the Victim, yet the actions continued for two (2) more months. (Plaintiff's *Complaint* at ¶¶73-77).

In summary, the Complaint details that actions of Underwood were known, more than a month prior to Underwood's arrest, by the Perryton ISD Superintendent, its high school Principal, its middle school Principal, its athletic director, multiple teachers, multiple coaches, multiple students, a local minister, Underwood's former employer, and a Principal at Gruver ISD, all of whom made complaints to Perryton ISD. In order to obtain a dismissal at this early stage of the litigation, Perryton ISD apparently seeks to win this case by claiming, without any evidentiary support, that the school board of trustees were the only people in the school (or Texas panhandle for that matter) unaware of Underwood's felonious actions. Simply, Defendant's position is without legal or factual merit and the request for dismissal should be denied.

**B.    Plaintiff pled sufficient facts to support a Title IX claim against Defendant Perryton ISD.**

A school district may be liable under Title IX if it has "actual knowledge of discrimination in [its] programs and [fails] adequately to respond." *Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 878 (S.D. Tex. 2019) (citing *Lozano v. Donna Indep. Sch. Dist.*, 648 F. App'x 412, 413 (5th

Cir. 2016) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998)). To satisfy this evidentiary burden, Plaintiff must allege and prove that "(1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the abuse and (3) responded with deliberate indifference." *Id.* (citing *King v. Conroe Indep. Sch. Dist.*, 289 F. App'x 1, 4 (5th Cir. 2007).

      **1.**      **Plaintiff sufficiently pled that an appropriate official of Defendant Perryton ISD had actual knowledge of sexual harassment.**

First, "[a]n employee has supervisory power if he or she is '(1) invested by the school board with the duty to supervise the employee and (2) had the power to take action that would end such abuse.'" *Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 878 (S.D. Tex. 2019) (quoting *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 983 (S.D. Tex. 2014). Moreover, "[t]o qualify as a supervisory employee, the school official must serve in a position 'with the authority to repudiate that conduct *and* eliminate the hostile environment.'" *King v. Conroe Indep. Sch. Dist.*, 289 F. App'x 1, 4 (5th Cir. 2007) (quoting *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 661 (5th Cir. 1997). See also *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000) (Fifth Circuit confirmed that principal had the authority to take corrective action); *Alice L. v. Eanes Indep. Sch. Dist.*, No. A-06-CA-944-SS, 2007 WL 9710282, at *1 (W.D. Tex. Mar. 15, 2007), *aff'd*, No. A-06-CA-944-SS, 2007 WL 9710310 (W.D. Tex. Nov. 28, 2007) ("notice" was sufficiently pled when a complaint alleged that sexual molestation was reported to the principal of an elementary school).

Second, the Fifth Circuit has made it clear that "[a]ctual knowledge is a question of fact," and where the facts are undisputed, summary judgment may be appropriate. *Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 878 (S.D. Tex. 2019). However, as a question of fact, preliminary dismissal is certainly not appropriate. Further, with respect to actual knowledge, Plaintiff "need

14

not show that the district knew that a particular teacher would abuse a particular student." *Id*. at 879. Rather, "it is enough that 'the school district failed to act even though it knew that [the teacher] posed a substantial risk of harassing students in general.'" *Id*. (quoting *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 659 (5th Cir. 1997)). See also *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022), cert. denied, 144 S. Ct. 1002, 218 L. Ed. 2d 21 (2024) (internal quotations omitted) ("the school must have actual knowledge that harassment has occurred, is occurring, or that there is a substantial risk that sexual abuse would occur"). Simply, "the test is whether the district had 'either actual knowledge of the precise instance of abuse giving rise to the case at hand, or actual knowledge of substantial risk that such abuse would occur.'" *Id*. (quoting *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 992 (S.D. Tex. 2014), aff'd sub nom. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015).

In its *Complaint*, Plaintiff pled that Underwood had a significant history of inappropriate sexual conduct while employed by Amarillo ISD. Not only did the Amarillo ISD athletic department staff refer to him as the "perv," but he was denied coaching positions within the athletic department as a result of his inappropriate behavior and was placed on administrative leave by Amarillo ISD for said inappropriate behavior. (Plaintiff's *Complaint* at ¶¶ 10-21). Further, Underwood was ultimately hired to work as a coach for Perryton ISD by the then Athletic Director of Perryton ISD, who also previously worked with Underwood at Amarillo ISD and was aware of Underwood's history of inappropriate sexual conduct while employed by Amarillo ISD. (Plaintiff's *Complaint* at ¶¶ 22-23).

These facts concerning Underwood's history at Amarillo ISD, which were discovered by Plaintiff without the luxury of any formal discovery and before the *Complaint* was filed, would have been equally available to Perryton ISD when Underwood was hired from Amarillo ISD. There

is no dispute that Perryton ISD has actual knowledge of the substantial risk posed by Underwood before he even began his employment at Perryton ISD. See *Katy*, 427 F. Supp. 3d 870, 878.

Perryton ISD's actual knowledge would have only been amplified by the additional knowledge it acquired during Underwood's employment at Perryton ISD. In its *Complaint*, Plaintiff pled that Underwood had already cultivated a reputation for inappropriate sexual conduct prior to his promotion to Athletic Director. (Plaintiff's *Complaint* at ¶¶ 41-43). Following his promotion, Plaintiff pled that Underwood continued his inappropriate behavior with Victim, which included, *inter alia*, using communication applications sponsored and monitored by Perryton ISD to facilitate inappropriate sexual relations with the Victim, referring to her therein as "wifey" and telling Victim "He loved her." (Plaintiff's *Complaint* at ¶¶ 46-49).

Further, Plaintiff pled that students, parents, teachers, and coaches complained to Perryton ISD administrators about Underwood's inappropriate sexual relationship with Victim. (Plaintiff's *Complaint* at ¶¶ 55-70). In response, Perryton ISD administration regularly permitted Underwood to address the complaints directly with his accusers. (*Id.*). It was also pled that these same administrators, which would include principals and the Superintendent, were present at school events where observable inappropriate conduct was taking place. (*Id.*).

Further, in its *Complaint*, Plaintiff pled that "In early March 2024…Perryton ISD formally and expressly directed Underwood to not be alone with Victim (or other female students) via correspondence issued by Perryton ISD's Superintendent, Greg Brown." (Plaintiff's *Complaint* at ¶ 73). This directive from Superintendent Brown came after the repeated complaints that Perryton ISD had received. (*Id.*). Naturally, Perryton ISD and Superintendent Brown could not have issued said directive without the actual knowledge needed to issue it in the first place. Superintendent Brown certainly sits at the top of the supervisory hierarchy at Perryton ISD.

16

Further, in its *Complaint*, Plaintiff pled that on March 21, 2024, a high-level administrator from another school district, who had received reports of inappropriate sexual misconduct between Victim and Underwood, made a formal report to Perryton ISD administrators, including both the Perryton ISD High School Principal and Perryton ISD Middle School Principal, both of who advised said administrator that Perryton ISD had already received reports of inappropriate sexual misconduct between Victim and Underwood and that an investigation into said conduct was pending. This administrator's formal report included her observations of inappropriate sexual misconduct, reported observations of pictorial evidence depicting inappropriate sexual misconduct, and reported observations of Underwood and Victim spending significant time alone in Underwood's office on school grounds and during school hours. (Plaintiff's *Complaint* at ¶¶ 78-81). By their own admission, Perryton ISD administrators already had actual knowledge of the inappropriate sexual misconduct between Victim and Underwood, which was purportedly under investigation.

Conveniently, all of these facts pled by Plaintiff are deliberately absent from Defendant's *Motion*. Here, this is no dispute that Plaintiff pled sufficient facts to establish that appropriate officials at Perryton ISD had actual knowledge of the sexual misconduct occurring between Underwood and Victim for months on end.

**2.    Plaintiff sufficiently pled that Defendant Perryton ISD acted with deliberate indifference.**

With respect to deliberate indifference, a district's conduct "must amount to an intentional choice, not merely an unintentionally negligent oversight." *James v. Harris Cnty*., 577 F.3d 612, 618 (5th Cir. 2009). See also *Ramos v. Webb Consol. Indep. Sch. Dist*., 724 F. App'x 338, 340 (5th Cir. 2018). Again, "what makes a response or a remedial action reasonable depends on the facts of each case" and is a fact question that certainly survives preliminary dismissal. *Doe v. Katy Indep.*

17

*Sch. Dist.*, 427 F. Supp. 3d 870, 879 (S.D. Tex. 2019) (citing *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 388 (5th Cir. 2000). As a fact question, "[w]hat is appropriate remedial action necessarily depends on the particular facts of the case, such as the severity and persistence of the harassment and the effectiveness of any initial remedial steps." *Doe v. Granbury I.S.D.*, 19 F. Supp. 2d 667, 677 (N.D. Tex. 1998) (citing *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 660-61 (5th Cir.1997). See also *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 456 n. 12 (5th Cir.) ("We can foresee many good faith but ineffective responses that might satisfy a school official's obligation in these situations, *e.g.,* warning the state actor, notifying the student's parents, or removing the student from the teacher's class."); *Baker v. Onalaska Indep. Sch. Dist.*, No. 2:08CV406DF-CE, 2009 WL 3157406, at *1 (E.D. Tex. Sept. 28, 2009) ("actual notice" and "deliberate indifference" were sufficiently pled when it was alleged that a principal and superintendent had previously received reports of a coach's sexual misconduct); *Alice L. v. Eanes Indep. Sch. Dist.*, No. A-06-CA-944-SS, 2007 WL 9710282, at *8 (W.D. Tex. Mar. 15, 2007), *aff'd*, No. A-06-CA-944-SS, 2007 WL 9710310 (W.D. Tex. Nov. 28, 2007) ("deliberate indifference" was sufficiently pled when an elementary school principal had notice of sexual abuse and harassment, but took an unreasonable course of action).

In its *Complaint*, Plaintiff pled sufficient facts alleging that Perryton ISD acted with deliberate indifference. For example, Perryton ISD had received complaints about inappropriate sexual misconduct between Underwood and Victim at least as early as early March 2024, and in response, Superintendent Brown merely issued a written directive to Underwood to not be alone with Victim. (Plaintiff's *Complaint* at ¶ 73). However, Superintendent Brown did nothing further and the sexual harassment by Underwood against Victim continued for ***nearly two (2) more months*** despite an alleged "ongoing investigation." Further, neither Superintendent Brown, nor

18

any other Perryton ISD administrator, advised Victim's parents about the allegations received and directive given to Underwood. (Plaintiff's *Complaint* at ¶ 74-76). This is especially concerning as the inappropriate sexual relationship between Underwood and Victim only amplified following the written directive. Further, following the issuance of the written directive, Underwood continued to communicate with Victim, Underwood and Victim posted about each other on social media, and Underwood was permitted to take the Victim home alone from a track meet several hours away, which was also in direct contravention to written school policy. (Plaintiff's *Complaint* at ¶ 64-65).

Then, as described above, on March 21, 2024, a high-level administrator from another school district, who had received reports of inappropriate sexual misconduct between Victim and Underwood, made a formal report to Perryton ISD administrators, including both the Perryton ISD High School Principal and Perryton ISD Middle School Principal, both of who advised said administrator that Perryton ISD had already received reports of inappropriate sexual misconduct between Victim and Underwood and that an investigation into said conduct was pending. (Plaintiff's *Complaint* at ¶¶ 78-81). However, despite this assertion by administrators about an ongoing investigation, ***absolutely nothing*** was done for an entire month between March 21 and April 22, 2024. There is no indication that Superintendent Brown or any other Perryton ISD administrator did anything to prevent the ongoing sexual conduct and communications between Underwood and Victim, all of which repeatedly occurred in Underwood's office on school grounds from March 21, 2024 to April 22, 2024. Underwood was never put on leave nor questioned about the repeated allegations and complaints Perryton ISD had received. And, even worse, the Victim's parents were never notified about the formal complaint received by Perryton ISD from a high-level administrator of another school district. Finally, no one from Perryton ISD ever followed up

19

with said high-level administrator about her reported allegations. (Plaintiff's *Complaint* at ¶¶ 81-83).

### CONCLUSION

As identified above, Plaintiff has sufficiently pled those facts necessary to establish Section 1984 and Title IX claims, and said facts are more than enough to survive a preliminary motion to dismiss. The plethora of cases cited in Defendant's *Motion* also support this conclusion. Simply, an overwhelmingly majority of those cases cited by Defendant in Defendant's *Motion* were ***not disposed*** of at a preliminary motion to dismiss stage. Instead, those cases were either resolved at the summary judgment stage or were ultimately tried to the trier of fact and then appealed.

At a minimum, Defendant's *Motion* is premature, and the arguments set forth therein are more akin to a motion for summary judgment. Moreover, Plaintiff has not even been afforded the opportunity conduct discovery in this matter, which will include, *inter alia*, receipt of Defendant Perryton ISD's file on Underwood, receipt of Amarillo ISD's file on Underwood, written discovery requests, and the taking of depositions of those officials and policymakers that Plaintiff has pled had actual knowledge of the sexual misconduct and were deliberately indifferent to it.

**WHEREFORE**, premises considered, Plaintiff respectfully requests that Defendant's *Motion* be denied, and that it be awarded any other and further relief the Court deems just and equitable.

20

Respectfully submitted,


/s/ *Tyler. L. Gentry*

Tyler L. Gentry, OBA No. 32400
Kyle Goodwin, OBA No. 17036 and
SBN 24117975
GOODWIN LEWIS, PLLC
420 NW 6th St., 2nd FL
Oklahoma City, OK 73102
P: (405) 900-5700
tgentry@goodwinlewis.com
kgoodwin@goodwinlewis.com

and

MAYFIELD HEINRICH RAHLFS
WEABER & PARSONS, LLP
Brian P. Heinrich, SBN 09382320
320 S. Polk, Suite 1000
Amarillo, Texas 79101
(806) 242-0152 – Telephone
(806) 242-0159 – Fax
brian@mhrwp.com

***Attorneys for Plaintiff***

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 30th day of September 2024.


/s/ *Tyler. L. Gentry*
Tyler L. Gentry

22