**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| S.J., as Parent, Conservator, and Next Friend of N.J., | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | |
| PERRYTON INDEPENDENT SCHOOL DISTRICT, and | § § § | **CASE NO. 2:24-cv-00168-Z** |
| COLE UNDERWOOD, Individually and in his official capacity as Athletic Director of Perryton ISD, | § § § § § § | |
| **Defendants.** | § § | |

**DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT ("District" or "Defendant Perryton ISD"), by and through counsel, and hereby files this Reply in Support of Defendant Perryton ISD's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and would show the Court as follows:

**I.    Plaintiff has failed to meet the pleading requirements to survive Defendant Perryton ISD's Motion to Dismiss.**

Although the Fifth Circuit may disfavor granting motions to dismiss, a complainant still must plead "enough facts to state a claim of relief that is plausible on its face." *Monroe v. Aldine Indep. Sch. Dist.*, No. 4:24-CV-00139, 2024 WL 3627777, at *2 (S.D. Tex. July 31, 2024) (granting school district's motion to dismiss plaintiff's Section 1983 and Title IX complaints). *See e.g., Doe*

1

*v. Columbia-Brazoria Ind. Sch. Dist. by & through Bd. of Trustees,* 855 F.3d 681 (5th Cir. 2017) (dismissing Plaintiff's Section 1983 and Title IX claims); *Plummer v. Univ. of Houston*, 860 F.3d 767 (5th Cir. 2017) (dismissing Title IX claim); *Headrick v. Burleson Indep. Sch. Dist.,* No. 3:22-CV-02480-E, 2023 WL 6149139 (N.D. Tex. Sept. 20, 2023) (dismissing Title IX and Section 1983 claims); *Normore v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-2506-N, 2019 WL 2189258 (N.D. Tex. May 21, 2019) (dismissing Title IX claim).

## II.   Section 1983 claim requires plaintiff to allege action by the District's policymaker that is the moving force behind the alleged constitutional violation.

Here, Plaintiff's Response to Defendant Perryton ISD's Motion to Dismiss ("Response") (ECF No. 21) correctly cites the elements of a Section 1983 claim; however, Plaintiff's Complaint fails to include the necessary factual allegations to support these required elements to pursue a Section 1983 claim.   Defendant Perryton ISD acknowledges well-pled allegations should be accepted as true for the analysis at this stage, but such factual allegations must show the claim is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible Section 1983 claim requires factual allegations of (1) an official policy (2) promulgated by a policymaker (3) that is the moving force behind the violation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

"Under § 1983, a municipality or local governmental entity such as an independent school district may be held liable only for acts for which it is actually responsible." [1]  *Doe on Behalf of*

---

[1]  Defendant Perryton ISD acknowledges that the Brief in Support of the District's Motion to Dismiss included an error in the citation for *Doe  v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.,* 103 F.3d 495(6th Cir. 1996). This error was an unintentional oversight and was not intended to mislead Plaintiff or the Court. Further, although a decision form the Sixth Circuit Court of Appeals is not binding authority in this matter, other courts within this jurisdiction have cited to the *Claiborne County* case when considering the applicable standards for a Section 1983 claim. *Lee v. McGuire*, No. 1:20-CV-00058-BU, 2024 WL 3973067 (N.D. Tex. Aug. 6, 2024); *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, No. 3:01-CV-1092-R, 2002 WL 1592694 (N.D. Tex. Jul. 16, 2002). More importantly, as discussed in this Reply, the limitations on a school district's liability for constitutional violations described by the Sixth Circuit in the *Clairborne County* case also appear in Fifth Circuit jurisprudence, as both Circuits rely upon the same Supreme Court decision. Therefore, Plaintiff's attempts to discredit the District's Motion to Dismiss based on a typographical error are misplaced.

*Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986); *Spann v. Tyler Indep. Sch. Dist.*, 876 F.2d 437, 438 (5th Cir.1989)). Plaintiff appears to argue there is a distinction between an action against the District, compared to an action against the District's Board of Trustees, when analyzing the sufficiency of a plaintiff's pleading for a Section 1983 claim against a school district. *See* ECF 21 at p. 4. However, in the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity. *Jathanna v. Spring Branch Indep. Sch. Dist.*, No. H-12-1047, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012) (citing *New Caney Indep. Sch. Dist. Bd. of Trustees v. Burnham Autocountry, Inc.*, 960 S.W.2d 957, 959 (Tex. App. – Texarkana, 1998, pet. denied). To assert liability, alleged action by the District necessarily refers to action taken by the District's Board of Trustees acting in its official capacity. *Id.*

Plaintiff's Complaint acknowledges the District has adopted policies to protect students from sexual harassment and harm (ECF No. 1 at ℙ 24); policies forbidding any relationship between a student and a teacher which subjects the student to sexual harassment (ECF No. 1 at ℙ 25); policies for travel to and from athletic events (ECF No. 1 at ℙ 26); and policies related to teacher/student communications (ECF No. 1 at ℙ 27). Following Plaintiff's acknowledgement of such policies, the Complaint includes numerous allegations of how such policies were ignored or violated by individuals responsible for implementing or following such policies. *See* ECF No. 1 at ℙℙ 29-39. Although Plaintiff's Response now suggests he has alleged that the District's policies are unconstitutional, there is no such allegation in the Complaint that any Board-adopted policy identified in the Complaint is unconstitutional on its face. Further, there are no allegations that the wrongful conduct attributed to individuals was condoned or ratified by the District's policymaker – the Perryton ISD Board of Trustees. Rather, the Complaint consistently alleges specific actions

3

by individuals and then attempts to conflate responsibility for the conduct by suggesting both the individual and the District are responsible for the alleged consequences of the individual's conduct. Such allegations are insufficient to support a cause of action under Section 1983 because *respondeat superior* liability is not allowed for such actions. *See Monell*, 436 U.S. at 691; *see also Doe through Next Friend Roe v. Snap, Inc.*, No. H-22-00590, 2022 WL 2528615, at *3 (S.D. Tex. July 7, 2022) (noting that plaintiff's complaint did not mention Board of Trustees, and allegations were therefore insufficient to allege that Board of Trustees was responsible for unconstitutional policy or custom); *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 413 (5th Cir. 2015) (finding that policies "prohibiting racial discrimination, bullying, and harassment" negated inference that Board of Trustees was deliberately indifferent to student-on-student racial harassment).

The allegations against Perryton ISD at Paragraphs 94-117 of the Complaint reflect a recitation of "labels and conclusions" for a Section 1983 cause of action that are insufficient without more specific factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Any specific factual allegations included in the Complaint consistently allege wrongful conduct by certain District employees. Plaintiff follows this with conclusory allegations of constitutional violations attributable to both Perryton ISD and Underwood – a clear attempt to hold the District liable for the alleged acts of Underwood and/or other District employees under a *respondeat superior* theory of liability that is not allowed under Section 1983. *See Monell*, 436 U.S. at 691.

**B.     Plaintiff's conclusory allegation that Defendant Underwood is a policymaker is insufficient to avoid dismissal.**

To avoid dismissal, Plaintiff argues that his Complaint alleges "Perryton ISD as a policy maker and Defendant Underwood as an individual delegated with policy making authority." ECF No. 21 at p. 6 (citing to Complaint at ¶¶ 24-39, 94-117). To support this allegation as sufficient, Plaintiff attempts to rely upon *Doe v. Beaumont Indep. Sch. Dist.*, 615 F.Supp. 3d 471, 496 (E.D.

4

Tex. 2022). However, even Plaintiff acknowledges the alleged policymaker in that case was Beaumont ISD, not an individual employee).

Plaintiff cannot rely upon the alleged actions of Defendant Underwood or other Perryton ISD administrators to create liability for a claim against the District. "Whether an official has policymaking authority is a question of state law." *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir.1993). In *Jett*, the Fifth Circuit explained that under Texas law, policymaking authority in an independent school district rests with the board of trustees. *Id*. Therefore, the policymaking authority of Perryton ISD is vested exclusively in its Board of Trustees. *Id. See also Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 216 (5th Cir.1998); Tex. Educ. Code § 11.051 ("An independent school district is governed by a board of trustees who, as a body corporate, shall … oversee the management of the district").

The Fifth Circuit has also considered the role of school administrators related to policymaking. "Although Texas law provides that the principal is to exercise decision-making authority in certain areas, even in those areas the principal must follow the guidelines and policies established by the school district." *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir.1995). Similarly, Plaintiff's vague, conclusory allegation that Underwood was a policymaker as the District's Athletic Director is insufficient absent other allegations of a delegation of authority by the District's Board of Trustees. *See Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d at 216. Notably, the allegations of constitutional harm in the Complaint are attributed collectively to Perryton ISD and Underwood in a single list without any attempt to distinguish between the actions of each that may have resulted in the alleged harm. *See* ECF No. 1 at ℙ 102. Such pleading is insufficient since the District is not liable merely because one of its employees allegedly violates an individual's constitutional rights. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

**C.      Plaintiff's alternative theories for Section 1983 liability against Defendant Perryton ISD are not sufficiently pled to survive dismissal.**

As an alternative basis for avoiding dismissal, Plaintiff argues that Perryton ISD can be liable under Section 1983 if a hiring decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. ECF No. 21 at p. 10 (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1416 (5th Cir. 1997)). In *Hillsboro*, the Fifth Circuit acknowledged the Supreme Court's warning that "liability in such cases will necessarily be rare." *Hillsboro*, 113 F.3d at 1416. Further, the Fifth Circuit upheld the dismissal of Doe's complaint against Hillsboro ISD related to Doe's sexual assault by a school custodian due to insufficient allegations of knowledge by the school district that would support the hiring decision constituted deliberate indifference to potential harm. Similarly, in this matter, Plaintiff alleges the District's prior Athletic Director had certain knowledge about Underwood's conduct before Underwood was hired by Perryton ISD. ECF No. 1 at ¶¶ 10-21. Now, in the Response, Plaintiff attempts to impute that alleged knowledge to the District – but the Complaint lacks any specific allegation that such information was shared with or available to the District's Board of Trustees. Vague allegations against the District in Plaintiff's Response do not equate to pleading such allegations in his Complaint. Doe *ex rel. Doe v. Dallas Indep. Sch. Dist.*, No. CIV.A.3:01-CV-1092-R, 2002 WL 1592694, at *4 (N.D. Tex. July 16, 2002).

Plaintiff also argues that Defendant Perryton ISD may be liable under Section 1983 for inadequate training. ECF No. 21 at p. 11. Once again, Plaintiff fails to acknowledge that liability on this basis is rare. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train"). To avoid dismissal of a failure-to-train claim, a plaintiff must plead sufficient facts to show: "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately

indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 594–95 (W.D. Tex. 2020) (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010). It is not sufficient to show that an injury or accident could have been avoided if the employee had better or more training. *Canton v. Harris*, 489 U.S. 378, 391 (1989). Here, Plaintiff's allegation that the District failed to implement its policies is not enough. Plaintiff has not pled sufficient facts to show that Perryton ISD "staff violated constitutional rights so often that the court may infer from the pattern of violations a 'plainly obvious' need for further … training." *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 596 (W.D. Tex. 2020). To show deliberate indifference based on a "proof-by-pattern" method, a plaintiff must allege "a pattern of abuses that transcends the error[s] made in a single case." *Id*. (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009) (finding that a pattern requires sufficiently numerous prior incidents and concluding that 27 complaints of the use of excessive force over four years was insufficient to show a pattern of abuse); *Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) (finding eleven incidents of warrantless entry did not support a pattern of abuse)). Because Plaintiff's Complaint fails to allege sufficient facts to support liability for the District under Section 1983, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendant Perryton ISD respectfully requests the Court dismiss Plaintiff's Section 1983 claims in their entirety.

**II.    Plaintiff's Complaint allegations are insufficient to support a claim under Title IX.**

Plaintiff's argument that the Fifth Circuit has made it clear that "actual knowledge is a question of fact" is irrelevant when analyzing a motion to dismiss, since the standard of review requires the Court to consider all well-pled allegations as true. *See* ECF No.21 at p. 14 (citing *Doe v. Katy Indep. Sch. Dist.*, 427 F.Supp. 3d 870, 878 (S.D. Tex. 2019), discussing the standards for

summary judgment, not a motion to dismiss). Whether Defendant Perryton ISD disputes the allegations is not at issue at this time. Rather, the question is whether Plaintiff identified grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Notably, in *Baker v. Onalaska Independent School District,* cited by Plaintiff, the court notes Baker did not attempt to argue her individual complaint and the District's response constituted notice and deliberate indifference.  Rather Baker's pleading was sufficient under Title IX because her complaint alleged the district had notice of a prior allegation that the same coach she complained about also inappropriately touched another student, and the school district failed to take any action to prevent the coach from repeating the same conduct with Baker. *Baker v. Onalaska Indep. Sch. Dist.*, No. 2:08-CV-406-DF-CE, 2009 WL 3157406, at *2 (E.D. Tex. Sept. 28, 2009). Similarly, the plaintiffs in *Alice L. v. Eanes Independent School District*, cited by the Plaintiff, were able to survive the school district's motion to dismiss because the Complaint alleged school district administrators had specific notice that its response to an initial sexual assault against one of the plaintiffs was insufficient to stop the assaults, but the administrator took no further action. *Alice L. v. Eanes Indep. Sch. Dist.*, No. A-06-CA-944-SS, 2007 WL 9710282, at *9 (W.D. Tex. Mar. 15, 2007), *aff'd*, No. A-06-CA-944-SS, 2007 WL 9710310 (W.D. Tex. Nov. 28, 2007). The complaint allegations described in these cases are distinguishable from the current case. Plaintiff does not allege the District had notice of Underwood sexually assaulting another student before his daughter and failed to respond. Nor does the Complaint allege the District refused or failed to take further action in response to reports that a previous response to reported conduct was

ineffective and unlawful conduct was continuing. Further, Plaintiff's Response argues Underwood was never put on leave, which is contradicted by Paragraph 84 of the Complaint.

Title IX liability may not be imposed where an appropriate official either "did not know of the underlying facts indicating a sufficiently substantial danger" or "'knew the underlying facts, but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'" *Rosa H. v. San Elizario Indep. Sch. Dist*., 106 F.3d 648, 659 (5th 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 843-44 (1994)). Additionally, "actual knowledge" requires that an appropriate school official have knowledge of specific sexual incidents by a specific offender. *See  Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 646-647 (1999). *See also Gebser*, 524 U.S. at 290; *Carabello v. N.Y. City Dep't of Educ*., 928 F. Supp. 2d 627, 639 (E.D.N.Y. 2013). The allegations of prior conduct alleged in the Complaint did not involve sexual contact. Such allegations are insufficient to support an inference that an appropriate official had actual knowledge of unlawful sexual conduct by Underwood or knew Underwood posed a substantial risk of sexually harassing Plaintiff's daughter. *See J.T. v. Uplift Education*, 679 F.Supp.3d 540, 552 (N.D. Tex. 2023) (finding that "red flags" that should have alerted the district of a substantial risk that a teacher was sexually assaulting a student were insufficient to create liability because the law requires the district actually knew of the risk).

Similarly, Plaintiff's factual allegations of deliberate indifference are insufficient. Plaintiff has failed to allege facts to show the District's actions were "clearly unreasonable." Instead, Plaintiff alleges multiple actions taken by the District – initiating an investigation, providing Underwood a written directive to not be alone with Plaintiff's daughter, placing Underwood on leave. ECF No. 1 at ¶¶ 73, 81, 84. When a school district takes some kind of action in response to allegations of sexual abuse, even if the response is imperfect, courts have held there is no deliberate

indifference. *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380 (5th Cir. 2000). *See also Monroe,* 2024 WL 3627777 at \*4 (dismissing plaintiff's Title IX claim and citing *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 369 (5th Cir. 2019) ("negligent delays, botched investigations of complaints due to the ineptitude of investigators, or responses that most reasonable persons could have improved upon do not equate to deliberate indifference."). Because the Complaint fails to allege sufficient facts to support a private right of action under Title IX, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendant Perryton ISD respectfully requests the Court dismiss Plaintiff's Title IX claims in their entirety.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Perryton Independent School District prays the Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and enter an order dismissing all of Plaintiff's claims in their entirety with prejudice. Defendant further prays for any such other and further relief to which it may show itself entitled.

Respectfully submitted,

/s/ *Slater C. Elza*

| | |
|---|---|
| Slater C. Elza | Janet Sobey Bubert |
| State Bar No. 24000747 | State Bar No. 24036281 |
| slater.elza@uwlaw.com | janet.bubert@uwlaw.com |
| Fred A. Stormer | |
| State Bar No. 24013579 | **UNDERWOOD LAW FIRM P.C.** |
| Fred.stormer@uwlaw.com | 600 Bailey Ave., Suite 200 |
| | Fort Worth, TX 76107 |
| **UNDERWOOD LAW FIRM P.C.** | Tel. (817) 885-7529 |
| P.O. Box 9158 | Fax (817) 439-9922 |
| Amarillo, TX 79105 | |
| Tel: (806) 376-5613 | Attorneys for Defendant |
| Fax: (806) 379-0316 | Perryton Independent School District |

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 14th day of October, 2024.

*/s/ Slater C. Elza*
Slater C. Elza