IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| S.J., as parent, conservator, and next friend of N.J., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:24-cv-168-Z-BR |
| PERRYTON INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING INTERVENOR PLAINTIFF'S MOTION TO INTERVENE**

Before the Court is Intervenor Plaintiff's ("Intervenor") Motion To Intervene. (ECF 29). Having reviewed Intervenor's Motion and Reply, Plaintiff's Response and Sur-Reply, and the controlling law, Intervenor's Motion To Intervene is DENIED.

**I.     BACKGROUND**

A. **Procedural History**

Plaintiff filed this suit, as parent, conservator, and next friend of N.J. ("the minor"), against Defendants Perryton Independent School District ("P.I.S.D.") and Cole Underwood ("Underwood"). Plaintiff asserts causes of action under 42 U.S.C. Section 1983 and Title IX against P.I.S.D. Plaintiff also asserts causes of action under 42 U.S.C. Section 1983, 18 U.S.C. Section 2251(a), as well as the state tort claims of gross negligence and intentional infliction of emotional distress, against Underwood. (ECF 1). All causes of action arise out of incidents allegedly occurring while Underwood was a teacher and coach at P.I.S.D., where the minor

Plaintiff was a student. Intervenor seeks to intervene in the case, also as next friend of the minor.[1] (ECF 29). Neither Plaintiff nor Intervenor asserts causes of action on their own behalf.

### B. Intervenor's Motion to Intervene

Intervenor asks the Court to grant intervention under both Federal Rule of Civil Procedure 24(a)(2) (intervention as a matter of right) and Rule 24(b)(1)(b) (permissive intervention). (ECF 29 at 2). Intervenor seeks to assert causes of action under Title IX, Masha's law, as well as state law claims of general negligence, respondeat superior, negligent hiring, negligent supervision, and negligent retention and continuing employment against P.I.S.D. Intervenor seeks to assert causes of action under Masha's law, as well as a state law claim of assault, against Underwood.

## II.     LEGAL STANDARD

### A. Subject Matter Jurisdiction and Standing

The Court has subject matter jurisdiction over this case because Plaintiff has asserted causes of action created by federal law. *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 26, 145 S.Ct. 41, 47, 220 L.Ed.2d 289, 297 (2025). Intervenor also seeks to assert claims arising under federal law, so the instant motion does not affect the Court's subject matter jurisdiction.

A party seeking to intervene under Rule 24(a)(2) must have Article III standing "when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439, 137 S.Ct. 1645, 1651, 198 L.Ed.2d 64 (2017). Permissive intervention under Rule 24(b) does not require the intervenor to have independent standing if the lawsuit is ongoing. *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006).

---

[1] Plaintiff is the minor's father and joint managing conservator (ECF 1 at 1), and Intervenor is the minor's mother and joint managing conservator (ECF 35 at 2). Plaintiff and Intervenor divorced on November 29, 2018. (ECF 35-1 at 2).

### B. Rule 24(a): Intervention of Right

Generally, Rule 24(a) permits a party to seek intervention as a matter of right. *See* Fed. R. Civ. P. 24(a). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be construed liberally." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). "Federal courts should allow intervention when no one would be hurt, and greater justice could be attained." *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Without a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Rule 24(a)(2). Fed. R. Civ. P. 24 (a)(2). Intervention as a matter of right is proper when:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (citing *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)); *see also* Fed. R. Civ. P. 24(a)(2).

> Although failure to satisfy any one element precludes the applicant's right to intervene, we have noted that the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application and concluded that intervention of right must be measured by a practical rather than technical yardstick.

*Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (cleaned up) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)).

### C. Rule 24(b)(1)(B): Permissive Intervention

Rule 24(b) provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of

law or fact." Fed. R. Civ. P. 24. "Permissive intervention under Rule 24(b) is wholly discretionary with the district court...even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *DeOtte v. Azar*, 332 F.R.D. 173, 178 (N.D. Tex. 2019) (quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987)). Rule 24(b) "gives district courts discretion to allow intervention when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 318 (S.D. Tex. 2012) (cleaned up) (quoting *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 n. 2 (5th Cir.1989)).

### III. ANALYSIS

#### A. Intervenor Standing

Intervenor does not address her Article III standing. "This alone is a basis to deny…[a] Motion to Intervene following the Supreme Court's decision in *Town of Chester*." *DeOtte*, 332 F.R.D. at 179. Yet, like the court in *DeOtte*, this Court will address Intervenor's standing *sua sponte* "to avoid further delay." *Id*. Regarding Rule 24(a) standing, the Court finds that Intervenor seeks the same desired relief as Plaintiff. *See Town of Chester*, 581 U.S. at 439. Therefore, the Court finds that Intervenor has standing to intervene in this suit.

#### B. Rule 24(a): Intervention of Right

##### 1. Intervenor's Motion to Intervene is Not Timely.

The Court first addresses whether Intervenor's Motion to Intervene was timely. *Ross*, 426 F.3d at 753. In *Stallworth v. Monsanto Co.*, the Fifth Circuit established four factors to consider when evaluating whether a motion to intervene was timely:

> Factor 1. The length of time during which the would-be intervenor actually or reasonably should have known of his interest in the case before he petitioned for leave to intervene.
> 
> \*\*\*
>
> Factor 2. The extent of prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.
>
> \*\*\*
>
> Factor 3. The extent of prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.
>
> \*\*\*
>
> Factor 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

558 F.2d 257, 264-266 (5th Cir. 1977). According to the Fifth Circuit,

> [a]lthough these factors give structure to our timeliness analysis, we have explicitly observed that the timeliness analysis remains 'contextual,' and should not be used as a tool for retribution to punish the tardy would-be intervenor, but rather [should serve as] a guard against prejudicing the original parties by the failure to apply sooner.

*Ross*, 426 F.3d at 754 n.28 (cleaned up) (quoting *Sierra Club*, 18 F.3d at 1205). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (cleaned up) (quoting *McDonald v. E.J. Lavino Co.,* 430 F.2d 1065, 1074 (5th Cir.1970)).

### a. Factor 1: Time Lapse

The first *Stallworth* factor "focuses on the time lapse between [Intervenor's] receipt of actual or constructive knowledge of his interest in the litigation and the filing of his motion for intervention." *Ross*, 426 F.3d at 754; *see also Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267, 279 (2022) ("Timeliness is to be determined from all the circumstances and the point to which [a] suit has progressed is...not solely dispositive.") (cleaned up) (quoting *NAACP v. New York*, 413 U.S. 345, 365-366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973)). "Generally filing a motion to intervene as soon as an intervenor realizes its interests are not adequately protected is sufficient to meet the timeliness requirement." *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1018 (5th

5

Cir. 2022).

It is important to note that because Intervenor brings this motion as next friend of the minor, the interests in question are solely those of the minor, not of Intervenor. Here, Intervenor does not assert in her pleading when she realized the minor's interests were not adequately protected. Generally, the length of time for this factor is measured from the point when an intervenor was on notice that its interest may not be protected by another party already in the suit, not when it learned of its interest. *See Cameron*, 595 U.S. at 279. However, because timeliness is ultimately determined from all circumstances, and in the absence of any pleading by Intervenor to support the first factor, the Court gives more weight to Intervenor's actual notice seven months before filing her motion. (ECF 32-2 at 1) (noting the email exchange, dated August 9, 2024, between Plaintiff's counsel and P.I.S.D.'s counsel wherein they confirm that an email copy of the complaint would be sent to Intervenor). This factor weighs against Intervenor due to the relatively straightforward nature of the procedural history and the absence of any claims by Intervenor that her interests on behalf of the minor may not be protected.

### b. *Factor 2: Prejudice to Plaintiff.*

The second *Stallworth* factor requires that the Court determine the extent to which Plaintiff will be prejudiced by Intervenor's failure to seek intervention at an earlier time. *Ross*, 426 F.3d at 755. "This factor is concerned with the prejudice caused by the [intervenor's] delay, not that prejudice which may result if intervention is allowed." *Id.* (quoting *Edwards*, 78 F.3d at 1002); *see also Stallworth*, 558 F.2d at 265 ("Although it is sometimes suggested that any prejudice that would result by virtue of intervention is relevant (internal citation omitted) this is incorrect.").

> [T]he prejudice to the original parties to the litigation that is relevant to the question of timeliness is only that prejudice which would result from the would-be intervenor's failure to request intervention as soon as he knew or reasonably should have known about his interest in the action.

6

*Stallworth*, 558 F.2d 265.

Absent from Intervenor's motion is when she knew, or reasonably should have known, about her minor child's interest in the action. Because Intervenor has made no argument for this point, the Court will apply the date Intervenor received actual notice, which is as early as August 9, 2024, approximately seven months before she filed her motion to intervene. (ECF 32-2 at 1). The case has progressed in a relatively straightforward manner and, as Plaintiff asserts, several deadlines within the current Scheduling Order have already passed and more than half a dozen will have passed by June 2025. (ECF 32 at 4); (ECF 27). Intervenor's delay in seeking intervention is not predicated upon any concern with the trajectory of the case to date; instead, she seeks to supplement and enhance the underlying case. (*See* ECF 35 6, 8).

Plaintiff's Complaint has survived a Motion to Dismiss, and Plaintiff argues Defendant would likely reassert a Motion to Dismiss based upon Intervenor's proposed complaint. (ECF 32 at 4). Additionally, mediation has already taken place, as well as initial disclosures and "considerable written discovery, to include thousands of pages of documents thus far." (*Id.*; *see also* ECF 34). Plaintiff argues that the intervention "will require further motion practice, more written discovery, another mediation, a delay in the taking of depositions that are extremely difficult to schedule with as many witnesses as are involved, and a need to continue previously ordered scheduling deadlines…" (ECF 32 at 4-5).[2] Intervenor's concern rests solely in the causes of action Plaintiff raises. Such concerns could have been raised almost a year ago, when Intervenor received a copy of Plaintiff's complaint; therefore, Intervenor's delay in seeking intervention jeopardizes the timing of Plaintiff's case.

---

[2] The discovery deadline in the current Scheduling Order is August 15, 2025. (ECF 27 at 4).

### c.  Factor 3: Prejudice to Intervenor

The third *Stallworth* factor "focuses on the prejudice the potential intervenor would suffer if not allowed to intervene." *Ross*, 426 F.3d at 756 (citing *John Doe No. 1 v. Glickman*, 256 F.3d 371, 378-79 (5th Cir. 2001)). "The rule arose out of a concern that a [Rule 24] section (a) intervenor may be seriously harmed if he is not permitted to intervene." *Stallworth*, 558 F.2d at 266 (cleaned up) (quoting *McDonald v. E. J. Lavino Co.*, 430 F.2d at 1073).

What Intervenor appears to argue is that prejudice emerges if the Intervenor cannot add additional claims to the underlying suit. Intervenor states that the intervention "will clarify the child's legal position and allow for a more complete, efficient resolution" and can "contribute additional claims, arising from the same factual discovery, and perspectives relevant to her daughter's rights." (ECF 35 at 6).

Plaintiff argues that the absence of the additional claims would not prejudice the minor. For example, regarding the tort claims against P.I.S.D, Plaintiff argues that "these tort claims provide no additional damage relief to [the minor] outside of what has already been asserted by Plaintiff." (ECF 32 at 4). Plaintiff further argues that the viability of such claims is suspect: "Texas Tort Claims Act…provides that governmental entities are generally immune from tort liability and Intervenor's tort claims do not fall within the scope of any waivers…Hence, why Plaintiff did not allege said causes of action…as they would have simply been subject to swift dismissal." (ECF 32 at 4 n. 2).

The Court reiterates that the interests in question are those *of the minor*, not of Intervenor. Therefore, the question of whether Intervenor would suffer any prejudice is narrowed to whether the minor would suffer any prejudice. The minor's interests are inherently preserved because said interests are already asserted by Plaintiff; regardless of intervention, the minor's interests will be

advanced. Therefore, the Court is not convinced that the absence of Intervenor's claims would so prejudice the minor's interests as to cause serious harm. *Stallworth*, 558 F.2d at 266. This factor also weighs against Intervenor.

### d. Factor 4: Unusual Circumstances

The fourth *Stallworth* factor pertains to any unusual factors weighing in favor of a finding of timeliness. *Ross*, 426 F.3d at 756. Neither Intervenor nor Plaintiff claim this factor is applicable; therefore, the Court will not address it. (ECF 32 at 5; ECF 35 at 6).

Because *Stallworth* factors one, two, and three weigh against Intervenor, the Court finds that Intervenor's Motion to Intervene is not timely. *See* 558 F.2d at 264-266. Nevertheless, the Court addresses the remaining factors for intervention as a matter of right.

### 2. Intervenor has an interest on behalf of the minor.

The second element that an intervenor must satisfy in order to intervene as a matter of right is the assertion of an interest related to the property or transaction at issue in the case. *Ross*, 426 F.3d at 757. The Fifth Circuit has held that to meet this requirement, "an applicant must point to an interest that is direct, substantial, [and] legally protectable." *Id.* at 57 n. 44 (cleaned up) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). Additionally, "the intervenor should be the real party in interest regarding his claim." *Ross*, 426 F.3d at 757 (quoting *Saldano*, 363 F.3d at 551). Despite these requirements, the Fifth Circuit has observed that "the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Sierra Club*, 18 F.3d at 1207 (citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 n.10 (5th Cir. 1992)).

Intervenor claims that she "has a direct legal interest in the subject of this litigation as the court-appointed joint conservator" of the minor. (ECF 35 at 6). Intervenor meets this element only

because, as a joint managing conservator intervening on behalf of the minor, she maintains an interest solely on behalf of the minor's interest, and the minor's interest is direct, substantial, and legally protectable. *See Ross*, 426 F.3d at 757; (*see also* ECF 37) (Plaintiff's Sur-Reply) ("[The minor's] interests should not only be the paramount consideration herein, but the *only* consideration when the claims are brought on her behalf.") (emphasis in original).

### 3. The disposition of this case will not impair or impede the interests of the minor.

The third element "that an [intervenor] must satisfy is that the disposition of the case into which he seeks to intervene may, as a practical matter, impair or impede his ability to protect [that] interest." *Ross*, 426 F.3d at 760 (cleaned up) (quoting *Sierra Club*, 18 F.3d at 1207). "Though the impairment must be 'practical' and not merely 'theoretical,' the [intervenors] need only show that if they cannot intervene, there is a possibility that their interest could be impaired or impeded." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 306-07 (5th Cir. 2022).

Intervenor fails to demonstrate this element. Intervenor does not raise concerns regarding the minor's interests, such as the preservation of rights, but only claims that Intervenor's "participation enhances the completeness of the case and expands the potential avenues for relief" via the additional negligence claims and the additional Masha's law claim. (ECF 35 at 6-7). The exclusion of these claims could, at best, represent a *theoretical* impairment or impediment. *See supra* Part III Section B(1)(c); (ECF 37 at 4) (noting Plaintiff's argument regarding the inapplicability of Intervenor's additional Masha's Law claim against P.I.S.D). Further, the Court is not convinced that, absent Intervenor's additional claims, the minor's interests are impaired or impeded. Intervenor points to no issue or concern in Plaintiff's handling of the case, nor does Intervenor point to any impairment or impediment. Thus, Intervenor fails to meet this element.

### 4. Plaintiff adequately represents the minor's interests.

The final element "that a potential intervenor must satisfy in order to intervene as a matter of right is that the existing parties do not adequately represent his interest." *Ross*, 426 F.3d at 760 (cleaned up) (quoting *John Doe No. 1*, 256 F.3d at 380)." [T]he applicant need not show that the representation by existing parties will be, for certain, inadequate." *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (cleaned up) (quoting James W. Moore, et al., *Moore's Federal Practice* § 24.03[1][a][i] (3d ed.2008)). Rather, the potential intervenor need only show that "the representation of his interest may be inadequate." (*Id.*) (cleaned up) (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)).

Intervenor argues that Plaintiff's representation of the minor's interests may be inadequate because of the "different legal positions, factual access points, and relational perspectives" from which Intervenor and Plaintiff approach the case. (ECF 35 at 8). However, Intervenor does not show how Plaintiff may be inadequate in representing the minor's interests, but only argues that she "seeks to supplement Plaintiff's strategy." (*Id.* at 9). The Court is not convinced that the differences in Intervenor and Plaintiff's claims or strategy reflect an adversity of interest that would give rise to a possibility of inadequate representation. As such, Intervenor fails to meet this element.

Intervenor does not show that the intervention is timely, that the disposition of the case impairs or impedes the minor's interests, or that she asserts an interest on behalf of the minor that is not already adequately represented. Consequently, Intervenor has not established a Rule 24(a) intervention of right.

### C. Rule 24(b): Permissive Intervention

Rule 24(b) "gives district courts discretion to allow intervention when (1) timely

application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 318 (S.D. Tex. 2012) (cleaned up) (quoting *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 n. 2 (5th Cir.1989)). Further, "[p]ermissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).

Intervenor, on behalf of her minor daughter, shares a common question of law or fact with the main action brought by the minor's father. However, the Court has determined that the intervention is not timely and that the intervention would unduly delay or prejudice the adjudication of the minor's rights. Plaintiff claims that this intervention would most likely result in a second motion to dismiss filed by Defendant P.I.S.D., as well as significant delays in scheduling. (ECF 32 at 9,4). The Court agrees and finds no utility in the further delays that would almost inevitably result through granting intervention. Intervenor has failed to show that her intervention would preserve, protect, or further the minor's interests in a manner not already adequately protected by Plaintiff.

## IV. CONCLUSION

Based on the foregoing, Intervenor's Motion to Intervene is DENIED.

IT IS SO ORDERED.

ENTERED June 25, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

12