**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **S.J., as Parent, Conservator,** | § | |
| **and Next Friend of N.J.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **PERRYTON INDEPENDENT** | § | **CASE NO. 2:24-cv-00168-Z** |
| **SCHOOL DISTRICT, and** | § | |
| | § | |
| **COLE UNDERWOOD,** | § | |
| **Individually and in his official** | § | |
| **capacity as Athletic Director of** | § | |
| **Perryton ISD,** | § | |
| | § | |
| **Defendants.** | § | |

---

**JOINT STATUS REPORT**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

S.J., as Parent, Conservator and Next Friend of N.J. (the "Plaintiff") and Perryton Independent School District (the "Defendant") file this Joint Status Report pursuant to the Order of this Court dated March 31, 2016 (ECF No. 51) and state as follows:

1. The Plaintiff and Defendant, having considered the standards for filing under seal set forth in *Binh Hoa Le v. Exeter Fin. Corp*, 990 F3d 410, 416 (5th Cir. 2021), have conferred and agree that there is not any information in Defendant's Motion for Summary Judgment (ECF No. 48) or Defendant's Brief in Support of Motion for Summary Judgment (ECF No. 49) that should be filed in redacted form or that is required to be filed under seal.

2.      The Plaintiff and Defendant have conferred and disagree as to whether the following categories of information appearing in Defendant's Appendix in Support of Summary Judgment (ECF No. 50, hereafter "Appendix in Support"), should be redacted and/or remain under seal:

      a.      any individual's social security number, except the last four digits;

      b.      any individual's date of birth, except for the year; and

      c.      the name of any minor.

3.      Plaintiff's position is they should be redacted and filed of record, as should have been done in the first place, and thus, not remain under seal.

4.      Defendant's position is that the above categories of information as set forth in paragraph 2 should be redacted pursuant to FRCP 5.2, and this information as redacted should remain under seal.

5.      The Plaintiff and Defendant have conferred and disagree as to whether the following categories of information should be redacted and/or remain under seal:

      a.      identifying references to N.J., the names of N.J.'s parents (including step-parents), or identifying references to N.J.'s parents (including step-parents), that could reveal N.J.'s identity;

      b.      identifying references to any minors or students, the names of minors' or students' parents, or identifying references to such minors' or students' parents, that could reveal the identity of a minor or student; and

      c.      photos, images, pictures, or likenesses of N.J., her parents, or any other minors or students.

6.      Plaintiff's position is they should be redacted and filed of record, as should have been done in the first place, and thus, not remain under seal.

7.      Defendant's position is that there is no authority under the Federal Rules of Civil Procedure or otherwise that authorizes the Defendant to redact the categories of information in paragraph 5. But, having considered the standards for filing under seal set forth in *Binh Hoa Le v. Exeter Fin. Corp,* 990 F3d 410, 416 (5th Cir. 2021), and in light of protecting the privacy interests of students and minors, such categories of information in paragraph 5 should be redacted from the Appendix in Support and this information should remain under seal.

8.      Although counsel for Defendant referred to Plaintiff and N.J. by initials in its Motion for Summary Judgment and its Brief in Support of Summary Judgment, it did not consider whether any part of its Appendix in Support should be redacted or filed under seal, and the public filing of its Appendix in Support without redaction was inadvertent.

9.      Per the Court's Order, Defendant intends to file, under seal, a Motion to Seal the above categories of information appearing in its Appendix in Support that Defendant believes should be redacted, on or before 5:00 p.m. (CDT) Monday April 6, 2026, and such motion shall include as an exhibit a redacted version of the Appendix in Support suitable for public filing.

Dated: April 3, 2026

Respectfully submitted,

By: /s/ *Tyler. L. Gentry*

Tyler L. Gentry, OBA No. 32400
Kyle Goodwin, OBA No. 17036 and
SBN 24117975
GOODWIN / LEWIS / CASON / GENTRY
420 NW 6th St., 2nd FL
Oklahoma City, OK 73102
P: (405) 900-5700
tgentry@goodwinlewis.com
kgoodwin@goodwinlewis.com

and

MAYFIELD HEINRICH RAHLFS
WEABER & PARSONS, LLP
Brian P. Heinrich, SBN 09382320
320 S. Polk, Suite 1000
Amarillo, Texas 79101
(806) 242-0152 – Telephone
(806) 242-0159 – Fax
brian@mhrwp.com


*Attorneys for Plaintiff*

By:    */s/ Slater Elza*

Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
Fred Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas  79105
(806) 376-5613
Fax: (806) 379-0316


Janet Sobey Bubert
State Bar No. 24036281
Janet.bubert@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
600 Bailey Avenue, Suite 200
Fort Worth, TX  76107
(817) 885-7529
Fax: (817) 439-9922

*Attorneys for Defendant*
*Perryton Independent School District*