**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **S.J., as Parent, Conservator,** | § | |
| **and Next Friend of N.J.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PERRYTON INDEPENDENT** | § | **CASE NO. 2:24-cv-00168-Z** |
| **SCHOOL DISTRICT, and** | § | |
| | § | |
| **COLE UNDERWOOD,** | § | |
| **Individually and in his official** | § | |
| **capacity as Athletic Director of** | § | |
| **Perryton ISD,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION BASED**
**ON SPOLIATION OF CRITICAL EVIDENCE AND BRIEF IN SUPPORT**

Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
Fred A. Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
**UNDERWOOD LAW FIRM P.C.**
P.O. Box 9158
Amarillo, TX 79105
Tel: (806) 376-5613
Fax: (806) 379-0316

Janet Sobey Bubert
State Bar No. 24036281
janet.bubert@uwlaw.com
**UNDERWOOD LAW FIRM, P.C.**
600 Bailey Avenue
Suite 200
Fort Worth, TX  76107
Tel: (817) 885-7529
Fax: (817) 439-9922

ATTORNEYS FOR DEFENDANT
PERRYTON INDEPENDENT SCHOOL DISTRICT

**TABLE OF CONTENTS**

Table of Contents ............................................................................................................. ii

Table of Authorities .......................................................................................................... iii

I.     STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ....................1

II.    ARGUMENT AND AUTHORITIES ..............................................................................5

     A.     Plaintiff's improper and exclusive reliance on the Court's inherent
           authority to award sanctions is not sufficient to support his motion for
           an adverse inference jury instruction ......................................................................5

     B.     Federal Rule of Civil Procedure 37 (e) governs remedies for spoliation of
           electronically stored information ............................................................................6

          1.    Plaintiff failed to meet his burden to prove the predicate elements
             of Rule 37(e) ...............................................................................................8

             (a)   The unproduced text messages are not relevant ESI that should have been
                  preserved ...............................................................................................8

             (b)   Perryton ISD took reasonable steps to preserve all relevant ESI ...............9

             (c)   Plaintiff made no effort to restore or replace the lost ESI ........................10

          2.    Plaintiff cannot obtain an adverse inference jury instruction due to the absence
             of proof Perryton ISD intended to deprive Plaintiff of relevant information ..11

          3.    Plaintiff failed to show any prejudice from the unproduced text messages ....16

III.   PRAYER .....................................................................................................................17

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Adler v. McNeil Consultants, LLC,*
　No. 3:19-cv-2025-K-BN, 2023 WL 2699511 (N.D. Tex. Feb. 15, 2023) .................................. 8

*BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*,
　730 F. Supp. 3d 308 (N.D. Tex. 2024) ............................................................................ passim

*Cleary v. Am. Airlines, Inc.*,
　No. 4:21-cv-184-O, 2022 WL 5320126 (N.D. Tex. July 22, 2022) ......................................... 7

*Doe v. Dallas Indep. Sch. Dist*.,
　153 F.3d 211 (5th Cir. 1998) .................................................................................................... 15

*Ford v. Anderson Cnty., Texas*,
　102 F.4th 292 (5th Cir. 2024) ..................................................................................................... 6

*Goodyear Tire & Rubber Co. v. Haeger*,
　581 U.S. 101 (2017)..................................................................................................................... 5

*Guzman v. Jones,*
　804 F.3d 707 (5th Cir. 2015)....................................................................................................... 7

*Keister on behalf of Est. of Orr v. Dolgencorp, L.L.C.*,
　139 F.4th 449 (5th Cir. 2025)..................................................................................................... 6

*Miller v. Michaels Stores, Inc.*,
　98 F.4th 211 (5th Cir. 2024)....................................................................................................... 6

*New Jersey v. T.L.O.*,
　469 U.S. 325 (1985).................................................................................................................... 14

*O'Connor v. Ortega*,
　480 U.S. 709 (1987).................................................................................................................... 14

*Owens v. Bd. of Supervisors of Louisiana State Univ. & Agric. and Mech. Coll.*,
　695 F.Supp.3d 750 (M.D. La. 2023) ......................................................................................... 13

*Richard v. Inland Dredging Co., LLC*,
　No. 6:15-0654, 2016 WL 5477750 (W.D. La. Sept. 29, 2016)........................................... passim

*United Health Care Services, Inc. v. Rossel*,
   No. 3:21-cv-1547-L-BT, 2024 WL 1252365 (N.D. Tex. 2024).................................................. 7


U.S. Constitution

Fourth Amendment ........................................................................................................... 14


Texas Constitution

Art. I, Sec. 9 ..................................................................................................................... 14

Rules

Federal Rule of Civil Procedure 30 ........................................................................... 10, 17
Federal Rule of Civil Procedure 37 (e) ................................................................... passim

Other Authorities

Federal Rule of Civil Procedure 37, Advisory Committee Notes, 2015 Amendments……6, 11, 16

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| S.J., as Parent, Conservator, and Next Friend of N.J., | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | |
| PERRYTON INDEPENDENT SCHOOL DISTRICT, and | § § § | **CASE NO. 2:24-cv-00168-Z** |
| COLE UNDERWOOD, Individually and in his official capacity as Athletic Director of Perryton ISD, | § § § § § | |
| **Defendants.** | § § | |

---

**DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION BASED ON SPOLIATION OF CRITICAL EVIDENCE AND BRIEF IN SUPPORT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Perryton Independent School District ("Perryton ISD" or "District"), and files this Response to Plaintiff's Motion for Adverse Inference Jury Instruction Based on Spoliation of Critical Evidence and Brief in Support.

## I.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Perryton ISD asserts that Plaintiff's Motion for Adverse Inference Jury Instruction Based on Spoliation of Critical Evidence ("Plaintiff's Motion) does not fully or accurately describe the relevant circumstances in this matter. *See* ECF No. 46. The following facts and procedural history are presented to provide the Court with a complete statement of relevant facts.

Page 1

1.      On May 6, 2024, Goodwin/Lewis, PLLC, sent a Preservation of Evidence Notice to Greg Brown ("Brown"), Superintendent of Perryton ISD. Appx.[1] 005-007 (Exhibit 1 to Brown Affidavit). The notice informed the District of potential claims related to improper conduct that occurred between a named minor and former Perryton ISD employee, Cole Underwood ("Underwood"). The notice further requested preservation of "any documents and electronically stored information in your possession, custody, or control that contains information that may be <u>relevant</u> to the Subject Incident or Subject Investigation." *Id*. (emphasis added).

2.      On May 7, 2024, Fred Stormer from the Underwood Law Firm, counsel for Perryton ISD, acknowledged receipt of the Preservation of Evidence Notice via email. ECF No. 47 at 8.[2]

3.      On May 9, 2024, Brown sent an email to those Perryton ISD staff members who may have information relevant to the Subject Incident, notifying them of a Preservation Notice received from Goodwin/Lewis, PLLC and provided instruction regarding the litigation hold. Appx. 008 (Exhibit 2 to Brown Affidavit). Brown expressly stated, "<u>For now, here is what you need to do. Hold on to anything that you have that is related to Cole and the minor student in the allegation (text messages, emails in your personal email account, notes, pictures, etc...)</u> and don't delete it." *Id.* (emphasis in the original). Perryton ISD staff members who received this communication included Sandi Wheeler ("Wheeler"), Junior High Principal at Perryton ISD.  Appx. 20, 24-25 (Wheeler Affidavit ¶4; Exhibit 1)

---

[1] Perryton ISD's Appendix in support of this Response is filed separately. Citations to the Appendix are "Appx.____."
[2] References to documents in the Appendix to Plaintiff's Motion, ECF No. 47, refer to the page number identified in the Court's file stamp at the top of each page.

4.      On June 11, 2024, Brown sent a follow-up email to Perryton ISD staff members, including Wheeler, informing them of a second Preservation Notice and provided additional instruction regarding the litigation hold. Appx. 012 (Exhibit 3 to Brown Affidavit).

5.      On August 9, 2024, Plaintiff filed his Complaint. ECF No. 1.

6.      On November 21, 2024, Plaintiff served his First Interrogatories, Requests for Production and Requests for Admission to Defendant Perryton ISD. ECF No. 47 at 17-40.

7.      On December 4, 2024, Brown sent an email to Perryton ISD staff members, including Wheeler, informing them that this lawsuit had been filed and that all information pertaining to the lawsuit needed to be placed in electronic folders created by Perryton ISD, so that the District could provide the information to legal counsel. Appx. 016 (Exhibit 4 to Brown Affidavit).  Brown directed employees to "[P]lease upload everything that you have, even if you wonder if it's relevant." *Id.*

8.      On December 20, 2024, Defendant Perryton ISD served its Objections and Responses to Plaintiff's First Interrogatories, Requests for Production and Requests for Admission. Subject to the District's relevancy objection, the documents produced included all text messages between Wheeler and Underwood that Wheeler had provided to the District. ECF No. 47 at 45-141.[3]

9.      On September 24, 2025, Plaintiff deposed Wheeler. During the deposition questioning, Perryton ISD became aware that Wheeler had deleted some text messages with Underwood. Wheeler testified during her deposition that while reviewing messages in response to

---

[3] The Appendix to Plaintiff's Motion, ECF No. 47, states that these text messages were "Documents Responsive to Plaintiff's RFP No. 4," but the messages were actually part of the documents that Defendant Perryton ISD produced in response to Plaintiff's Request For Production No. 8.

Brown's December 4 directive, she deleted text messages about some of her colleagues that did not have anything to do with this case and included unprofessional comments or "the F word." Appx. 041-042 (Wheeler deposition transcript at 64:11-19; 95:2-8). Wheeler also testified that she produced all messages that had to do with Underwood and N.J., but she did not think that photos of her son with his pickup or messages about whether Underwood should dress as Ted Lasso for Halloween would be relevant. Appx. 043 (Wheeler Deposition Transcript at 142:17-21).

10.    On February5, 2025, Brown met with Wheeler to discuss the deletion of the text messages. Appx. 003 (Brown Affidavit ¶ 9).  During this meeting, Wheeler explained that the text messages were not relevant to the claims in this case. *Id.* In an abundance of caution, Brown instructed Wheeler to make efforts to recover the text messages. *Id.* On February 6, 2025, Brown emailed Wheeler following their meeting and reiterated his directive that she should attempt to retrieve the lost text messages. Appx. 017. On or about February 2, 2026, in response to a conversation with Brown prior to the February 5 meeting,  Wheeler contacted Verizon Customer Support to assist her in an attempt to recover the deleted text messages. Appx. 022 (Wheeler Affidavit at ℙ 12). The Verizon employee informed Wheeler that once she had deleted the messages, they could not be recovered by Verizon. *Id.*

12.    On or about February 9, 2026, and at the direction of Brown, Wheeler contacted Apple to attempt to recover the deleted text messages. Appx. 022 (Wheeler Affidavit at ℙ 13). The Apple employee informed Wheeler that the text messages could not be recovered by Apple once she had deleted them from her phone. *Id*.

13.    On February 17, 2026, Plaintiff conducted a second deposition of Brown.  Appx. 035.

14.    The discovery period for this matter concluded on February 20, 2026. Defendant Perryton ISD allowed a total of 19 depositions of its employees, former employees, trustees and former trustees as requested by Plaintiff for a total of approximately 38 hours.[4]

15.    Between the date of Wheeler's deposition on September 24, 2025, and the close of discovery on February 20, 2026, Plaintiff's counsel made no inquiries or attempts to initiate a conference with Defendant Perryton ISD's counsel to discuss any concerns about alleged spoliation of ESI. Since that time, Plaintiff made no effort to confer on the alleged spoliation issue until Plaintiff's counsel sent an email on March 26, 2026, informing Defendant Perryton ISD's counsel of Plaintiff's intent to file the Motion the next day and asking whether Defendant was opposed. Appx. 045.

## II.    ARGUMENT AND AUTHORITIES

**A.    Plaintiff's improper and exclusive reliance on the Court's inherent authority to award sanctions is not sufficient to support his motion for an adverse inference jury instruction.**

The legal authority relied upon by Plaintiff in support of his request for an adverse inference jury instruction is not applicable to the circumstances presented. Plaintiff incorrectly cites and attempts to rely upon the legal standard for the inherent power possessed by federal courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). However, the Court's inherent power is inapplicable to spoliation claims for electronically stored information ("ESI").

---

[4] Due to scheduling conflicts, the parties agreed that Plaintiff could depose Dacey Smith after the Discovery Period had concluded and Defendant could depose N.J. after the Discovery Period had concluded.

Federal Rule of Civil Procedure 37(e) provides the exclusive framework used to analyze alleged spoliation of ESI. The Advisory Committee Notes on Rule 37(e) from the 2015 amendments state that Rule 37(e) "forecloses reliance on inherent authority or state law." Fed. R. Civ. P. 37(e), Advisory Committee Notes, 2015 Amendments. In line with this guidance, courts within the Fifth Circuit apply Federal Rule of Civil Procedure 37(e) as the exclusive framework for analyzing spoliation of ESI. *See, e.g., Keister on behalf of Est. of Orr v. Dolgencorp, L.L.C.*, 139 F.4th 449, 453 (5th Cir. 2025); *Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 323–24 (5th Cir. 2024); *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 219 (5th Cir. 2024). As a result, Plaintiff's reliance on the Court's inherent authority is insufficient to obtain relief. Plaintiff has provided no applicable legal authority to support his motion for an adverse inference jury instruction. *See Richard v. Inland Dredging Co., LLC*, No. 6:15-0654, 2016 WL 5477750, at *4 (W.D. La. Sept. 29, 2016) (party alleging spoliation bears the burden of proof). Accordingly, Plaintiff's Motion should be denied.

**B.      Federal Rule of Civil Procedure 37(e) governs remedies for spoliation of electronically stored information**.

As referenced above, Federal Rule of Civil Procedure Rule 37(e) is the exclusive framework used by courts to analyze alleged spoliation of ESI and a request for sanctions due to the loss of ESI. Federal Rule of Civil Procedure 37(e) states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1)      upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2)      only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Before a court imposes sanctions or considers potential prejudice, it must determine the existence of four predicate elements: (1) the ESI should have been preserved, (2) the ESI was lost, (3) it was lost due to failure to take reasonable steps to preserve, and (4) the lost ESI cannot be restored or replaced through discovery. *See BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*, 730 F. Supp. 3d 308, 325 (N.D. Tex. 2024); *Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-184-O, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022). The duty to preserve the ESI is triggered when the party knows or reasonably should know that the information may be relevant to future litigation. *See Guzman v. Jones,* 804 F.3d 707, 713 (5th Cir. 2015).

If these four predicate elements are met, the Court then addresses possible remedies under Rule 37(e)(1) or 37(e)(2), which have additional and different requirements that must be considered *before* sanctions can be imposed. *Cleary* at *9 (citation omitted). Under these subdivisions, Rule 37(e):

> • allows courts, under Rule 37(e)(2), "to impose certain severe sanctions for the intentional failure of a party to preserve *relevant* ESI, but only after a finding that the party 'acted with the intent to deprive another party of the information's use in the litigation,' " and
>
> • "[i]f the court does not find that the spoliating party acted with an intent to deprive[ ] but determines that the loss of ESI prejudiced another party," allows courts, under Rule 37(e)(1), to "impose lesser sanctions in the form of 'measures no greater than necessary to cure the prejudice.' "

*United Health Care Services, Inc. v. Rossel*, No. 3:21-cv-1547-L-BT, 2024 WL 1252365 *4 (N.D. Tex. 2024) (citing *Cleary* at *9) (emphasis added).

1.     **Plaintiff failed to meet his burden to prove the predicate elements of Rule 37(e).**

Federal Rule of Civil Procedure 37(e) does not specify which party bears the burden of proof in spoliation claims; however, district courts have consistently held that the party seeking sanctions under Rule 37(e) bears the burden of proving spoliation by a preponderance of the evidence. *See, e.g., Adler v. McNeil Consultants, LLC,* No. 3:19-cv-2025-K-BN, 2023 WL 2699511, at *14 (N.D. Tex. Feb. 15, 2023).

Plaintiff failed to sufficiently prove the predicate elements under Federal Rule of Civil Procedure 37(e). Specifically, Plaintiff failed to present evidence (1) that the unproduced ESI should have been retained because it was relevant to Plaintiff's claims; (2) that Perryton ISD failed to take reasonable steps to preserve relevant ESI; and (3) failed to prove that the ESI could not be replaced or restored through additional discovery.

(a)     **The unproduced text messages are not relevant ESI that should have been preserved.**

Wheeler testified that she deleted the messages because she believed the messages were irrelevant to the case as they contained information regarding explicit frustration with other staff members, pictures and discussions of her son, and Halloween costume ideas. Appx. 041-043 (Wheeler Deposition Transcript at 64:11-19, 95:2-12 and 142:17-21); *see also* Appx. 021-022 (Wheeler Affidavit at ¶ 9-10). Specifically, after identifying and producing all text messages with Underwood related to N.J. or Underwood's interactions with other female students, Wheeler deleted other text messages with Underwood regarding her frustration with her colleagues, District staff members, and parents on unrelated matters. Appx. 021-022 (Wheeler Affidavit at ¶ 9-10). Wheeler acknowledged that she deleted the messages unrelated to the issues raised in the lawsuit because they were laced with profanities and derogatory comments and could have been damaging

to her employment if discovered by the Superintendent or the Defendant's Board of Trustees.[5] Appx. 041 (Wheeler Deposition Transcript at 64:11-19); *see also* Appx. 021-022 (Wheeler Affidavit at ¶ 9-10). Wheeler provided no testimony that reasonably supports a determination that the deleted messages were relevant to Plaintiff's case; and Plaintiff has provided no evidence to the contrary.

### (b)    Perryton ISD took reasonable steps to preserve all relevant ESI.

Plaintiff acknowledged the efforts made by Defendant Perryton ISD to issue a litigation hold and monitor employee compliance with the litigation hold, thereby affirming that the District took reasonable steps to preserve relevant information. ECF No. 46 at pp. 1-2, 6. Specifically, Superintendent Brown circulated a litigation hold memo to all employees who could have evidence, including Wheeler, promptly after receiving Plaintiff's Notice to Preserve Evidence. Appx. 001-002, 005-011 (Brown Affidavit at ¶ 3-5; Exhibit 1 & 2 to Brown Affidavit). Brown followed this initial correspondence up with a second litigation hold memo following receipt of a second notice to preserve evidence from counsel for N.J.'s mother. Appx. 002, 012-015 (Brown Affidavit at ¶ 6; Exhibit 3 to Brown Affidavit). Brown also expressly instructed these employees to save everything and directed employees to deliver all ESI to him. Appx. 012-016. As the deadline for submitting ESI to the District was approaching, and Wheeler had not tendered any records, Brown personally followed up with Wheeler, who told him she would deliver all ESI by the December12, 2024 deadline. Appx. 003 (Brown Affidavit at ¶ 8); Appx. 021 (Wheeler Affidavit at ¶ 8). Wheeler produced 98 pages of text messages between herself and Underwood. *See* ECF No. 47 at 45-141.

---

[5] Among other instances of highly unprofessional communications, Wheeler acknowledges that in her messages to Defendant Underwood, she frequently used the word "fuck", referred to a female colleague as a "cunt" and another colleague as a "dumb ass." Appx. 021-022 (Wheeler Affidavit at ¶ 10).

### (c)    Plaintiff made no effort to restore or replace the lost ESI.

Plaintiff acknowledged that Wheeler attempted, unsuccessfully, to recover the lost text messages. ECF No. 46 at 6. Plaintiff also acknowledged that Defendant instructed Wheeler to turn over the text messages and upon learning of the deletion, Brown reprimanded her and directed her to try to recover the text messages. *Id.* Glaringly absent, however, Plaintiff did not identify any effort of his own to restore or obtain the deleted text messages through additional discovery or to obtain information related to the contents of the deleted messages from another source.

The deposition of Wheeler occurred on September 24, 2025 (Appx. 39), and discovery closed on February 20, 2026. ECF No. 43 at 5. Plaintiff could have conducted additional discovery to restore or replace the text messages in the five months of discovery that remained following Wheeler's deposition. Plaintiff provided no evidence of any effort expended to recover or replace the text messages through additional discovery, despite Defendant's counsel allowing Plaintiff to take additional depositions beyond the number allowed under Federal Rule of Civil Procedure 30 governing Depositions by Oral Examination. To date, Plaintiff has taken nineteen depositions, all of which could have been used to obtain the information in the missing messages and to support Plaintiff's claims against Defendant. Additionally, Plaintiff could have deposed Underwood to learn of the substance of the communications.

Although Plaintiff now claims the deleted messages are critical to his case, he failed or refused any attempt to locate the missing messages through alternate avenues of discovery that were available to him. Plaintiff also failed to make any effort to confer with Defendant Perryton ISD regarding any alleged spoliation concerns and ways to secure the information from other sources prior to or following the conclusion of the discovery period. Plaintiff now incorrectly argues that he is entitled to an adverse jury instruction because Perryton ISD cannot produce the

missing messages (despite Defendant having taken all reasonable steps to have Wheeler preserve and recover the missing messages). If Plaintiff believed the messages were crucial to his case, Plaintiff should have made some effort to secure this evidence himself. *See* Fed. R. Civ. P. 37(e) Advisory Committee Notes, 2015 Amendments; *see also Richard*, 2016 WL 5477750, at *4. For example, Plaintiff provided no evidence of any effort to obtain the deleted messages between Wheeler and Underwood from Underwood's phone, which could offer access to the text messages Wheeler deleted. *See BHI Energy I Power Servs. LLC,* 730 F. Supp. 3d at 326 (holding that BHI was not prejudiced by the deletion of text messages because it could have obtained the same information from the counterparty to the text messages).

Plaintiff's failure to establish the predicate elements of a request for sanctions under Rule 37(e) is dispositive and no further inquiry is required. However, in an abundance of caution and to illustrate the lack of any prejudice to Plaintiff, Defendant Perryton ISD provides the following additional argument and authorities to support its position that no sanctions or intervention by the Court is warranted in response to Plaintiff's Motion.

**2.      Plaintiff cannot obtain an adverse inference jury instruction due to the absence of proof Perryton ISD intended to deprive Plaintiff of relevant information.**

Under Federal Rule of Civil Procedure 37(e)(2), the Court may impose a severe sanction, such as the adverse inference jury instruction requested by Plaintiff, only upon a finding that Perryton ISD acted with the intent to deprive Plaintiff of the information's use in the litigation. Fed. R. Civ. P. 37(e). Plaintiff has failed to establish that either Wheeler or Perryton ISD deleted the text messages with an intent to deprive the Plaintiff of the information's use in litigation as required under Federal Rule of Civil Procedure 37(e)(2). On the contrary, the District, by and through Brown, instructed Wheeler to preserve and produce all ESI. Plaintiff concedes as much in

Plaintiff's Motion. ECF No. 46 at 2-3. Further, Brown directed employees, including Wheeler, to save all ESI and let the Defendant's attorneys decide if the ESI should be produced. Appx. 016 (Exhibit 4 to Brown Affidavit). Brown also directed Wheeler to attempt to recover the deleted messages from her phone company or Apple. Appx. 003 (Brown Affidavit at ¶ 9); *see also* Appx.022 (Wheeler Affidavit at ¶ 11).

Plaintiff acknowledged that Wheeler deleted the text messages despite receiving multiple instructions to the contrary from Superintendent Brown. ECF No. 46 at 6. Wheeler testified her intent in deleting certain messages unrelated to the lawsuit was to keep her boss and colleagues from discovering her petty and profane remarks. Appx. 041 (Wheeler Deposition Transcript at 64:3-19). Finally, after Wheeler's deposition, upon learning that she had deleted some messages with Defendant Underwood, Brown directed Wheeler to make every effort to recover the deleted messages. Appx. 003 (Brown Affidavit at ¶ 9) and Appx. 037 (Brown Deposition Transcript at 296:14-24). Therefore, Defendant Perryton ISD did not act with an intent to deprive Plaintiff's use of the information in litigation as Defendant fulfilled its duties in issuing the litigation hold, monitoring compliance, and requiring recovery efforts to be undertaken. Appx. 002-003 (Brown Affidavit at ¶ 4-9); Appx. 037 (Brown Deposition Transcript at 296:14-24). *See also BHI Energy I Power Servs. LLC,* 730 F. Supp. 3d at 326.

The Advisory Committee Notes directly reject gross negligence as a basis for Rule 37(e)(2) sanctions and explain that gross negligence is not enough, further clarifying that 37(e)(2) is limited to intentional loss. *See Richard*, 2016 WL 5477750, at *4. Consistent with the Advisory Committee Notes, Courts in this jurisdiction have set a high bar for finding an intent to deprive the other party of the requested information prior to an award of severe sanctions under Rule 37(e)(2).

For example, in a case involving *Louisiana State University*, a suit was filed challenging the effectiveness of LSU's Title IX and sexual misconduct response program, which included specific allegations against the school's tennis coaches. *Owens v. Bd. of Supervisors of Louisiana State Univ. & Agric. and Mech. Coll.*, 695 F.Supp.3d 750 (M.D. La. 2023). During the litigation, a motion for sanctions under Rule 37(e) was considered by the court in response to the school's failure to preserve data from the LSU-issued cell phones used by the tennis coaches. *Owens,* 695 F.Supp.3d at 753-54. In responding to the request for sanctions, the court determined it could not find an intent to deprive by LSU, despite the court's findings that (1) the school could have taken additional action to preserve the cell phone data by initiating back-ups when the litigation was initiated; (2) someone at LSU had wiped all data from the phones as the result of a failed litigation hold that was not sufficiently monitored; (3) there was a lack of proper communication to relevant staff related to the need to preserve key data; and (4) the cell phone data was irrecoverably lost. *Owens,* 695 F. Supp. 3d at 756-761.

In this case, there is no evidence of any intent to deprive Plaintiff of information for use in litigation. An intent to deprive cannot be inferred solely based on the existence of the four predicate elements required under Federal Rule of Civil Procedure 37(e). *See BHI Energy I Power Servs. LLC*, 730 F. Supp. 3d at 325. Therefore, even if Plaintiff had established the predicate elements, which Perryton ISD disputes, it would be insufficient to support his motion for an adverse inference jury instruction.

More importantly, Plaintiff offers no suggestion of what else the District could have done to make sure Wheeler produced all her text messages.  In all fairness to Plaintiff, there is nothing else Defendant or Brown could have done to secure Wheeler's text messages. School districts, as state actors, are bound by the United States Constitution and the Texas Constitution and school

employees, like all citizens, have a right to be free from unreasonable searches and seizures. U.S. Const. Amendment IV; Tex. Const. Art. I, Sec. 9. Therefore, Perryton ISD Board Policy concerning employee searches is consistent with federal law that a school district may only search an employee or an employee's property if: (1) there are reasonable grounds to believe that the search will turn up evidence that the employee is guilty of work-related misconduct; and (2) the search is reasonably related in scope to the circumstances that justified the interference in the first place. *O'Connor v. Ortega*, 480 U.S. 709 (1987); *New Jersey v. T.L.O*., 469 U.S. 325 (1985). S*ee contra Owens*, 695 F. Supp. 3d at 759 (holding that university failed to take meaningful steps to preserve evidence when it did not make a back-up of ESI stored on university owned cell phones after coaches returned them to the university upon leaving their positions).

In the instant case, Wheeler owned her mobile phone on which the messages were stored. It was her personal property. Appx. 021 (Wheeler Affidavit at ¶ 8). Brown asked Wheeler whether she was aware of her obligation to preserve evidence, which she acknowledged and stated she would provide him with such evidence as directed. Appx. 003 (Brown Affidavit at ¶ 8); Appx. 021 (Wheeler Affidavit at ¶ 8). Therefore, absent some proof that Wheeler was destroying evidence or engaged in some other work-related misconduct, Brown could not lawfully search Wheeler's personal devices to ensure compliance with the litigation hold. *See O'Connor*, 480 U.S. at 725-726. In fact, Wheeler turned over hundreds of her text messages with Cole Underwood to Brown, all of which were turned over to Plaintiff's counsel and which Plaintiff has provided to the Court. ECF No. 47 at 45-141. Even if the Court identifies additional efforts the District could have made to secure ESI in this matter, any such failures would reflect negligence, not intentional conduct, which is insufficient to support the sanction requested by Plaintiff. *See Richard,* 2016 WL 5477750, at *4.

Page 14

Plaintiff also makes an improper attempt to infer that Defendant deleted the text messages in bad faith. Plaintiff suggests that the "only reasonable <u>inference</u> that one can draw from Wheeler and Defendant's failure to preserve the original text messages – evidence which is critical to this case – is that Wheeler, who is an administrator for Defendant, did not want the Court or the jury to see those text messages and assess for themselves the facts and circumstances of the alleged facts and liability of Defendant at issue." ECF 46 at 10 (emphasis added). Plaintiff's allegation that the text messages are "critical to this case" is conclusory and unsupported. Regardless, an inference is insufficient proof to support a finding of a party's intent to deprive under Federal Rule of Civil Procedure 37(e)(2). *See BHI Energy I Power Servs. LLC*, 730 F. Supp. 3d at 325. And no such inference would be reasonable based on the facts presented by Wheeler's testimony and the actions of Perryton ISD.

Plaintiff further asserts, without citation, that "Defendant and/or Brown did nothing to supervise Wheeler's production of her text messages with Underwood and Defendant." ECF No. 46 at 9. Plaintiff mistakenly attributes Wheeler's acts as those of Defendant; Wheeler is not a defendant in this matter and is not a policy maker of Defendant Perryton ISD. *See Doe v. Dallas Indep. Sch. Dist*., 153 F.3d 211, 216 (5th Cir. 1998). Further it is clear, even to Plaintiff, that Brown took every reasonable step to implement a litigation hold, monitor compliance, collect evidence, and recover evidence. ECF No. 46 at 8 ("This is further confirmed by the fact that [Wheeler's] deletion came after repeated instruction from Brown over a several-month period not to delete any text messages and to produce text messages even if there was a question of relevance, . . ..."). Plaintiff cannot logically argue that Wheeler acted in bad faith by ignoring Brown's repeated directives and attempts to collect the text messages and then on the next page argue to the contrary that Brown did nothing to supervise Wheeler's production of her text messages.  Plaintiff is

speaking out of both sides of his mouth in an effort to garner relief to which he is not entitled. The efforts taken by Brown, as explained by Plaintiff's attorney, are corroborated by Brown and Wheeler. Appx. 002-003 (Brown Affidavit at ¶ 4-9); Appx. 020-021 (Wheeler Affidavit at ¶ 4-8).

Despite the irrelevance of the deleted text messages, the District still initiated attempts to retrieve the deleted messages. The Advisory Committee Notes on Rule 37(e) further provide that the effort made to restore or replace lost information should be proportional to the importance of the information to the claims and defenses in the litigation. Fed. R. Civ. P. 37(e), Advisory Committee Notes, 2015 Amendments. Plaintiff acknowledged that after learning that Wheeler deleted text messages, Perryton ISD instructed Wheeler to try to retrieve the messages. ECF No. 46 at 6. In an attempt to retrieve the lost messages, Wheeler contacted Apple and her phone company, Verizon. Appx. 022 (Wheeler Affidavit at ¶ 12-13). Apple and Verizon informed Wheeler that once she had deleted the messages from her phone, the messages could not be retrieved or recovered. *Id.* Therefore, the efforts made by Defendant to restore the text messages were proportionate to the importance of the messages as the deleted messages were not relevant to any claim or defense in Plaintiff's Complaint. Such efforts prevent a finding that Perryton ISD intended to deprive Plaintiff of the information.

3.    **Plaintiff failed to show any prejudice from the unproduced text messages.**

Under Rule 37(e), when there is no finding of an "intent to deprive," the court may still order measures to cure any prejudice that results from the loss of ESI; however, such measures should be no greater than necessary to cure the prejudice. *See* Fed. R. Civ. P. 37(e)(1). Prejudice exists if a party's ability to establish their claim or defense has been compromised. *See BHI Energy I Power Servs. LLC*, 730 F. Supp. 3d at 320–21. A determination of prejudice does not require

proof of intent; "a party need not act willfully, deliberately, intentionally, or with any objective or subjective bad faith." *Richard,* 2016 WL 5477750, at *4.

Despite the lower standard of proof under Rule 37(e)(1), Plaintiff still has not shown any prejudice as a result of the deleted text messages. Plaintiff acknowledges Perryton ISD produced nearly 100 pages of text messages between Wheeler and Underwood. *See* ECF No. 47 at 45-141. Plaintiff cannot establish prejudice by the deletion of other, irrelevant messages. More importantly, Plaintiff provided no evidence of any effort to obtain the messages from the counterparty to the text messages. *BHI Energy I Power Servs. LLC,* 730 F. Supp. 3d at 326 (holding that BHI was not prejudiced by the deletion of text messages because it could have obtained the same information from the counterparty to the text messages). Likewise, Plaintiff failed to provide any evidence that that his ability to prove his claim has been compromised due to the deletion of the text messages. Plaintiff had the opportunity to engage in additional discovery to obtain any allegedly relevant information from other means. As shown by exceeding the number of depositions permitted under Federal Rule of Civil Procedure 30, Plaintiff had ample opportunity to gather additional evidence to prove his claim. There has been no prejudice.

## III.    PRAYER

WHEREFORE, premises considered, Defendant Perryton Independent School District prays that this Court deny Plaintiff's request for an Adverse Inference Jury Instruction based on Spoliation of Critical Evidence and that it be awarded any other relief to which it may be entitled, be it legal or equitable.

Dated: April 17, 2026

Respectfully submitted,

*/s/ Slater C. Elza*
Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
Fred A. Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
UNDERWOOD LAW FIRM P.C.
P.O. Box 9158
Amarillo, Texas  79105
Tel:  (806) 376-5613
Fax:  (806) 379-0316

Janet Sobey Bubert
State Bar No. 24036281
janet.bubert@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
600 Bailey Avenue, Suite 200
Fort Worth, Texas  76107
Tel: (817) 885-7529
Fax: (817) 439-9922

**ATTORNEYS FOR DEFENDANT
PERRYTON INDEPENDENT SCHOOL DISTRICT**

*/s/ Slater C. Elza*
Slater C. Elza

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 17th day of April, 2026.

*/s/ Slater C. Elza*

Page 18