**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **S.J., as Parent, Conservator,** | § | |
| **and Next Friend of N.J.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **PERRYTON INDEPENDENT** | § | **CASE NO. 2:24-cv-00168-Z** |
| **SCHOOL DISTRICT, and** | § | |
| | § | |
| **COLE UNDERWOOD,** | § | |
| **Individually and in his official** | § | |
| **capacity as Athletic Director of** | § | |
| **Perryton ISD,** | § | |
| | § | |
| **Defendants.** | § | |

---

**APPENDIX**
**TO DEFENDANT PERRYTON INDEPENDENT SCHOOL DISTRICT'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR ADVERSE INFERENCE**
**JURY INSTRUCTION BASED ON SPOLIATION OF CRITICAL EVIDENCE**

---

Defendant Perryton Independent School District files this Appendix to Defendant's

Response to Plaintiff's Motion for Adverse Inference Jury Instruction Based on Spoliation of

Critical Evidence.[1] To assist the Court in its review of the documents included in the Appendix,

Defendants include the following table reference:

| Exhibit | Document | Page |
|---|---|---|
| A. | Affidavit of Greg Brown | 001 |
| | Exhibit 1 – Preservation of Evidence Notice from Goodwin/Lewis, PLLC, dated May 6, 2024 | 005 |
| | Exhibit 2 – Email from Greg Brown to Perryton ISD Staff, dated May 9, 2024, with Litigation Hold Memo dated May 7, 2024 | 008 |

---

[1] The exhibits in this Appendix have been redacted in compliance with FRCP 5.2. Further, Defendant has included only excerpts of those deposition transcript pages cited in Defendant's Response. Full transcripts will be submitted upon request.

| Exhibit | Document | Page |
|---------|----------|------|
| | Exhibit 3 – Email from Greg Brown to Perryton ISD Staff, dated June 11, 2024, with Litigation Hold Memo dated June 10, 2024 | 012 |
| | Exhibit 4 – Email from Greg Brown to Perryton ISD Staff, dated December 4, 2024 | 016 |
| | Exhibit 5 – Email from Greg Brown to Sandi Wheeler, dated February 6, 2026 | 017 |
| B. | Affidavit of Sandi Wheeler | 019 |
| | Exhibit 1 – Email from Greg Brown to Perryton ISD Staff, dated May 9, 2024, with Litigation Hold Memo dated May 7, 2024 | 024 |
| | Exhibit 2 – Email from Greg Brown to Perryton ISD Staff, dated June 11, 2024, with Litigation Hold Memo dated June 10, 2024 | 028 |
| | Exhibit 3 – Email from Greg Brown to Perryton ISD Staff, dated December 4, 2024 | 032 |
| | Exhibit 4 – Email from Greg Brown to Sandi Wheeler, dated February 6, 2026 | 033 |
| C. | Excerpts from Greg Brown Deposition Transcript | 035 |
| D. | Excerpts from Sandi Wheeler Deposition Transcript | 039 |
| E. | Certificate of Conference Emails for Plaintiff's Motion, dated March 26, 2026 | 045 |

Respectfully submitted,

/s/ *Slater C. Elza*

Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
Fred A. Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
**UNDERWOOD LAW FIRM P.C.**
P.O. Box 9158
Amarillo, TX 79105
Tel:  (806) 376-5613
Fax:  (806) 379-0316

Janet Sobey Bubert
State Bar No. 24036281
janet.bubert@uwlaw.com
**UNDERWOOD LAW FIRM, P.C.**
600 Bailey Avenue, Suite 200
Fort Worth, TX  76107
Tel: (817) 885-7529
Fax: (817) 439-9922

ATTORNEYS FOR DEFENDANT,
PERRYTON INDEPENDENT SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties of record via the Court's Electronic Filing System on the 17th day of March, 2026.

/s/ *Slater C. Elza*
Slater C. Elza

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| S.J., as Parent, Conservator, and Next Friend of N.J., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| PERRYTON INDEPENDENT SCHOOL DISTRICT, and | § § § | CASE NO. 2:24-cv-00168-Z |
| COLE UNDERWOOD, Individually and in his official capacity as Athletic Director of Perryton ISD, | § § § § § § § | |
| Defendants. | § | |

**AFFIDAVIT OF GREG BROWN
IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
ADVERSE INFERENCE JURY INSTRUCTION
BASED ON SPOLIATION OF CRITICAL EVIDENCE**

STATE OF TEXAS          §
COUNTY OF OCHILTREE  §

**BEFORE ME**, the undersigned authority on this day personally appeared Greg Brown, who being duly sworn states on oath that:

1.      "My name is Greg Brown. I make this affidavit of my own personal knowledge, I am over the age of 21, and I am legally competent to make the same and to testify to the matters stated herein, which are true and correct.

2.      I am employed as the Superintendent of the Perryton Independent School District ('Perryton ISD' or the 'District'). I have been employed with the District since July 17, 2023.

3.      On May 6, 2024, I received a Preservation of Evidence Notice from the law firm Goodwin/Lewis, PLLC, which states in part ""[I] expect Perryton ISD to preserve *any and all*

**APPX. 001**

***relevant evidence*** regarding the Subject Incident" (emphasis in the original). *See* Exhibit 1 attached hereto.

4.      On May 9, 2024, I sent an email to all Perryton ISD staff members who may have information about the Subject Incident that was identified in the Preservation of Evidence Notice received from Goodwin/Lewis, PLLC, informing them of such Notice and providing a "Litigation Hold" memo.  The Litigation Hold memo directed that they, among other things, "***preserve both paper documents and electronically stored information that are relevant to this matter and are in your custody or control***."  *See* Exhibit 2 attached hereto (Emphasis in the original).

5.      In this email, I expressly stated, 'For now, here is what you need to do. Hold on to anything that you have that is related to Cole and the minor student in the allegation (text messages, emails in your personal email account, notes, pictures, etc...) and don't delete it. *Id.*  (Emphasis in the original).

6.      On June 11, 2024, I sent a follow-up email to the same Perryton ISD staff members who received the first Litigation Hold memo on May 9th to inform them of a second Preservation Notice from the attorneys representing N.J.'s mother, and I again provided instruction regarding the litigation hold. *See* Exhibit 3, attached hereto.

7.      On December 4, 2024, I sent an email to Perryton ISD staff members informing them that this lawsuit had been filed and that information pertaining to the lawsuit needed to be placed in electronic folders created by Perryton ISD so that this information could be provided to the District's legal counsel. *See* Exhibit 4 attached hereto. I directed employees to 'please upload everything that you have, even if you wonder if it's relevant' and I set a deadline of December 12, 2024, for this to be done.  *Id.*

**APPX. 002**

8.      A few days before the deadline, I noticed Ms. Sandi Wheeler, the Junior High Principal, had not uploaded any information yet.  I inquired of Ms. Wheeler about her progress and checked to see if she was having any problems uploading the information requested.  She assured me that she was gathering the information that was related to this matter and would provide it to me by the deadline, as I had directed. Based on Ms. Wheeler's assurances, I had no reason to believe she would withhold any information or would delete any messages. I checked Ms. Wheeler's folder on the deadline, and she had uploaded what appeared to be hundreds of messages between her and Cole Underwood and messages with other persons concerning Cole's relationship with N.J., this claim, or Cole's conduct with other female students.

9.      Following Ms. Wheeler's deposition in this case, I learned from the District's attorney that Ms. Wheeler had deleted some text messages between her and Cole Underwood that she believed to be irrelevant to this lawsuit.  On February 5, 2026, I met with Ms. Wheeler to discuss the deletion of the text messages. During this meeting, Ms. Wheeler explained that the text messages did not relate in any way to N.J., her relationship with Cole, Cole's conduct toward any other female students, or the claims in this case.  I admonished Ms. Wheeler for failing to follow my instructions as directed and I instructed Ms. Wheeler that she must make every effort to recover the deleted text messages. I emailed Ms. Wheeler on February 6, 2026, following our meeting and I reiterated my directive that she attempt to retrieve the lost text messages. *See* Exhibit 5 attached hereto.

10.     On or about February 12, 2026, Ms. Wheeler advised me that she contacted both Verizon and Apple about recovering the deleted messages, but the customer service representatives from each company told her that once she had deleted the message, the messages could not be recovered.

**APPX. 003**

Affidavit of Greg Brown                                                                                              3

11.    Further, Affiant saith naught."

_____
Greg Brown

**SUBSCRIBED AND SWORN TO BEFORE ME** by Greg Brown on this the 16th day of April, 2026.

_____
Printed or Stamped Name of Notary

_____
Notary Public, State of Texas



OCTAVIA URIBE
Notary ID # 129457979
My Commission Expires
12/15/2029

**APPX. 004**

Affidavit of Greg Brown                                                                 4

# GOODWIN / LEWIS

May 6, 2024

Tyler L. Gentry
tgentry@goodwinlewis.com

Kyle Goodwin
kgoodwin@goodwinlewis.com

*Sent via certified and electronic mail*

Perryton Independent School District ("Perryton ISD")
Attn: Greg Brown, Superintendent
PO Box 1048
Perryton, TX 79070-1048
gbrown@perrytonisd.com

Re:    *Cole Underwood and duty to preserve evidence*

## PRESERVATION OF EVIDENCE NOTICE

Mr. Brown,

Please be advised that my firm has been retained by the family of minor child, ██████ ██████ born ██████ 2008, relative to certain improper conduct that occurred between said minor child and former Perryton ISD employee and Athletic Director, Cole Underwood ("Subject Incident"). It is my understanding that Perryton ISD issued a *Press Release* on or about April 25, 2024 regarding the Subject Incident. Please be advised that my firm is currently in the process of investigating said conduct in preparation for impending formal litigation ("Subject Investigation").

By this correspondence, please take notice that you are obligated to preserve any documents and electronically stored information in your possession, custody, or control that contains information that may be relevant to the Subject Incident or Subject Investigation. See *Brookshire Bros. v. Aldridge*, 438 S.W.3d 9 (Tex.2014) (you have a duty to preserve evidence when you know or reasonably should know that (1) there is a substantial chance that a claim will be filed and (2) evidence in your possession or control will be material and relevant to that claim). See also *In re Advanced Powder Solutions, Inc.*, 496 S.W.3d 838 (Tex. App.--Houston [1st Dist.] 2016, no pet.) ("When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises."). You are also required to retain any potentially relevant electronically stored information in the format in which it currently exists.

Although it is your responsibility to preserve *all* relevant information, the following sources are particularly likely to contain information relevant to the Subject Incident and Subject Investigation:

**APPX. 005**

420 NW 6th. Second Floor
Oklahoma City, OK 73102          (405) 900-5700          Goodwinlewis.com

Exhibit 1

1. The complete employment file for Cole Underwood at Perryton ISD, including, but not limited to, any and all information and documentation received from Amarillo Independent School District either before or after Cole Underwood was hired.

2. Information found on computers, cell phones, or data storage devices used by Cole Underwood.

3. All correspondence, including emails, sent to and from Cole Underwood.

4. All correspondence, including emails, sent to and from any other employee of Perryton ISD regarding Cole Underwood, the Subject Incident, or similar incidents/concerns.

5. All correspondence, including emails, sent to and from any other individual, such as a student, parent or other member of the community, regarding Cole Underwood, the Subject Incident, or similar incidents/concerns.

6. All voice mail for Cole Underwood.

7. All video footage recorded of Cole Underwood on any security cameras maintained by Perryton ISD.

8. Any and all applicable school policies and procedures to the Subject Incident.

Note, the above list is not exhaustive, and I expect Perryton ISD to preserve *any and all relevant evidence* regarding the Subject Incident. In order to preserve this information, it is critical that you suspend any document deletion and destruction policies that may result in the destruction of any relevant information and documentation, including electronically stored information and documentation, and put in place a *litigation hold* to ensure the preservation of relevant information and documentation.

Failure to comply with your preservation obligations may be considered spoliation of evidence and may subject Perryton ISD to, *inter alia*, sanctions by a Court. **Please confirm receipt of this correspondence at your earliest convenience**. If you have any questions about this correspondence, I can be reached at (405) 900-5700 or tgentry@goodwinlewis.com.

Best regards,

Tyler L. Gentry
Attorney at Law

2

**APPX. 006**

TLG/rh

cc:      Client

**APPX. 007**

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Thu, May 9, 2024 at 1:37 PM
Subject: preserve the evidence
To: Donna Hale <dhale@perrytonisd.com>, Ivan Altamirano <ialtamirano@perrytonisd.com>, Tori Little <tlittle@perrytonisd.com>, Francisca Zavala <fzavala@perrytonisd.com>, Sandi Wheeler <swheeler@perrytonisd.com>, Courtney Jenkins <cjenkins@perrytonisd.com>, Rhyan Daugherty <rdaugherty@perrytonisd.com>, Zoe Salazar <zsalazar@perrytonisd.com>, Abbigayle Harris <aharris@perrytonisd.com>, Frank Pacheco <fpacheco@perrytonisd.com>, Garret Townsend <gtownsend@perrytonisd.com>, Anthony Rios <arios@perrytonisd.com>, Tessa Powell <tpowell@perrytonisd.com>, Toby C Brown <tcbrown@perrytonisd.com>, Tabatha O'Dell <todell@perrytonisd.com>, Chris Simmons <cmsimmons@perrytonisd.com>, Casey Arruda <carruda@perrytonisd.com>, Brady Fletcher <bfletcher@perrytonisd.com>, Staci Erickson <serickson@perrytonisd.com>, Jesus Ramirez <jramirez@perrytonisd.com>, Maribel Murillo <mmurillo@perrytonisd.com>, Klaudia Johnson <kjohnson@perrytonisd.com>, Spencer Dutcher <sdutcher@perrytonisd.com>, Mac Hernandez <machernandez@perrytonisd.com>, Shaun Lynch <slynch@perrytonisd.com>, Maria Hernandez <mahernandez@perrytonisd.com>, Kami Appelhans <kappelhans@perrytonisd.com>, ABBY FEGER <afeger@perrytonisd.com>, Brianna Uribe <buribe@perrytonisd.com>, Shona Mount <smount@perrytonisd.com>, Kyle Vernor <kvernor@perrytonisd.com>, Deborah Molina <dmolina@perrytonisd.com>, Rachael Cano <rcano@perrytonisd.com>, Stacey Tanner <sttanner@perrytonisd.com>, Miguel Escobar <mescobar@perrytonisd.com>, Jibrael Washington <jwashington@perrytonisd.com>, Michael Pointer <mpointer@perrytonisd.com>

Attached to this email is a letter from our attorney. The reason for sending this is that we received a "preserve the evidence" letter from a law firm. This is a common practice and simply serves as a notice to keep things that might be needed in legal proceedings.Please don't worry or speculate on anything right now. We have to notify everyone that might have something that is needed so that none of it gets destroyed.

<u>For now, here is what you need to do. Hold on to anything that you have that is related to Cole and the minor student in the allegation (text messages, emails in your personal email account, notes, pictures, etc...) and don't delete it</u>. If you want to, you can begin gathering those things together because we might have to ask for them in the near future.

None of us wants to be in this position, but it's important that we follow through with this request. Thank you to each of you! Keep doing great things for the kids you see every day.

Greg



Greg Brown
**Greg Brown**
Superintendent

806.435.5478
gbrown@perrytonisd.com

**APPX. 008**

Exhibit 2

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.

El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

**APPX. 009**

# PERRYTON INDEPENDENT SCHOOL DISTRICT



**Greg Brown**
Superintendent

**Donna Hale**
Assistant Superintendent

**Britney Meraz**
Chief Financial Officer

**Liliana Medrano**
Administrative Assistant

**To:**      **Donna Hale, Ivan Altamirano, Tori Little, Francisca Zavala, Sandi Wheeler, Courtney Jenkins, Rhyan Daugherty, Zoe Salazar, Abbigayle Harris, Frank Pacheco, Garret Townsend, Anthony Rios, Tessa Powell, Toby Brown, Tabatha O'Dell, Christopher Simmons, Casey Arruda, Brady Fletcher, Staci Erickson, Jesus Ramirez, Maribel Murillo, Klaudia Johnson, Spencer Dutcher, Macario Hernandez, Shaun Lynch, Maria Hernandez, Kami Appelhans, Abigail Feger, Brianna Uribe, Shona Mount, Kyle Vernor, Deborah Molina, Rachael Vest, Stacey Tanner, Miguel Escobar, Michael Pointer, Jibrael Washington**

**From:**     **Greg Brown, Superintendent**

**Date:**     **May 7, 2024**

**Reason:**   **LITIGATION HOLD: Document and electronic information retention**

On May 6, 2024, the District received a Preservation of Evidence Notice from Goodwin/Lewis, PLLC, the attorneys for ███████████ **and her parents,** regarding Cole Underwood's inappropriate educator/student relationship with ██████ (the "**Claim**").

Until this matter is resolved, it is important that the District is able to make its paper and electronic files available to our lawyers and, if discovery requests are sent to us, available to the lawyers representing the ██████ family. ***It is crucial that you take affirmative steps to preserve both paper documents and electronically stored information that are relevant to this matter and that are in your custody or control.*** The failure to preserve these materials could be detrimental to the District's position. We request that you immediately suspend any normal retention and destruction policies for documents, electronically stored information, and tangible things and that you **preserve and retain all documents, electronically stored information, and tangible things relating to the Claim**.

You may have in your possession, custody, or control documents, information, and electronically or digitally stored information relating to the **Claim**. Electronic or digital information may be on your laptop, hard drive, thumb drives, Zip disks, CD-ROMs, CD-RWs, tape, cell phones, memory cards/sticks, or other electronic devices. Until advised to the contrary, please preserve, retain, and protect all information relating to Coach Underwood, ██████████ her parents, and the **Claim**, including all hard copies of records or documents, along with electronic data. Do not destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data concerning or related to either this family or the **Claim**, and take the necessary steps to preserve such data indefinitely.

**APPX. 010**



For purposes of this notice, "electronic data" or "electronic evidence" shall include, but not be limited to, all text files (including word processing documents), emails with or about Coach Underwood or any member of the ████ family, presentation files concerning any matter related to the Claim (such as PowerPoint), spread sheets, e-mail files and information concerning e-mail files (including logs of e-mail history and usage, header information, and deleted files), video, pictures, photos or graphical files, audio recordings (including voicemail or messages) in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, and all file fragments and backup files containing electronic data.

The above list is intended to give examples of the types of records that you should retain and may not be an exhaustive list.  Unless and until you are notified otherwise by me, ***do not discard documents or electronically stored information that is relevant to the Claim or claims.  Do not delete, overwrite, alter, or destroy such materials.***

Please contact me at (806) 435-5478 if you have any questions regarding these instructions. Also, please contact me immediately if there are any other people at the District you believe may have paper or electronic information relating to this matter.  Allow me to make contact with such person(s).

To avoid distractions and workplace disruptions, the District requests that any communications (verbal or written) concerning this memorandum and preserving information be conducted professionally, and that these communications be made only when necessary to further the purpose of this memorandum.

Thank you in advance for your cooperation.  You should print two copies of this memorandum. Keep one copy for your future reference, and please sign the other copy and return it to me.

Again, please contact me immediately if you have any questions.

---

By signing below, I acknowledge that I received this memorandum and agree to follow the instructions set forth herein.  In the event I have questions or am uncertain as to what is required by this memorandum, I agree to contact the Superintendent, Greg Brown.

_____    _____
Signature                                                                    Date


_____
Printed Name and Title

**APPX. 011**

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Tue, Jun 11, 2024 at 1:27 PM
Subject: Preserve Evidence
To: Donna Hale <dhale@perrytonisd.com>, Ivan Altamirano <ialtamirano@perrytonisd.com>, Tori Little <torilittle@perrytonisd.com>, Francisca Zavala <fzavala@perrytonisd.com>, Sandi Wheeler <swheeler@perrytonisd.com>, Courtney Jenkins <cjenkins@perrytonisd.com>, Paige Waide <pwaide@perrytonisd.com>, Randi Cunningham <rcunningham@perrytonisd.com>, Rhyan Daugherty <rdaugherty@perrytonisd.com>, alexandrasalazar078@gmail.com <alexandrasalazar078@gmail.com>, abbigayle.harris22@gmail.com <abbigayle.harris22@gmail.com>, Frank Pacheco <fpacheco@perrytonisd.com>, Garret Townsend <gtownsend@perrytonisd.com>, Anthonyrios80@gmail.com <Anthonyrios80@gmail.com>, Tessa Powell <tpowell@perrytonisd.com>, Toby C Brown <tcbrown@perrytonisd.com>, Tabatha O'Dell <todell@perrytonisd.com>, Chris Simmons <cmsimmons@perrytonisd.com>, Casey Arruda <carruda@perrytonisd.com>, Brady Fletcher <bfletcher@perrytonisd.com>, Staci Erickson <serickson@perrytonisd.com>, Jesus Ramirez <jramirez@perrytonisd.com>, Maribel Murillo <mmurillo@perrytonisd.com>, <klaudj12@gmail.com>, <spdutch75@gmail.com>, Mac Hernandez <machernandez@perrytonisd.com>, Shaun Lynch <slynch@perrytonisd.com>, Maria Hernandez <mahernandez@perrytonisd.com>, Kami Appelhans <kappelhans@perrytonisd.com>, ABBY FEGER <afeger@perrytonisd.com>, Brianna Uribe <buribe@perrytonisd.com>, Shona Mount <smount@perrytonisd.com>, Kyle Vernor <kvernor@perrytonisd.com>, <debmolina13@gmail.com>, Rachael Cano <rcano@perrytonisd.com>, Stacey Tanner <sttanner@perrytonisd.com>, Miguel Escobar <mescobar@perrytonisd.com>, <mpointer1968@gmail.com>, Jibrael Washington <jwashington@perrytonisd.com>

 Attached to this email is a letter from our attorney. The reason for sending this is that we received an additional  "preserve the evidence" letter from a law firm. This is a common practice and simply serves as a notice to keep things that might be needed in legal proceedings. This is similar to the letter that you received earlier this year from me. And just like then, Please don't worry or speculate on anything right now. We have to notify everyone that might have something that is needed so that none of it gets destroyed.

For now, here is what you need to do. Hold on to anything that you have that is related to Cole and the minor student in the allegation (text messages, emails in your personal email account, notes, pictures, etc...) and don't delete it. If you want to, you can begin gathering those things together because we might have to ask for them in the near future.

None of us wants to be in this position, but it's important that we follow through with this request. I hope you are having a great summer and getting some much needed rest.

Greg

Exhibit 3



**Greg Brown**
**Superintendent**

806.435.5478
gbrown@perrytonisd.com

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.

El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

**APPX. 013**

To:            **Donna Hale, Ivan Altamirano, Tori Little, Francisca Zavala, Sandi Wheeler, Courtney Jenkins, Paige Waide, Randi Cunningham, Rhyan Daugherty, Zoe Salazar, Abbigayle Harris, Frank Pacheco, Garret Townsend, Anthony Rios, Tessa Powell, Toby Brown, Tabatha O'Dell, Christopher Simmons, Casey Arruda, Brady Fletcher, Staci Erickson, Jesus Ramirez, Maribel Murillo, Klaudia Johnson, Spencer Dutcher, Macario Hernandez, Shaun Lynch, Maria Hernandez, Kami Appelhans, Abigail Feger, Brianna Uribe, Shona Mount, Kyle Vernor, Deborah Molina, Rachael Vest, Stacey Tanner, Miguel Escobar, Michael Pointer, Jibrael Washington**

From:        **Greg Brown, Superintendent**

Date:        **June 10, 2024**

Reason:      **LITIGATION HOLD: Document and electronic information retention**

On June 7, 2024, the District received a Preservation of Evidence Notice from the Turley Law Firm, attorneys for ▮▮▮▮▮▮ **for injuries her daughter** ▮▮▮▮▮▮▮▮ **sustained,** regarding Cole Underwood's alleged inappropriate educator/student relationship with ▮▮▮▮ (the "**Claim**").  This notice to preserve evidence is in addition to the one the District received on May 6, 2024 from Goodwin/Lewis, PLLC, the attorneys for the ▮▮▮▮ family.

Until this matter is resolved, it is important that the District is able to make its paper and electronic files available to our lawyers and, if discovery requests are sent to us, available to the lawyers representing the ▮▮▮▮▮ and her daughter.  ***It is crucial that you take affirmative steps to preserve both paper documents and electronically stored information that are relevant to this matter and that are in your custody or control.***  The failure to preserve these materials could be detrimental to the District's position.  If you have not already done so, you are directed to immediately suspend any normal retention and destruction policies for documents, electronically stored information, and tangible things and that you **preserve and retain all documents, electronically stored information, and tangible things relating to the Claim**.

You may have in your possession, custody, or control documents, information, and electronically or digitally stored information relating to the **Claim**.  Electronic or digital information may be on your laptop, hard drive, thumb drives, Zip disks, CD-ROMs, CD-RWs, tape, smart phones, memory cards/sticks, or other electronic devices.  Until advised to the contrary, please preserve, retain, and protect all information relating to Coach Underwood, ▮▮▮▮▮▮, either of her parents, and the **Claim**, including all hard copies of records or documents, along with electronic data.  Do not destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data concerning or related to either this family or the **Claim**, and take the necessary steps to preserve such data indefinitely.

For purposes of this notice, "electronic data" or "electronic evidence" shall include, but not be limited to, all text files (including word processing documents), emails with or about Coach Underwood or any member of the ███████ family or ████████, presentation files concerning any matter related to the Claim (such as PowerPoint), spread sheets, e-mail files and information concerning e-mail files (including logs of e-mail history and usage, header information, and deleted files),  video, pictures, photos or graphical files, audio recordings (including voicemail or messages) in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, and all file fragments and backup files containing electronic data.

The above list is intended to give examples of the types of records that you should retain and it may not be exhaustive.  Unless and until you are notified otherwise by me, ***do not discard documents or electronically stored information that is relevant to the Claim or claims.  Do not delete, overwrite, alter, or destroy such materials.***

Please contact me at (806) 435-5478 if you have any questions regarding these instructions.  Also, please contact me immediately if there are any other people at the District you believe may have paper or electronic information relating to this matter.  Allow me to make contact with such person(s).

To avoid distractions and workplace disruptions, the District requests that any communications (verbal or written) concerning this memorandum and preserving information be conducted professionally, and that these communications be made only when necessary to further the purpose of this memorandum.

Thank you in advance for your cooperation.  You should print two copies of this memorandum. Keep one copy for your future reference, and please sign the other copy and return it to me at the Central Administrative office, by mail to P.O. Box 1048, Perryton, TX 79070, or via email at gbrown@perrytonisd.com.

Again, please contact me immediately if you have any questions.

---

By signing below, I acknowledge that I received this memorandum and agree to follow the instructions set forth herein.  In the event I have questions or am uncertain as to what is required by this memorandum, I agree to contact the Superintendent, Greg Brown.


_____          _____
Signature                                                    Date


_____
Printed Name and Title


**APPX. 015**

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Wed, Dec 4, 2024 at 1:45 PM
Subject: Documents Collection
To: Sandi Wheeler <swheeler@perrytonisd.com>

As you remember, we received a "save the evidence" letter from a group of attorneys who have filed a lawsuit against Perryton ISD. We have received a discovery request from them and so the time has come for us to begin to collect all of the documents, photos, screenshots, text conversations, etc.... That pertains to the lawsuit.

We have created a private folder for you in order to collect the documentation. Below, you will see a link to that folder. Please begin to copy all the documentation that you have that applies to Cole Underwood and ▆▆▆▆▆▆▆ into the folder. Please upload everything that you have, even if you wonder if it's relevant. Our attorneys will be going through it before it becomes a part of the lawsuit and it could be a problem for us if we find out later that evidence exists that we didn't have when we collected. So, please upload everything.

Download documents here

We need to have everything uploaded into the folder by next Thursday, December 12. We are under a deadline to have everything ready, so please don't delay in getting your documentation submitted.

This is not a pleasant process to go through and I'm sorry that it is taking extra time. But I'm grateful to each of you for your commitment and dedication to our kids and our school. And let's continue to remember that these were the actions of one corrupt individual, and they do not speak to the quality and integrity of who we are as the people of Perryton ISD.

If you have any questions, please don't hesitate to email or call me. Many thanks to you.

Greg



**Greg Brown**
Superintendent

806.435.5478
gbrown@perrytonisd.com

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.
El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

**APPX. 016**

Exhibit 4

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Fri, Feb 6, 2026 at 11:44 AM
Subject: Follow up to our conversation
To: Sandi Wheeler <swheeler@perrytonisd.com>

Sandi, this is a follow up to our conversation on Thursday, February 6, 2026, where we talked about two topics that needed addressing.

First, we talked about the deletion of text messages. As I stated, the deletion of the text messages between you and Cole Underwood has created a grave vulnerability for the district in our continued litigation with Mr. ████████ I'm grateful for your efforts to retrieve those messages and I hope that when we receive them it will solidify our defence. But by not having those texts, the possibility that an administrator knew about the abuse before it was reported becomes plausible. While I don't believe that is the case, without the actual texts we don't have the evidence to disprove it. As administrators, we will all face moments where the right decision is uncomfortable, but our responsibility is to be honest and transparent so that we are protecting our students, as well as our personal and corporate integrity.

Second, we talked about the incident at the basketball game on February 3, 2026. While I understand your intent was to address students being on the floor, the way it was handled—yelling across the gym from the stands—was not the right approach. In those moments, how we carry ourselves matters just as much as what we are trying to accomplish. There are ways to address situations firmly while still maintaining the calm, professional presence that I expect of someone in your role. In a public setting, especially with community members and board members present, that standard becomes even more important.

As I have told you, I'm generally pleased with how you are leading PJH, but these two actions fall below my expectations of a leader in the district. I believe that my responsibility is to support you, and it is a responsibility that I take seriously and willingly. However, my ability to do that depends on your judgment and professionalism in moments like these. As I said in our meeting, you have to keep me in a position that I can support you.

As a reminder, I asked you to reflect on these experiences and share what you have learned from them at our next coaching session. I want you to think honestly about what these situations taught you and what you will do differently moving forward. The purpose of that reflection is growth for I believe that meaningful reflection is one of the most important parts of leadership development. I look forward to hearing your thoughts.

Please take a moment and send a simple reply to this email to acknowledge that you have received it.

Thank you, Sandi.                                                                        **APPX. 017**

Exhibit 5

Greg



**Greg Brown**
**Superintendent**

806.435.5478
gbrown@perrytonisd.com

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.

El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

**APPX. 018**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

S.J., as Parent, Conservator,           §
and Next Friend of N.J.,                §
                                        §
                                        §
                    Plaintiff,          §
v.                                      §
                                        §
PERRYTON INDEPENDENT                    §          CASE NO. 2:24-cv-00168-Z
SCHOOL DISTRICT, and                    §
                                        §
COLE UNDERWOOD,                         §
Individually and in his official        §
capacity as Athletic Director of        §
Perryton ISD,                           §
                                        §
                    Defendants.         §

**AFFIDAVIT OF SANDI WHEELER
IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
ADVERSE INFERENCE JURY INSTRUCTION
BASED ON SPOLIATION OF CRITICAL EVIDENCE**

STATE OF TEXAS            §
COUNTY OF OCHILTREE  §


**BEFORE ME**, the undersigned authority on this day personally appeared Sandi Wheeler,

who being duly sworn states on oath that:

1.      "My name is Sandi Wheeler. I make this affidavit of my own personal knowledge,

I am over the age of 21, and I am legally competent to make the same and to testify to the matters

stated herein, which are true and correct.

**APPX. 019**

Affidavit of Sandi Wheeler                                                                1

2.      I am employed as the Junior High Principal of the Perryton Independent School District ('Perryton ISD' or the 'District'). I have been employed with the District since August of 2021.

3.      I worked with Cole Underwood at Perryton ISD from August 2022 through April of 2024, until he resigned from Perryton ISD.  During this time, we became close work friends and he coached my son in football. We would text message each other frequently about personal matters and about our coworkers.  After I learned that Cole Underwood was having a sexual relationship with N.J., I blocked his number so he could not text me and I have not had any communication with Cole since April 24, 2024.

4.      On May 9, 2024, I received an email from Superintendent Greg Brown notifying me of a Preservation Notice received from Goodwin/Lewis, PLLC and providing instructions about a litigation hold and directing me to preserve all documents, including electronically stored information on personal devices, that was related to N.J. and Cole Underwood or the relationship between N.J. and Cole Underwood. *See* Exhibit 1 attached hereto.

5.      The email stated, 'For now, here is what you need to do. Hold on to anything that you have that is related to Cole and the minor student in the allegation (text messages, emails in your personal email account, notes, pictures, etc...) and don't delete it.' *See* Exhibit 1.

6.      On June 11, 2024, I received a follow-up email from Superintendent Brown informing me of a second Preservation Notice and providing instruction regarding the litigation hold. *See* Exhibit 2 attached hereto.

7.      On December 4, 2024, I received an email from Superintendent Brown informing me that this lawsuit had been filed and that information pertaining to the lawsuit needed to be

**APPX. 020**

Affidavit of Sandi Wheeler                                                                          2

placed in electronic folders created by Perryton ISD so that this information could be turned over to the District's legal counsel. *See* Exhibit 3 attached hereto. The email directed employees to 'please upload everything that you have, even if you wonder if it's relevant.' *Id.* The deadline for uploading this information was December 12, 2024. *Id.*

8.    After I received Mr. Brown's December 4, 2024, email, I printed and began reviewing all my text messages with Cole Underwood, which were on my personal mobile phone. I separated the messages that mentioned N.J., pertained in any way to her relationship with Cole, or referenced Cole's interactions with other female students, from the messages that did not relate to this case. Due to the large number of messages, it took some time to sort everything. As the deadline to turn over this information approached, Mr. Brown inquired about my progress and checked to see if I was having any problems. I assured him that I had the information and would provide it to him by the deadline. I determined which messages fell in the categories requested in Mr. Brown's email and uploaded them to the electronic folder as he directed.

9.    While reviewing my text messages with Cole Underwood to give Mr. Brown, I noticed some were group messages with other people that did not relate to this lawsuit and I did not upload those. A large number of my messages with Cole did not involve or relate in any way to N.J., Cole's relationship with her, or his conduct toward other female students. I did not believe these messages were relevant and did not fit within the categories of information requested by Mr. Brown. I did not provide these messages to Mr. Brown.

10.    The messages that I did not provide were personal in nature and involved discussions about and photos of my son. Other messages with Cole involved gossip and criticisms of Mr. Brown and other colleagues, District staff members, and parents. In many of these messages

**APPX. 021**

Affidavit of Sandi Wheeler                                                                 3

I used the word "fuck" or "shit" and used other obscenities like "dumbass" and "cunt" when referring to coworkers. I was extremely embarrassed by the unprofessional content of these communications and how frequently I texted Cole. I was afraid that if these messages were seen by Mr. Brown, it could have an adverse effect on my employment, destroy my reputation, and cause irreparable harm to my relationships with parents and coworkers. I was also deeply concerned about how this could appear to my husband and son. For these reasons, I deleted all the messages with Cole Underwood that I had not given to Mr. Brown.

11.    On February 5, 2026, following my deposition by S.J.'s attorney, I met with Mr. Brown to discuss why I deleted some of my text messages with Cole Underwood. During this meeting, I explained that I had delivered all the text messages that related in any way to N.J., her relationship with Cole, Cole's conduct toward any other female students, or the claims in this case. I advised Mr. Brown that I only deleted text messages to the extent they were not related to this lawsuit. Following our meeting, Mr. Brown emailed me on February 6, 2026, to direct me to attempt to retrieve the lost text messages. *See* Exhibit 4 attached hereto.

12.    On or about February 2, 2026, pursuant to a conversation with Mr. Brown prior to our February 5, 2026, meeting, I contacted Verizon Customer Support to attempt to recover the text messages. The Verizon representative informed me that once I had deleted the messages, they could not be recovered by Verizon.

13.    On or about February 9, 2026, pursuant to Mr. Brown's directive, I contacted Apple to attempt to recover the text messages. The Apple representative informed me that the text messages could not be recovered by Apple once I had deleted them from my phone.

**APPX. 022**

14.   Further, Affiant saith naught."



Sandi Wheeler

**SUBSCRIBED AND SWORN TO BEFORE ME** by Sandi Wheeler on this the 16th day of April, 2026.

Octavia Uribe
_____
Printed or Stamped Name of Notary



_____
Notary Public, State of Texas

OCTAVIA URIBE
Notary ID # 129457979
My Commission Expires
12/15/2029

**APPX. 023**

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Thu, May 9, 2024 at 1:37 PM
Subject: preserve the evidence
To: Donna Hale <dhale@perrytonisd.com>, Ivan Altamirano <ialtamirano@perrytonisd.com>, Tori Little <tlittle@perrytonisd.com>, Francisca Zavala <fzavala@perrytonisd.com>, Sandi Wheeler <swheeler@perrytonisd.com>, Courtney Jenkins <cjenkins@perrytonisd.com>, Rhyan Daugherty <rdaugherty@perrytonisd.com>, Zoe Salazar <zsalazar@perrytonisd.com>, Abbigayle Harris <aharris@perrytonisd.com>, Frank Pacheco <fpacheco@perrytonisd.com>, Garret Townsend <gtownsend@perrytonisd.com>, Anthony Rios <arios@perrytonisd.com>, Tessa Powell <tpowell@perrytonisd.com>, Toby C Brown <tcbrown@perrytonisd.com>, Tabatha O'Dell <todell@perrytonisd.com>, Chris Simmons <cmsimmons@perrytonisd.com>, Casey Arruda <carruda@perrytonisd.com>, Brady Fletcher <bfletcher@perrytonisd.com>, Staci Erickson <serickson@perrytonisd.com>, Jesus Ramirez <jramirez@perrytonisd.com>, Maribel Murillo <mmurillo@perrytonisd.com>, Klaudia Johnson <kjohnson@perrytonisd.com>, Spencer Dutcher <sdutcher@perrytonisd.com>, Mac Hernandez <machernandez@perrytonisd.com>, Shaun Lynch <slynch@perrytonisd.com>, Maria Hernandez <mahernandez@perrytonisd.com>, Kami Appelhans <kappelhans@perrytonisd.com>, ABBY FEGER <afeger@perrytonisd.com>, Brianna Uribe <buribe@perrytonisd.com>, Shona Mount <smount@perrytonisd.com>, Kyle Vernor <kvernor@perrytonisd.com>, Deborah Molina <dmolina@perrytonisd.com>, Rachael Cano <rcano@perrytonisd.com>, Stacey Tanner <sttanner@perrytonisd.com>, Miguel Escobar <mescobar@perrytonisd.com>, Jibrael Washington <jwashington@perrytonisd.com>, Michael Pointer <mpointer@perrytonisd.com>

Attached to this email is a letter from our attorney. The reason for sending this is that we received a "preserve the evidence" letter from a law firm. This is a common practice and simply serves as a notice to keep things that might be needed in legal proceedings.Please don't worry or speculate on anything right now. We have to notify everyone that might have something that is needed so that none of it gets destroyed.

For now, here is what you need to do. Hold on to anything that you have that is related to Cole and the minor student in the allegation (text messages, emails in your personal email account, notes, pictures, etc...) and don't delete it. If you want to, you can begin gathering those things together because we might have to ask for them in the near future.

None of us wants to be in this position, but it's important that we follow through with this request. Thank you to each of you! Keep doing great things for the kids you see every day.

Greg



Greg Brown
**Greg Brown**
Superintendent
806.435.5478
gbrown@perrytonisd.com

**APPX. 024**

Exhibit 1

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.

El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

**APPX. 025**

# PERRYTON INDEPENDENT SCHOOL DISTRICT



| **Greg Brown**<br>Superintendent | **Donna Hale**<br>Assistant Superintendent | **Britney Meraz**<br>Chief Financial Officer | **Liliana Medrano**<br>Administrative Assistant |
|---|---|---|---|

**To:** **Donna Hale, Ivan Altamirano, Tori Little, Francisca Zavala, Sandi Wheeler, Courtney Jenkins, Rhyan Daugherty, Zoe Salazar, Abbigayle Harris, Frank Pacheco, Garret Townsend, Anthony Rios, Tessa Powell, Toby Brown, Tabatha O'Dell, Christopher Simmons, Casey Arruda, Brady Fletcher, Staci Erickson, Jesus Ramirez, Maribel Murillo, Klaudia Johnson, Spencer Dutcher, Macario Hernandez, Shaun Lynch, Maria Hernandez, Kami Appelhans, Abigail Feger, Brianna Uribe, Shona Mount, Kyle Vernor, Deborah Molina, Rachael Vest, Stacey Tanner, Miguel Escobar, Michael Pointer, Jibrael Washington**

**From:** **Greg Brown, Superintendent**

**Date:** **May 7, 2024**

**Reason:** **LITIGATION HOLD: Document and electronic information retention**

On May 6, 2024, the District received a Preservation of Evidence Notice from Goodwin/Lewis, PLLC, the attorneys for ▮▮▮▮▮▮▮ **and her parents,** regarding Cole Underwood's inappropriate educator/student relationship with ▮▮▮ (the "**Claim**").

Until this matter is resolved, it is important that the District is able to make its paper and electronic files available to our lawyers and, if discovery requests are sent to us, available to the lawyers representing the ▮▮▮ family. *It is crucial that you take affirmative steps to preserve both paper documents and electronically stored information that are relevant to this matter and that are in your custody or control.* The failure to preserve these materials could be detrimental to the District's position. We request that you immediately suspend any normal retention and destruction policies for documents, electronically stored information, and tangible things and that you **preserve and retain all documents, electronically stored information, and tangible things relating to the Claim**.

You may have in your possession, custody, or control documents, information, and electronically or digitally stored information relating to the **Claim**. Electronic or digital information may be on your laptop, hard drive, thumb drives, Zip disks, CD-ROMs, CD-RWs, tape, cell phones, memory cards/sticks, or other electronic devices. Until advised to the contrary, please preserve, retain, and protect all information relating to Coach Underwood, ▮▮▮▮▮, her parents, and the **Claim**, including all hard copies of records or documents, along with electronic data. Do not destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data concerning or related to either this family or the **Claim**, and take the necessary steps to preserve such data indefinitely.

**APPX. 026**



For purposes of this notice, "electronic data" or "electronic evidence" shall include, but not be limited to, all text files (including word processing documents), emails with or about Coach Underwood or any member of the ███ family, presentation files concerning any matter related to the Claim (such as PowerPoint), spread sheets, e-mail files and information concerning e-mail files (including logs of e-mail history and usage, header information, and deleted files), video, pictures, photos or graphical files, audio recordings (including voicemail or messages) in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, and all file fragments and backup files containing electronic data.

The above list is intended to give examples of the types of records that you should retain and may not be an exhaustive list. Unless and until you are notified otherwise by me, ***do not discard documents or electronically stored information that is relevant to the Claim or claims. Do not delete, overwrite, alter, or destroy such materials.***

Please contact me at (806) 435-5478 if you have any questions regarding these instructions. Also, please contact me immediately if there are any other people at the District you believe may have paper or electronic information relating to this matter. Allow me to make contact with such person(s).

To avoid distractions and workplace disruptions, the District requests that any communications (verbal or written) concerning this memorandum and preserving information be conducted professionally, and that these communications be made only when necessary to further the purpose of this memorandum.

Thank you in advance for your cooperation. You should print two copies of this memorandum. Keep one copy for your future reference, and please sign the other copy and return it to me.

Again, please contact me immediately if you have any questions.

---

By signing below, I acknowledge that I received this memorandum and agree to follow the instructions set forth herein. In the event I have questions or am uncertain as to what is required by this memorandum, I agree to contact the Superintendent, Greg Brown.

_____          _____
Signature                                Date


_____
Printed Name and Title

**APPX. 027**

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Tue, Jun 11, 2024 at 1:27 PM
Subject: Preserve Evidence
To: Donna Hale <dhale@perrytonisd.com>, Ivan Altamirano <ialtamirano@perrytonisd.com>, Tori Little <torilittle@perrytonisd.com>, Francisca Zavala <fzavala@perrytonisd.com>, Sandi Wheeler <swheeler@perrytonisd.com>, Courtney Jenkins <cjenkins@perrytonisd.com>, Paige Waide <pwaide@perrytonisd.com>, Randi Cunningham <rcunningham@perrytonisd.com>, Rhyan Daugherty <rdaugherty@perrytonisd.com>, alexandrasalazar078@gmail.com <alexandrasalazar078@gmail.com>, abbigayle.harris22@gmail.com <abbigayle.harris22@gmail.com>, Frank Pacheco <fpacheco@perrytonisd.com>, Garret Townsend <gtownsend@perrytonisd.com>, Anthonyrios80@gmail.com <Anthonyrios80@gmail.com>, Tessa Powell <tpowell@perrytonisd.com>, Toby C Brown <tcbrown@perrytonisd.com>, Tabatha O'Dell <todell@perrytonisd.com>, Chris Simmons <cmsimmons@perrytonisd.com>, Casey Arruda <carruda@perrytonisd.com>, Brady Fletcher <bfletcher@perrytonisd.com>, Staci Erickson <serickson@perrytonisd.com>, Jesus Ramirez <jramirez@perrytonisd.com>, Maribel Murillo <mmurillo@perrytonisd.com>, <klaudj12@gmail.com>, <spdutch75@gmail.com>, Mac Hernandez <machernandez@perrytonisd.com>, Shaun Lynch <slynch@perrytonisd.com>, Maria Hernandez <mahernandez@perrytonisd.com>, Kami Appelhans <kappelhans@perrytonisd.com>, ABBY FEGER <afeger@perrytonisd.com>, Brianna Uribe <buribe@perrytonisd.com>, Shona Mount <smount@perrytonisd.com>, Kyle Vernor <kvernor@perrytonisd.com>, <debmolina13@gmail.com>, Rachael Cano <rcano@perrytonisd.com>, Stacey Tanner <sttanner@perrytonisd.com>, Miguel Escobar <mescobar@perrytonisd.com>, <mpointer1968@gmail.com>, Jibrael Washington <jwashington@perrytonisd.com>

 Attached to this email is a letter from our attorney. The reason for sending this is that we received an additional  "preserve the evidence" letter from a law firm. This is a common practice and simply serves as a notice to keep things that might be needed in legal proceedings. This is similar to the letter that you received earlier this year from me. And just like then, Please don't worry or speculate on anything right now. We have to notify everyone that might have something that is needed so that none of it gets destroyed.

For now, here is what you need to do. Hold on to anything that you have that is related to Cole and the minor student in the allegation (text messages, emails in your personal email account, notes, pictures, etc...) and don't delete it. If you want to, you can begin gathering those things together because we might have to ask for them in the near future.

None of us wants to be in this position, but it's important that we follow through with this request. I hope you are having a great summer and getting some much needed rest.

Greg

**APPX. 028**

Exhibit 2



Greg Brown

**Greg Brown**
**Superintendent**

806.435.5478
gbrown@perrytonisd.com

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.

El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

**APPX. 029**

**To:**  **Donna Hale, Ivan Altamirano, Tori Little, Francisca Zavala, Sandi Wheeler, Courtney Jenkins, Paige Waide, Randi Cunningham, Rhyan Daugherty, Zoe Salazar, Abbigayle Harris, Frank Pacheco, Garret Townsend, Anthony Rios, Tessa Powell, Toby Brown, Tabatha O'Dell, Christopher Simmons, Casey Arruda, Brady Fletcher, Staci Erickson, Jesus Ramirez, Maribel Murillo, Klaudia Johnson, Spencer Dutcher, Macario Hernandez, Shaun Lynch, Maria Hernandez, Kami Appelhans, Abigail Feger, Brianna Uribe, Shona Mount, Kyle Vernor, Deborah Molina, Rachael Vest, Stacey Tanner, Miguel Escobar, Michael Pointer, Jibrael Washington**

**From:**  **Greg Brown, Superintendent**

**Date:**  **June 10, 2024**

**Reason:**  **LITIGATION HOLD: Document and electronic information retention**

On June 7, 2024, the District received a Preservation of Evidence Notice from the Turley Law Firm, attorneys for ███████ **for injuries her daughter** ███████████ **sustained,** regarding Cole Underwood's alleged inappropriate educator/student relationship with █████ (the "**Claim**"). This notice to preserve evidence is in addition to the one the District received on May 6, 2024 from Goodwin/Lewis, PLLC, the attorneys for the ██████ family.

Until this matter is resolved, it is important that the District is able to make its paper and electronic files available to our lawyers and, if discovery requests are sent to us, available to the lawyers representing the ██████ and her daughter. *It is crucial that you take affirmative steps to preserve both paper documents and electronically stored information that are relevant to this matter and that are in your custody or control.* The failure to preserve these materials could be detrimental to the District's position. If you have not already done so, you are directed to immediately suspend any normal retention and destruction policies for documents, electronically stored information, and tangible things and that you **preserve and retain all documents, electronically stored information, and tangible things relating to the Claim**.

You may have in your possession, custody, or control documents, information, and electronically or digitally stored information relating to the **Claim**. Electronic or digital information may be on your laptop, hard drive, thumb drives, Zip disks, CD-ROMs, CD-RWs, tape, smart phones, memory cards/sticks, or other electronic devices. Until advised to the contrary, please preserve, retain, and protect all information relating to Coach Underwood, ███████████, either of her parents, and the **Claim**, including all hard copies of records or documents, along with electronic data. Do not destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data concerning or related to either this family or the **Claim**, and take the necessary steps to preserve such data indefinitely.

For purposes of this notice, "electronic data" or "electronic evidence" shall include, but not be limited to, all text files (including word processing documents), emails with or about Coach Underwood or any member of the ████ family or ████, presentation files concerning any matter related to the Claim (such as PowerPoint), spread sheets, e-mail files and information concerning e-mail files (including logs of e-mail history and usage, header information, and deleted files), video, pictures, photos or graphical files, audio recordings (including voicemail or messages) in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, and all file fragments and backup files containing electronic data.

The above list is intended to give examples of the types of records that you should retain and it may not be exhaustive. Unless and until you are notified otherwise by me, ***do not discard documents or electronically stored information that is relevant to the Claim or claims. Do not delete, overwrite, alter, or destroy such materials.***

Please contact me at (806) 435-5478 if you have any questions regarding these instructions. Also, please contact me immediately if there are any other people at the District you believe may have paper or electronic information relating to this matter. Allow me to make contact with such person(s).

To avoid distractions and workplace disruptions, the District requests that any communications (verbal or written) concerning this memorandum and preserving information be conducted professionally, and that these communications be made only when necessary to further the purpose of this memorandum.

Thank you in advance for your cooperation. You should print two copies of this memorandum. Keep one copy for your future reference, and please sign the other copy and return it to me at the Central Administrative office, by mail to P.O. Box 1048, Perryton, TX 79070, or via email at gbrown@perrytonisd.com.

Again, please contact me immediately if you have any questions.

---

By signing below, I acknowledge that I received this memorandum and agree to follow the instructions set forth herein. In the event I have questions or am uncertain as to what is required by this memorandum, I agree to contact the Superintendent, Greg Brown.


_____                    _____
Signature                                           Date


_____
Printed Name and Title


**APPX. 031**

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Wed, Dec 4, 2024 at 1:45 PM
Subject: Documents Collection
To: Sandi Wheeler <swheeler@perrytonisd.com>

As you remember, we received a "save the evidence" letter from a group of attorneys who have filed a lawsuit against Perryton ISD. We have received a discovery request from them and so the time has come for us to begin to collect all of the documents, photos, screenshots, text conversations, etc.... That pertains to the lawsuit.

We have created a private folder for you in order to collect the documentation. Below, you will see a link to that folder. Please begin to copy all the documentation that you have that applies to Cole Underwood and ███████████ into the folder. Please upload everything that you have, even if you wonder if it's relevant. Our attorneys will be going through it before it becomes a part of the lawsuit and it could be a problem for us if we find out later that evidence exists that we didn't have when we collected. So, please upload everything.

Download documents here

We need to have everything uploaded into the folder by next Thursday, December 12. We are under a deadline to have everything ready, so please don't delay in getting your documentation submitted.

This is not a pleasant process to go through and I'm sorry that it is taking extra time. But I'm grateful to each of you for your commitment and dedication to our kids and our school. And let's continue to remember that these were the actions of one corrupt individual, and they do not speak to the quality and integrity of who we are as the people of Perryton ISD.

If you have any questions, please don't hesitate to email or call me. Many thanks to you.

Greg



*Greg Brown*
**Greg Brown**
Superintendent

806.435.5478
gbrown@perrytonisd.com

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.
El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

APPX. 032

Exhibit 3

From: **Greg Brown** <gbrown@perrytonisd.com>
Date: Fri, Feb 6, 2026 at 11:44 AM
Subject: Follow up to our conversation
To: Sandi Wheeler <swheeler@perrytonisd.com>

Sandi, this is a follow up to our conversation on Thursday, February 6, 2026, where we talked about two topics that needed addressing.

First, we talked about the deletion of text messages. As I stated, the deletion of the text messages between you and Cole Underwood has created a grave vulnerability for the district in our continued litigation with Mr. ▮▮▮▮▮ I'm grateful for your efforts to retrieve those messages and I hope that when we receive them it will solidify our defence. But by not having those texts, the possibility that an administrator knew about the abuse before it was reported becomes plausible. While I don't believe that is the case, without the actual texts we don't have the evidence to disprove it. As administrators, we will all face moments where the right decision is uncomfortable, but our responsibility is to be honest and transparent so that we are protecting our students, as well as our personal and corporate integrity.

Second, we talked about the incident at the basketball game on February 3, 2026. While I understand your intent was to address students being on the floor, the way it was handled—yelling across the gym from the stands—was not the right approach. In those moments, how we carry ourselves matters just as much as what we are trying to accomplish. There are ways to address situations firmly while still maintaining the calm, professional presence that I expect of someone in your role. In a public setting, especially with community members and board members present, that standard becomes even more important.

As I have told you, I'm generally pleased with how you are leading PJH, but these two actions fall below my expectations of a leader in the district. I believe that my responsibility is to support you, and it is a responsibility that I take seriously and willingly. However, my ability to do that depends on your judgment and professionalism in moments like these. As I said in our meeting, you have to keep me in a position that I can support you.

As a reminder, I asked you to reflect on these experiences and share what you have learned from them at our next coaching session. I want you to think honestly about what these situations taught you and what you will do differently moving forward. The purpose of that reflection is growth for I believe that meaningful reflection is one of the most important parts of leadership development. I look forward to hearing your thoughts.

Please take a moment and send a simple reply to this email to acknowledge that you have received it.

Thank you, Sandi.

**APPX. 033**

Exhibit 4

Greg



**Greg Brown**
**Superintendent**

806.435.5478
gbrown@perrytonisd.com

Perryton ISD does not discriminate on the basis of race, color, national origin, sex, or disability in its programs or activities and provides equal access to the Boy Scouts and other designated youth groups. The following person has been designated to handle inquiries regarding the nondiscrimination policies: Brandy Tirey (btirey@perrytonisd.com), the school district's Title IX officer or Shelley Kile (skile@perrytonisd.com), the district's Section 504/ADA coordinator at (806) 435-5478.

El Distrito Escolar Independiente de Perryton no discrimina por motivos de raza, color, nacionalidad, sexo o discapacidad en sus programas o actividades, y ofrece igualdad de acceso a los Boy Scouts y otros grupos juveniles designados. La siguiente persona ha sido designada para atender consultas sobre las políticas antidiscriminatorias: Brandy Tirey (btirey@perrytonisd.com), funcionaria del Título IX del distrito escolar, o Shelley Kile (skile@perrytonisd.com), coordinadora de la Sección 504/ADA del distrito, al (806) 435-5478.

**APPX. 034**

Case 2:24-cv-00168-Z   Document 56   Filed 04/17/26   Page 38 of 48   PageID 1585
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Gregory Brown 02/17/2026

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

S.J. a Parent, Conservator,          )
and Next Friend of N.J.,             )
                                     )
          Plaintiff,                 )
                                     )
vs.                                  ) Case No. 2:24-CV-00168-Z
                                     )
PERRYTON INDEPENDENT SCHOOL          )
DISTRICT, and COLE UNDERWOOD,        )
Individually and in his             )
official capacity as Athletic        )
Director of Perryton ISD,            )
                                     )
          Defendants.                )

CONTINUATION OF THE DEPOSITION OF

GREGORY MARK BROWN

TAKEN ON BEHALF OF THE PLAINTIFFS

IN PERRYTON, TEXAS

ON FEBRUARY 17, 2026

WORD FOR WORD REPORTING, L.L.C.
620 NORTH ROBINSON
SUITE 202
OKLAHOMA CITY, OKLAHOMA  73102
(405)232-9673

REPORTED BY:  JENESSA KENDALL KALSU, CSR

APPX. 035

APPEARANCES

For the Plaintiff:

KYLE GOODWIN
Attorney at Law
420 N.W. 6th Street
Second Floor
Oklahoma City, Oklahoma  73102
kgoodwin@goodwinlewis.com


For the Defendant:

MR. SLATER ELZA
Attorney at Law
Post Office Box 9158
Amarillo, Texas  79105
slater.elza@uwlaw.com

APPX. 036

Case 2:24-cv-00168-Z    Document 56    Filed 04/17/26    Page 40 of 48    PageID 1587
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Gregory Brown 02/17/2026                                          Page 296



A    That name does not ring a bell.

Q    Were you aware that ████████ also apparently took pictures at the same time ███ did?

A    No.

Q    Have you looked through those pictures that ████ provided?

A    No.  As I said, I don't remember him providing any pictures.

Q    Have you done anything, subsequent to our last deposition, to investigate this further or do anything further?

A    No.

Q    Have you done anything about Sandi Wheeler's deletion of text messages?

A    Yes.

Q    What did you do?

A    Um, I've done two things:  One, I directed her to try to retrieve them; and I also issued a written reprimand to her for -- for deleting the text messages when she was instructed to turn over every communication between Cole Underwood and her as an administrator, regardless of the content. That was what was asked for in discovery.

Q    And where do we stand on retrieving those

APPX. 037

Case 2:24-cv-00168-Z   Document 56   Filed 04/17/26   Page 41 of 48   PageID 1588
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Gregory Brown 02/17/2026                                          Page 347

C E R T I F I C A T E

STATE OF OKLAHOMA        )
                        )  SS:
COUNTY OF OKLAHOMA       )


          I, JENESSA K. KALSU, a certified shorthand reporter within and for the State of Oklahoma, certify that GREGORY MARK BROWN, was by me sworn to testify the truth; that the deposition was taken by me in stenotype and thereafter transcribed by computer and is a true and correct transcript of the testimony of the witness; that the deposition was taken on the 17th day of February, 2026, in Perryton, Texas; that I am not an attorney for or a relative of any party, or otherwise interested in this action.

          Witness my hand and seal of office on this the 2nd day of March, 2026.

          _____
          JENESSA K. KALSU, CSR
          Oklahoma CSR No. 01654
          Expiration Date December 31, 2026

**APPX. 038**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

S.J., a Parent, Conservator,    )
and Next Friend of N.J.,        )
        Plaintiff,              )
                                )
vs.                             )     Case No. 2:24-CV-00168-Z
                                )
PERRYTON INDEPENDENT SCHOOL     )
DISTRICT, and                   )
                                )
COLE UNDERWOOD, Individually    )
and in his official capacity as )
Athletic Director of Perryton   )
ISD,                            )
        Defendants.            )

*********************************************

VIDEOTAPED AND ORAL DEPOSITION OF

SANDI WHEELER

HAD ON THE

24TH DAY OF SEPTEMBER, 2025

*********************************************

WORD FOR WORD REPORTING, L.L.C
620 NORTH ROBINSON, SUITE 202
OKLAHOMA CITY, OKLAHOMA 73102
(405)232-9673

REPORTED BY:  DARLA RILEY, CSR

APPX. 039

Case 2:24-cv-00168-Z    Document 56    Filed 04/17/26    Page 43 of 48    PageID 1590
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Sandi Wheeler 09/24/2025                                                    Page 2

                              APPEARANCES


   FOR THE PLAINTIFF:

   Mr. Tyler L. Gentry
   Mr. Kyle Goodwin
   GOODWIN LEWIS, PLLC
   420 Northwest 6th Street, Second Floor
   Oklahoma City, Oklahoma   73102
   (405) 900-5700



   FOR THE DEFENDANT, PERRYTON INDEPENDENT SCHOOL DISTRICT:

   Mr. Slater Elza
   UNDERWOOD LAW FIRM
   Post Office Box 9158
   Amarillo, Texas   79105
   (806) 376-5613
   (806) 379-0316 FAX



   Also Present:  Mr. ██████████████

   Mr. Brad Snyder, Videographer

                                                                    APPX. 040

Case 2:24-cv-00168-Z    Document 56    Filed 04/17/26    Page 44 of 48    PageID 1591
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Sandi Wheeler 09/24/2025                                                      Page 64

messages you were conspiring to delete messages?

A    Yes.

Q    And you were doing that in an effort to protect or defend him, right?

A    No.

Q    Why were you doing that then?

A    To protect myself.  I mean --

Q    So you couldn't get in trouble?

        MR. ELZA:  Hold on.  Let her finish.

Q    (By Mr. Gentry)  Go ahead.

A    I didn't want my boss to see me using the "F" word in texts with a colleague.

Q    Was that the only reason you intended --

A    Or --

Q    Sorry.  Go ahead.  I thought you were done.

A    I just didn't want my professionalism to be -- I -- I was aware that some of those -- those texts were less than professional regarding some of our coworkers, and I didn't want Mr. Brown to see that.

Q    Do you find it odd that your boss, Mr. Brown, is not in today's deposition?

        MR. ELZA:  Objection, form.

A    No.

Q    (By Mr. Gentry)  Why?

A    Because he's been made aware of all of that at this

**APPX. 041**

Case 2:24-cv-00168-Z    Document 56    Filed 04/17/26    Page 45 of 48    PageID 1592
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Sandi Wheeler 09/24/2025                                                    Page 95

A    Yes.

Q    I have reviewed these very much in detail.  And throughout and regularly there are text messages that appear to be missing.  Would you agree with me?

A    Yes.

Q    Why is that?

A    Because they are about fellow colleagues that don't have anything to do with this case.

Q    Okay.  So you took the liberty upon yourself to remove certain messages that you didn't think were relevant to this case?

A    Absolutely.

Q    Any issue if asked to produce all of those messages?

MR. ELZA:  Objection to form.

A    Yes, because they are not there anymore because I have deleted and blocked ever -- every -- all my correspondence with Cole.

Q    (By Mr. Gentry)  You deleted your messages with Cole Underwood during the pendency of this case?

A    After I printed them.  I was asked to save this stuff that was relevant to the case.

Q    Let's take a quick break before we get into these.  It's probably a good time.  This is going to take a moment.

THE VIDEOGRAPHER:  Going off the record at 11:12.

**APPX. 042**

Case 2:24-cv-00168-Z    Document 56    FILED 04/17/26    Page 46 of 48    PageID 1593
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Sandi Wheeler 09/24/2025                                                    Page 142

access to that?

A    We all share -- well, I shouldn't say we all.  We share our calendars with the people that are relevant to us.  As far as like on my campus I share my calendar with my assistant principal and my counselors and my secretary so that they are aware of when to schedule meetings, when we are available, that sort of thing.

So I can't speak for how he knew for sure, but I can say that my assumption is that their calendars are shared.  I share my calendar with Mr. Brown so he knows where I am and what's going on.

Q    Last couple of things here.  Back to your production of these text messages.  Were you supervised by anyone in any way with respect to your production?

A    Of the text messages?

Q    Uh-huh.

A    Like I said, no.  I mean, we were told to produce, and so I went through.  And if it had to do with Cole and ██████ I printed it.  I mean, I don't think you guys want the pictures of my son with his pickup and conversations that Cole should dress as Ted Lasso for Halloween.

Q    Did you have any questions of anyone at PISD about what to produce as you were going through there?

A    Not that I am aware of.

Q    Okay.  Did you ever question any kids about any of these

**APPX. 043**

Case 2:24-cv-00168-Z    Document 56    Filed 04/17/26    Page 47 of 48    PageID 1594
S.J. vs PERRYTON ISD and COLE UNDERWOOD
Sandi Wheeler 09/24/2025                                                    Page 144

CERTIFICATE


STATE OF OKLAHOMA      )
                       )              SS:
COUNTY OF BECKHAM      )


          I, Darla Riley, a Certified Court Reporter within and for the State of Oklahoma, do hereby certify that I reported all of the foregoing testimony, and that I later reduced it to typewritten form, as the same appears herein.

          I further certify that I am not a relative of, nor attorney for, nor clerk or stenographer for the attorneys, or any party to this litigation, and that I am not otherwise interested in the event of the same.

          I further certify that the above and foregoing typewritten pages contain a full, true, and correct transcript of my stenograph notes so taken, during said hearing.

          Witness my hand and seal this the 27th day of September, 2025.


*Darla Riley*
_____
Darla Riley, CSR
District Court Reporter
Certificate No. 1846

*Word for Word Reporting, LLC*
*405.232.9673 (OKC) | 918.583.9673 (TULSA)*

**From:** Slater Elza <Slater.Elza@uwlaw.com>
**Sent:** Thursday, March 26, 2026 2:01 PM
**To:** Tyler Gentry <tgentry@goodwinlewis.com>
**Cc:** Fred Stormer <Fred.Stormer@uwlaw.com>; Stefanie Grant <sgrant@goodwinlewis.com>; Kyle Goodwin <kgoodwin@goodwinlewis.com>; Brian Heinrich <Brian@mhrwp.com>
**Subject:** Re: ▮▮▮▮ (Perryton ISD) - Motion conference

Put us down as opposed.

Slater C. Elza
Underwood Law Firm

(w) 806-379-0347
(c) 806-206-0540

Sent from my iPhone


On Mar 26, 2026, at 1:55 PM, Tyler Gentry <tgentry@goodwinlewis.com> wrote:

All,

We intend to file our *Motion for Adverse Inference Jury Instruction Based on Spoliation of Critical Evidence and Brief in Support* (regarding deletion and unavailability of texts by Sandi Wheeler and Francisco Zavala) by tomorrow's deadline and I believe local rules require a Certificate of Conference therein indicating whether the Motion is unopposed or opposed. I tried calling and got your VM.

Can you please advise as to you all's position?

Thanks,

**Tyler L. Gentry**
*Attorney*
O:  (405) 900-5700
E:  tgentry@goodwinlewis.com
W: goodwinlewis.com
420 NW 6th, 2nd Floor | OKC, OK 73102

A BOUTIQUE LAW FIRM



**CONFIDENTIALITY NOTICE**
This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of Goodwin Lewis, PLLC which is "privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately.

**APPX. 045**